

NICK MAKREAS
271 Tulare Drive
San Bruno, CA 94066
(650) 591-3881
No Fax. No E-Mail
In Pro Se

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

EDL

NICK MAKREAS,

        Plaintiff,

Vs.

THE MOORE LAW GROUP, A.P.C. a
California corporation; Citibank (South
Dakota), N A , a business entity, form
unknown; DOES 1 through 25 INCLUSIVE,
et al.,

        Defendants.

Case No. CV 11 2406

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

1) 15 United States Code § 1692 et seq.
[Violations of Cal. Bus. & Prof. Code § 17200
et seq.];
2) 15 United States Code § 1681 et seq.
[Violations of Cal. Bus. & Prof. Code § 17200
et seq.];
3) California Civil Code § 1788 et seq.
[Violations of Cal. Bus. & Prof. Code § 17200
et seq ];
4) Cal. Bus. & Prof. Code § 17200 et seq.

## INTRODUCTION

1     This is an action for damages brought by an individual consumer for
Defendants' violations of the Fair Debt Collection Practices Act 15 U.S C. § 1692 et seq.,
(hereinafter "FDCPA"), Fair Credit Reporting Act 15 U.S.C. § 1681 et seq., (hereinafter

1

COMPLAINT

1   "FCRA"), and California Civil Code § 1788 et seq., (hereinafter "Rosenthal Act") which

2   prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

3       2.    Plaintiff brings this action in response to Defendants' continued collection

4   activities to collect an alleged debt, even after Plaintiff disputed said alleged debt as prescribed

5   in the FDCPA. Plaintiff denies having any agreement with the Defendants.

6       3.    The alleged account or any monies alleged to be owed are not in question here.

7   But, the fact as to how it was, or was not, "validated" by the Defendants. Plus, the wrongful

8   actions of the Defendants in an attempt to collect, and their erroneous and inaccurate reporting

9   of the alleged debt violated Plaintiff's civil rights and the law, as outlined in the FDCPA,

10  FCRA, the Rosenthal Act, and California Business and Professions Code § 17200.

11      4.    The State of California abides by and adheres to these laws. The Defendants are

12  governed under these laws.

13      5.    This action seeks redress for the unlawful and deceptive practices committed by

14  the Defendants and their agents and associates in connection with Defendants' efforts to collect

15  an alleged debt.

16                        **JURISDICTION**

17      6.    This court has jurisdiction to hear the FDCPA violations pursuant to 15 U.S.C. §

18  1692, FCRA pursuant to 15 U.S.C. § 1681, and supplemental jurisdiction exists for the state

19  law claims pursuant to 28 U.S.C. § 1367. Thus, federal subject matter jurisdiction is properly

20  founded upon 28 U.S.C. § 1331. This court also has supplemental jurisdiction over Plaintiff's

21  state law claims under 28 U.S.C. § 1367(a) and also lies in 28 U.S.C. § 1332, because the

22  parties' citizenship is diverse and the amount in controversy exceeds $75,000.00.

23                              **VENUE**

24      7.    Venue in this Judicial District is proper pursuant to 28 U.S.C. § 1391(b), in that

25  all events or omissions giving rise to the claims occurred in this Judicial District. Venue is also

26  proper in this Judicial District pursuant to 15 U.S.C. § 1692k(d), in that the Defendants transact

27  business in this Judicial District and the violations of the FDCPA, FCRA, the Rosenthal Act,

28

1   and California Business and Professions Code § 17200 complained of herein occurred in this

2   Judicial District.

3                                          **PARTIES**

4       8.    At all times herein mentioned, Plaintiff was a resident of the COUNTY OF SAN

5   MATEO, California, and a consumer as that term is defined by 15 U.S.C. § 1692a(3).

6       9.    According to Defendants, Plaintiff allegedly owes a debt as that term is defined

7   by 15 U.S.C. 1692a(5) and under FCRA, § 603 Definitions; rules of construction 15 U.S C.§

8   1681a.

9       10.   At all times herein mentioned, Defendant, THE MOORE LAW GROUP, A

10  PROFESSIONAL CORPORATION, (hereinafter "MOORE"), is a California corporation.

11      11.   MOORE is engaged in the business of collecting debts in this state in the

12  ordinary course of business, regularly, on behalf of itself or others.

13      12.   MOORE is a "Debt Collector" as that term is defined by the FDCPA 15 U.S.C.

14  § 1692a(6); FCRA, 15 U.S.C. § 1681, et seq.; and the Rosenthal Act, Cal. Civil Code §

15  1788.2(c).

16      13.   MOORE communicated with the Plaintiff with the intent to collect an alleged

17  debt.

18      14.   MOORE regularly collects or attempts to collect, directly or indirectly, debts

19  owed or due or asserted to be owed or due another using the telephone and mail.

20      15.   MOORE'S principal place of business is located at 3710 South Susan St, Suite

21  210, Santa Ana, CA 92704.

22      16.   At all times herein mentioned, Defendant, CITIBANK (South Dakota), N.A.,

23  (hereinafter "CITI"), is a business entity, form unknown.

24      17.   CITI is engaged in the business of issuing credit and collecting debts in this state

25  and is defined as a credit lender as that term is defined in the FCRA § 603 Definitions; rules of

26  construction 15 U.S.C. § 1681a(r).

27      18.   CITI is a person according to FCRA § 603 Definitions; rules of construction 15

28  U.S.C. § 1681a(b).

19.   CITI is a "Debt Collector" as that term is defined by the FDCPA 15 U.S.C §
1692a(6); FCRA, 15 U.S.C. § 1681, et seq.; and the Rosenthal Act, Cal. Civil Code §
1788.2(c).

20.   CITI communicated with the Plaintiff with the intent to collect an alleged debt.

21.   CITI regularly collects or attempts to collect, directly or indirectly, debts owed
or due or asserted to be owed or due another using the telephone and mail.

22.   CITI'S headquarters is located at 701 East 60th Street North, Sioux Falls, SD
57104.

## FACTUAL ALLEGATIONS

23.   Plaintiff sent a "Letter of Dispute" to CITI, on January 13, 2010, after finding
that CITI had reported erroneous and inaccurate information in the Plaintiff's credit reports;
Experian, Equifax, and TransUnion. This "Letter of Dispute" dated January 13, 2010, was sent
via the U.S. Postal Service Certified Mail No. 7009 2820 0004 0588 2799 on January 13, 2010,
return receipt requested. This "Letter of Dispute" was received by CITI on January 15, 2010.
CITI has not responded with proof of any alleged account and has continued to report
erroneous and inaccurate information in Plaintiff's credit reports through today.

24.   Plaintiff subsequently contacted three national credit reporting agencies;
Experian, Equifax, and TransUnion, via the U.S. Postal Service with "Letters of Dispute" to
have them correct this erroneous and inaccurate reporting by CITI. These letters were also sent
Certified Mail with return receipts as follows:

a. Experian, dated February 28, 2010, No: 7009 2820 0003 9963 9041, sent February 28, 2010,
and received by Experian on March 5, 2010.

b. Equifax, dated February 28, 2010, No: 7009 2820 0003 9963 9034, sent February 28, 2010,
and received by Equifax on March 4, 2010.

c. TransUnion, dated February 28, 2010, No. 7009 2820 0003 9963 9058, sent February 28,
2010, and received by TransUnion March 4, 2010.

25.   All three bureaus responded to Plaintiff that CITI "has confirmed" that this
erroneous and inaccurate information is being reported correctly. CITI has damaged Plaintiff in

4

COMPLAINT

the public with reduced credit scores, unavailability of credit, increased costs of credit, reduced availability of goods and services tied to credit ratings, increased costs of those services, as well as fees and costs, including without limitation, attorneys' fees and costs.

26.     On or about April 21, 2010, Plaintiff received a letter from CITI'S agent CLIENT SERVICES, INC., a debt collector, demanding payment of an alleged account.

27.     Plaintiff responded with a letter requesting "Validation" of the alleged account sent via the U.S Postal Service, dated February 20, 2010. Said "Letter of Validation" was sent Certified Mail No: 7009 2820 0003 9963 9133 on April 22, 2010, and received by CLIENT SERVICES, INC. on April 27, 2010.

28.     Plaintiff, in that letter, demanded that CLIENT SERVICES, INC. "Validate" the alleged debt by providing strict proof of the alleged indebtedness. To date, Plaintiff has not received any response from CLIENT SERVICES, INC., nor CITI, pursuant to Plaintiff's request for "Validation". Yet, debt collection activity by CITI has continued in violation of 15 U.S.C. § 1692g.

29.     On or about April 13, 2011, Plaintiff received a letter from CITI'S agent MOORE, a debt collector, demanding payment of an alleged account.

30.     Plaintiff responded with a letter requesting "Validation" of the alleged account, sent via the U.S. Postal Service, dated May 3, 2011. Said "Letter of Validation" was sent Certified Mail No: 7010 2780 0000 2787 8421 on May 3, 2011, and received by MOORE on May 5, 2011.

31.     Plaintiff, in that letter, demanded that MOORE "Validate" the alleged debt by providing strict proof of the alleged indebtedness. To date, Plaintiff has not received any response from MOORE, nor CITI, pursuant to his request for "Validation". Yet, debt collection activity by MOORE and CITI has continued in violation of 15 U.S.C. § 1692g.

32.     Defendant MOORE, employee Adriana Regalia (unintelligible name), called Plaintiff thirteen times leaving voice mail messages and failed to give Plaintiff notice that she is attempting to collect a debt in violation of FDCPA 1692. These calls were placed by said employee on April 7, 8, 11, 13, 14, 20, 21, 22, 24, 26, 28, and on May 3 and 4, 2011.

5

COMPLAINT

33.   The purpose of the FDCPA is to eliminate abusive debt collection practices. Though sometimes limited to debt collectors, creditors are vicariously liable for the actions of their debt collectors  CLIENT SERVICES, INC., MOORE, and CITI are "Debt Collectors" under the FDCPA 15 U.S.C. § 1692a(6) and Rosenthal Act.

34.   To the extent that CITI may, or may not, be a debt collector, it is vicariously liable for the acts of its agents.

35.   Unlike CLIENT SERVICES, INC., Defendants, MOORE and CITI, have failed to cease collection activity. Both Defendants have failed to "Validate" the alleged debt. The FDCPA forbids the use of false, deceptive or misleading representation in connection with the collection of a debt.

36.   Under the FDCPA, a debt collector may not use unfair or unconscionable means to collect or attempt to collect a debt. Plaintiff alleges that both of the Defendants knowingly approved and ratified the acts of each other.

37.   As a direct and proximate result of the Defendants' violation of federal and California law, Plaintiff has suffered irreparable injury to his credit report, credit score, expense of higher interest costs in future borrowing, and damage to his reputation in the public.

38.   Plaintiff has tried every way possible to resolve these issues amicably but has not been replied to, has been ignored in these matters, and Defendants have continued collection activities.

39.   Defendants have been informed of these federal violations and continue to violate the FDCPA, the FCRA, the Rosenthal Act, and the California Business and Professions Code § 17200 and refuse to make Plaintiff whole.

40.   Therefore, Plaintiff has no alternative but to seek relief through this Honorable Court.

### FIRST CAUSE OF ACTION

#### (Against both Defendants)

#### 15 U.S.C. § 1692 et seq. [Cal. Bus. & Prof. Code § 17200]

6

COMPLAINT

41.   Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

42.   Defendant MOORE sent a letter received by Plaintiff on or about April 13, 2011, demanding Plaintiff contact MOORE'S office to make arrangements to pay an alleged account, violating the FDCPA § 809, Validation of Debts 15 U.S.C. § 1692g(a)(b), Overshadowing. "…any collection activities and communication during the 30-day period may not overshadow…consumer's right to dispute the debt…" Case Law in support follows: 1996 U.S. Dist. LEXIS 22555, * Debra Tychewicz, Plaintiff, v Richard Dobberstein d/b/a CREDIT ASSOCIATES, Defendant. 96-C-0195-S.

43   **Plaintiff is entitled to statutory damages in the amount of $1,000.00 from MOORE.**

44.   Defendants failed to provide proof of an account or debt upon receipt of "Validation" request from Plaintiff. The Defendants violated the FDCPA § 809. Validation of debts 15 U.S.C. § 1692g(b), Disputed debts.

45.   Validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account. Case Law in support follows:

Pacific Concrete F.C.U, v, Kauanoe, 62 Haw. 334, 614 P.2d 936 (1980); GE Cap/fa/ Hawaii, Inc v. Yonenaka, 25 P.3d 807, 96 Hawaii 32 (Hawaii App 2001); Fooks v. Norwich Housing Authority, 28 Conn. L. Rptr. 371, (Conn. Super.2000); Town of Brookfield v. Candlewood Shores Estates, Inc., 513 A.2d 1218, 201 Conn. 1 (1986); and Solaon v. Godbole, 163 Ill. App. 3d 845, 114 Ill. Dec 890, 515 N E. 2d 1045 (3rd Dist 1987).

46.   **Plaintiff is entitled to statutory damages in the amount of $1,000.00 from MOORE.**

47.   **Plaintiff is entitled to statutory damages in the amount of $1,000.00 from CITI.**

48.   Defendants have continued collection activity against Plaintiff by calling Plaintiff thirteen times and leaving messages that failed to notify Plaintiff during each

collection contact that the communication was from a debt collector, violating 15 U.S.C. 1692e(11).

49.   **Plaintiff is entitled to statutory damages in the amount of $1,000.00 per violation, times 13 (thirteen) calls from MOORE for $13,000.00.**

50.   The fraud of the enterprise orchestrated by MOORE and CITI violated numerous state and federal laws as set forth above and thus constituted unfair competition under California law, for which restitution is mandatory.

51.   The foregoing fraudulent concealment, material misstatements, and the intentional violations of state and federal statutes cited herein constitute unlawful, unfair and fraudulent business acts or practices, and so constitute unfair business practices within the meaning of the California Unfair Practices Act. Cal. Bus. & Prof. Code §§ 17200, 17500. Sections 17200 et seq. of the California Business & Professions Code provides, in the disjunctive, for liability in the event of any such "unlawful, unfair or fraudulent business act or practice".

52.   **As set forth above, per Cal. Bus. & Prof. Code § 17200 these restitutionary amounts and disgorgement (including damages if recoverable hereunder) are requested by Plaintiff from all Defendants individually.**

**SECOND CAUSE OF ACTION**

**(Against both Defendants)**

**15 U.S.C. § 1681 et seq. [Cal. Bus. & Prof. Code § 17200]**

53.   Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

54.   Defendant MOORE harmed Plaintiff in the public by unauthorized inquiry into Plaintiff's credit report with no permissible purpose, violating 15 U.S.C. § 1681(b), Permissible purposes of consumer reports.

55.   This entry with no permissible purpose into Plaintiff's credit report has damaged Plaintiff in the public with reduced credit scores, unavailability of credit, increased costs of

8

COMPLAINT

credit, reduced availability of goods and services tied to credit ratings, increased costs of those services, as well as fees and costs, including without limitation, attorneys' fees and costs.

56.   Plaintiff is entitled to statutory damages in the amount of $1,000.00 per incident. This incident has occurred daily in the Plaintiff's credit report, Experian, since September 15, 2010.

57.   **Plaintiff is entitled to statutory damages in the amount of $1,000.00 from MOORE per day from September 15, 2010, to the present day.**

58.   Defendant MOORE harmed Plaintiff in the public by a second unauthorized inquiry into Plaintiff's credit report with no permissible purpose violating 15 U.S.C. § 1681(b), Permissible purposes of consumer reports.

59.   Plaintiff is entitled to statutory damages in the amount of $1,000.00 per incident. This incident has occurred daily in the Plaintiff's credit report, Experian, since March 31, 2011.

60.   **Plaintiff is entitled to statutory damages in the amount of $1,000.00 from MOORE per day from March 31, 2011, to the present day.**

61.   Defendant CITI is a credit lender and as such governed under the law by the FCRA and has failed to mark the Plaintiff's account in dispute, and by reporting erroneous and inaccurate information in the Plaintiff's credit report, has damaged Plaintiff in the public with reduced credit scores, unavailability of credit, increased costs of credit, reduced availability of goods and services tied to credit ratings, increased costs of those services, as well as fees and costs, including without limitation, attorneys' fees and costs.

62.   Defendant CITI has violated the FCRA § 615. Requirements on users of consumer reports 15 U.S.C. § 1681m(g)(2), "...consumer...wished to dispute the debt..."

63.   Plaintiff is entitled to statutory damages from CITI in the amount of $1,000.00 per incident. This incident has occurred daily since January 16, 2010, to the present day; times 3 (three) credit reporting bureaus, therefore;

64.   **Plaintiff is entitled to statutory damages in the amount of $1,000.00 from CITI per day from January 16, 2010, to the present day, times 3 (three) for each credit reporting bureau.**

COMPLAINT

65.     Defendant CITI failed to mark the Plaintiff's credit report in dispute violating FCRA § 623. Responsibilities of furnishers of information to consumer reporting agencies 15 U.S.C. § 1681s-2(3), Duty to provide notice of dispute.

66.     Plaintiff is entitled to statutory damages in the amount of $1,000.00 per credit reporting agency per incident. This incident has occurred daily since January 16, 2010, to the present day; times 3 (three) credit reporting bureaus, therefore;

67.     **Plaintiff is entitled to statutory damages in the amount of $1,000.00 from CITI per day from January 16, 2010, to the present day, times 3 (three) for each credit reporting bureau.**

68.     Defendant CITI continued reporting erroneous and inaccurate information in Plaintiff's credit reports violating FCRA § 623. Responsibilities of furnishers of information to consumer reporting agencies 15 U.S.C. § 1681s-2(a), Duty of furnishers of information to provide accurate information.

69.     Plaintiff is entitled to statutory damages in the amount of $1,000.00 per credit reporting agency per incident. This incident has occurred daily since January 16, 2010, to the present day; times 3 (three) credit reporting bureaus, therefore;

70.     **Plaintiff is entitled to statutory damages in the amount of $1,000.00 from CITI per day from January 16, 2010, to the present day, times 3 (three) for each credit reporting bureau.**

71.     Defendants MOORE and CITI, individually, have damaged Plaintiff by their unauthorized actions and willful noncompliance.

72.     As a result of this unauthorized action by MOORE, Plaintiff is entitled to damages of $1,000.00 pursuant to 15 U.S.C. 1681(n) per incident This incident has occurred daily violating FCRA § 616. Civil liability for willful noncompliance 15 U.S.C. § 1681n(a)(1)(A).

73.     Plaintiff is entitled to damages in the amount of $1,000.00 per incident. This incident has been caused daily by MOORE from September 15, 2010, to the present day.

74.     **Plaintiff is entitled to statutory damages in the amount of $1,000.00 from**

1   **MOORE per day from September 15, 2010, to the present day.**

2       75.    A second entry into Plaintiff's credit report has been caused daily by MOORE

3   from March 31, 2011, to the present day.

4       76.    **Plaintiff is entitled to statutory damages in the amount of $1,000.00 from**

5   **MOORE per day from March 31, 2011, to the present day.**

6       77.    As a result of this unauthorized action by CITI, Plaintiff is entitled to damages

7   of $1,000.00 pursuant to 15 U.S.C. 1681(n) per incident. This incident has occurred daily

8   violating FCRA § 616. Civil liability for willful noncompliance 15 U.S.C. § 1681n(a)(1)(A).

9       78.    Plaintiff is entitled to statutory damages in the amount of $1,000.00 per credit

10  reporting agency per incident. This incident has occurred daily since January 16, 2010, to the

11  present day; times 3 (three) credit reporting bureaus, therefore;

12      79.    **Plaintiff is entitled to statutory damages in the amount of $1,000.00 from**

13  **CITI per day from January 16, 2010, to the present day, times 3 (three) for each credit**

14  **reporting bureau.**

15      80.    Defendants MOORE and CITI individually have damaged Plaintiff by their

16  unauthorized actions and negligent noncompliance. Plaintiff believes they are both well

17  schooled in their fields of business and chose to violate the civil rights of the plaintiff for

18  monetary gain. MOORE'S web site advertises that MOORE staffs are experts in the area of

19  consumer law. Therefore, Plaintiff believes that all actions against Plaintiff are intentional, not

20  accidental

21      81.    Defendants MOORE and CITI have violated FCRA § 617. Civil liability for

22  negligent noncompliance 15 U.S.C. § 1681o(a). Plaintiff further alleges that as a result of the

23  damages Plaintiff has suffered directly are related to MOORE and CITI'S violations of

24  unauthorized entry into Plaintiffs credit report.

25      82.    **Plaintiff is entitled to punitive damages 15 U.S.C. § 1681n(2) in the amount**

26  **of $100,000.00 from MOORE.**

27      83.    Plaintiff is entitled to statutory damages in the amount of $1,000.00 per incident.

28  This incident has been caused daily by CITI from January 16, 2010, to the present day

therefore;

84. **Plaintiff is entitled to statutory damages in the amount of $1,000.00 from CITI per day from January 16, 2010, to the present day.**

85. Plaintiff further alleges that as a result of the damage done to Plaintiff by CITI'S violations, **Plaintiff is entitled to punitive damages 15 U.S.C. § 1681n(2) in the amount of $100,000.00 from CITI.**

86. These incidents perpetrated by MOORE AND CITI against Plaintiff resulted in damage to Plaintiff. Plaintiff has suffered irreparable injury to his credit report, credit score, expense of higher interest costs in future borrowing, and damage to his reputation in the public.

87. Plaintiff is entitled to damages according to proof pursuant to 15 U.S.C. § 1681o.

88. Plaintiff is entitled to the costs of this action together with reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(b).

89. The fraud of the enterprise orchestrated by MOORE and CITI violated numerous state and federal laws as set forth above and thus constituted unfair competition under California law, for which restitution is mandatory.

90. The foregoing fraudulent concealment, material misstatements, and the intentional violations of state and federal statutes cited herein constitute unlawful, unfair and fraudulent business acts or practices, and so constitute unfair business practices within the meaning of the California Unfair Practices Act. Cal. Bus. & Prof. Code §§ 17200, 17500. Sections 17200 et seq of the California Business & Professions Code provides, in the disjunctive, for liability in the event of any such "unlawful, unfair or fraudulent business act or practice".

91. **As set forth above, per Cal. Bus. & Prof. Code § 17200 these restitutionary amounts and disgorgement (including damages if recoverable hereunder) are requested by Plaintiff from all Defendants individually.**

**THIRD CAUSE OF ACTION**

**(Against both Defendants)**

12

COMPLAINT

**California Civil Code § 1788 et seq. [Violations of Cal. Bus. & Prof. Code § 17200 et seq.]**

92.    Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

93.    Defendants MOORE and CITI have violated the Rosenthal Act, California Civil Code §§ 1788-1788.33.

94.    Plaintiff is a "debtor" as that term is defined by the Rosenthal Act, Cal. Civil Code § 1788.2(h).

95.    The financial obligation alleged to be owed to CITI by Plaintiff is a "consumer debt" as that term is defined by the Rosenthal Act, Cal. Civil Code § 1788.2(f).

96.    Defendants, MOORE and CITI, are "Debt Collectors" as that term is defined by the Rosenthal Act, Cal. Civil Code § 1788.2(c).

97.    Defendants have violated the Rosenthal Act in the following respects:

a)    Defendants MOORE and CITI continued to communicate with Plaintiff, in an attempt to collect the debt allegedly owed to CITI, even after receiving written notification that Plaintiff refused to pay an un-Validated debt being collected. CITI violated 15 U.S.C § 1692c(c), as incorporated by Cal. Civil Code § 1788.17; and

b)    Defendants' continued collection efforts against Plaintiff even after receiving a written notification within the 30-day validation period from Plaintiff, disputing the debt being collected in its entirety without first obtaining a verification of the debt and mailing a copy of such verification to Plaintiff, in violation of 15 U.S.C. § 1692g(b), as incorporated by Cal. Civil Code § 1788.17.

98.    Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788 30(b).

99.    Pursuant to Cal. Civil Code §1788.32, the remedies provided under the Rosenthal Act are intended to be cumulative, and in addition to, any other procedures, rights, or remedies that the Plaintiff may have under any other provision of law.

100.   As a result of this willful and knowing act by MOORE, Plaintiff is entitled to statutory damages of $1,000.00 pursuant to Cal. Civil Code § 1788.30(b) per incident. This incident has occurred daily from October 1, 2010, to the present day.

101.   **Plaintiff is entitled to statutory damages in the amount of $1,000.00 from MOORE per day from October 1, 2010, to the present day.**

102.   MOORE'S second entry into Plaintiff's credit report has occurred daily from March 31, 2011, to the present day.

103.   **Plaintiff is entitled to statutory damages in the amount of $1,000.00 from MOORE per day from March 31, 2011, to the present day.**

104.   As a result of this willful and knowing act by CITI, Plaintiff is entitled to statutory damages of $1,000.00 pursuant to Cal. Civil Code § 1788.30(b) per incident. This incident has occurred daily from January 16, 2010, to the present day.

105.   **Plaintiff is entitled to statutory damages in the amount of $1,000.00 from CITI per day from January 16, 2010, to the present day.**

106.   The fraud of the enterprise orchestrated by MOORE and CITI violated numerous state and federal laws as set forth above and thus constituted unfair competition under California law, for which restitution is mandatory.

107.   The foregoing fraudulent concealment, material misstatements, and the intentional violations of state and federal statutes cited herein constitute unlawful, unfair and fraudulent business acts or practices, and so constitute unfair business practices within the meaning of the California Unfair Practices Act. Cal. Bus. & Prof. Code §§ 17200, 17500. Sections 17200 et seq. of the California Business & Professions Code provides, in the disjunctive, for liability in the event of any such "unlawful, unfair or fraudulent business act or practice".

108   **As set forth above, per Cal. Bus. & Prof. Code § 17200 these restitutionary amounts and disgorgement (including damages if recoverable hereunder) are requested by Plaintiff from all Defendants individually.**

### FOURTH CAUSE OF ACTION

14

COMPLAINT

(Against both Defendants)

Unfair Competition [Violations of Cal. Bus. & Prof. Code § 17200 et seq.]

109.   Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

110.   The fraud of the enterprise orchestrated by MOORE and CITI violated numerous state and federal laws as set forth above and thus constituted unfair competition under California law, for which restitution is mandatory.

111.   Upon completion of sufficient Discovery, Plaintiff will seek leave to amend this Complaint to supplement the foregoing allegations with respect to additional violations.

112.   The foregoing violations were in furtherance of the fraud perpetrated on Plaintiff by Defendants.

113   The foregoing fraudulent concealment, material misstatements, and the intentional violations of state and federal statutes cited herein constitute unlawful, unfair and fraudulent business acts or practices and so constitute unfair business practices within the meaning of the California Unfair Practices Act. Cal. Bus. & Prof. Code §§ 17200, 17500. Sections 17200 et seq. of the California Business & Professions Code provides, in the disjunctive, for liability in the event of any such "unlawful, unfair or fraudulent business act or practice."

114.   The actions described herein are unfair and patently fraudulent in that they were conducted for the specific purposes of first perpetuating an unlawful and unsustainable scheme. Both Defendants violated 15 United States Code § 1692 et seq., 15 United States Code § 1681 et seq., and California Civil Code § 1788 et seq.

115.   As a result of their actions, concealment and deceit described herein, Plaintiff has suffered material financial injury in fact, costs and expenses related to legal matters, reduced credit scores, diminished access to credit, unavailability of credit, increased costs of credit, reduced availability of goods and services tied to credit ratings, increased costs of those services, as well as fees and costs, including, without limitation, attorneys' fees.

15

COMPLAINT

116.   As a further result of the actions, concealment and deceit described herein, Plaintiff has lost money as a result of such unfair competition.

117.   The foregoing unlawful activities were pervasive and violate Business & Professions Code § 17200 et seq.

118.   As a result of all Defendants' unfair competition, Plaintiff is entitled to restitution for all sums received by any Defendant with respect to their unlawful and/or unfair and/or fraudulent conduct.

119.   **As set forth above, these restitutionary amounts and disgorgement (including damages if recoverable hereunder) are requested by Plaintiff from all Defendants individually.**

### Statement Upon Which Relief Can Be Granted

**WHEREFORE,** Plaintiff respectfully requests that relief be granted as follows:

a.   For actual damages according to proof, plus interest thereon as provided by law;

b.   For pre and post judgment interest;

c.   For general damages;

d.   For punitive damages;

e.   For treble damages;

f.   For a settlement agreement between Plaintiff and Defendants that Defendants shall remove any derogatory information and inquires from all major credit-reporting agencies, Experian, Equifax, TransUnion, and any other known credit reporting agencies that Defendants have used now or may use in the future;

g.   For Defendants to provide a letter and/or Universal Data Form indicating that they have done this and send same to Plaintiff;

h.   For Defendants to be barred now and in the future from re-entering this information into Plaintiff's credit reports;

i.   For Defendants to cease and desist any further collection activities against Plaintiff, and Defendants may not sell or transfer the alleged account to any other collection agency, attorney, or entity, now or in the future;

16

j.  For award to Plaintiff of statutory damages and actual damages pursuant to 15
U.S.C. §§ 1692k(a)(2)(A) and 15 U.S.C. 1681o(a) and Cal. Civil Code § 1788.30(b)
and 15 U.S.C.§ 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17;

k.  For statutory damages per other codes;

l.  For award to Plaintiff of the costs of this action and reasonable attorneys' or Private
Attorney General Fees pursuant to 15 U.S.C. §§ 1692k(a)(3) and 15 U.S.C. §
1681o(b) and Cal. Civil Codes §§ 1788.17 and 1788.30(c);

m.  For award of Plaintiff's attorneys' fees and costs per other codes;

n.  For such other, further, and different relief as the Court deems just and proper.

/

/

/

## DEMAND FOR JURY TRIAL

Dated: May 17, 2011                     By: _Nick Makreas_

NICK MAKREAS, in Pro Se
271 Tulare Drive
San Bruno, CA 94066
(650) 591-3881

17

COMPLAINT

## DEMAND FOR JURY TRIAL

Complainant moves this court pursuant to Fed. R. Civil Code P Rule 38 "Jury Trial of Right" and thereby demands a Jury Trial. The undersigned certifies that a copy hereof has been served upon the parties listed in the Certificate of Service.

Dated: May 17, 2011

By _____

NICK MAKREAS in Pro Se

19

COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA        )
                           ) ss
COUNTY OF SAN MATEO        )

Plaintiff, NICK MAKREAS, states the following:

1. I am the Plaintiff in this civil proceeding

2. I have read the above-entitled civil Complaint and I believe that all the facts contained in it are true to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Pursuant to, 28 U.S.C. 1746(2), I, Nick Makreas, hereby declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct

_Nick Makreas._

NICK MAKREAS

Subscribed and sworn to (or affirmed) before me on this 16th day of May, 2011, by, NICK MAKREAS, who proved to me on the basis of satisfactory evidence to be the person who appeared before me

Mahendra. S. Patel (Notary Public)

Notary Public

MAHENDRA S. PATEL
COMM. #1857314
NOTARY PUBLIC - CALIFORNIA
SAN MATEO COUNTY
My Comm. Expires July 10, 2013

19

COMPLAINT