Nick Makreas
271 Tulare Drive
San Bruno, CA 94066
Plaintiff, *In Pro Per*

FILED

JUN 3 0 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK MAKREAS,<br><br>Plaintiff.<br><br>vs.<br><br>THE MOORE LAW GROUP, A.P.C.. A PROFESSIONAL CORPORATION;<br><br>CITIBANK (SOUTH DAKOTA) N.A., A BUSINESS ENTITY, FORM UNKONWN,<br><br>DOES 1 THROUGH 25 INCLUSIVE, et al.,<br><br>Defendants | Case No.: 3:11-cv-2406-MMC<br><br>**NOTICE OF OPPOSITION TO DEFENDANT CITIBANK, N.A.'S MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: July 29, 2011<br>Time: 9:00 a.m.<br>Courtroom: 7<br>Judge: The Hon. Maxine Chesney |

## I. INTRODUCTION

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 29, 2011 in Courtroom 7 of the above-captioned court located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff, Nick Makreas ("Plaintiff") will oppose the motion for an order dismissing Plaintiffs complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

### MEMORANDUM OF POINTS AND AUTHORITES

As an initial matter, the plaintiff requests for the Court to grant leave to amend, should it find the defendant's argument meritorious. Such a ruling is particularly warranted considering

that the plaintiff is proceeding in this litigation in pro per. As the United States Supreme Court held in *Ericksen v. Pardus*, 127 S. Ct. 2197 (2007), "a document filed *pro se* is to 'liberally construed' and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97-104-105 (1976); *see also* Fed. R. Civ. Pr. 8(f) ("All pleadings shall be construed as to do substantial justice."). Moreover, the policy of granting leave to amend is extremely liberal. *Foman v. Davis*, 371 U.S. 178, 182 (1961).

Motions to dismiss a claim for failure to state a claim upon which relief may be granted are reserved for situations in which plaintiffs have failed to state facts (facts are automatically assumed to be true for the purpose of this motion) that lead to a "cognizable legal theory." *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the ASSUMPTION THAT ALL THE allegations in the complaint are true") (emphasis in original); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"), *Scheuer v. Rhodes*, 416 U.S. 232, 236 (a properly pleaded complaint may proceed even if appears that is factual basis is so weak "that a recovery is remote and very unlikely."); *al-Kidd v. Ashcroft*, 2009 WL 2836448 (Sept. 4, 2009) ( "[W]e proceed as we must in a review of *all* Rule 12(b)(6) motions, accepting as true *all* facts alleged in the complaint, and drawing *all reasonable inferences in favor of the plaintiff*") (emphasis added); *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1988).

In the instant case, the plaintiff believes that he has a meritorious case for violations of all four causes of action here. However, the plaintiff concedes that he has not articulated the harm suffered by harm in the most coherent manner. In particular, the plaintiff firmly believes that Citibank, N.A. did not conduct a "reasonable investigation" of the plaintiff's complaint after receiving the Notice of Dispute from the credit reporting agencies, which would render them

liable under 15 U.S.C. § 1681s-2(b). *Gorman v. Wolpoff & Abramson, LLP* 584 F.3d 1147, 1172-73 (9th Cir. 2009). Citibank N.A. failed to mark the account in dispute, a violation of 15 U.S.C. § 1681(s)(2)(a), and the plaintiff never received any explanation as to why Citibank did not correct or amend the amount owed. Under binding Ninth Circuit law, a "furnisher" of credit information may be held civilly liable, by an individual and not just a government agency, for not conducting a "reasonable investigation" after receiving a dispute letter *Id.* at 1173.

Moreover, the Rosenthal Act requires creditors subject to its statutory scheme to comply with the Fair Debt Credit Reporting Act. *See* Cal. Civ. Code § 1788.17 (which requires compliance with 15 U.S.C. § 1692b). After the plaintiff sent the dispute letter to both defendants, both defendants continued to make misstatements about the plaintiff's account, which is a direct violation of the Rosenthal Act. The plaintiff concedes that this portion of the complaint is not comprehensively plead, and requests leave to amend to more precisely articulate the harm suffered by the plaintiff for the Rosenthal Act violations.

The defendant erroneously argues that the Rosenthal Act is preempted by the Fair Debt Credit Repoting Act, but the Ninth Circuit directly rejected that contention in *Gorman*. The Ninth Circuit held that "[b]ecause the plain language of the preemption provision does not apply to private rights of action, and because the likely purpose of the express exclusion was precisely to permit private enforcement of these provisions, we hold that the private right of action to enforce section 1785.25(a) is not preempted by the FCRA." *Gorman*, 584 F.3d at 1173. Consequently, the Court should grant leave for the plaintiff to amend more precisely the facts giving rise to the violations of Cal. Civil Code Section 1785.25(a).

Moreover, Citibank violated Business and Professions Code Section 17200 by repeatedly making misrepresentations and reporting inaccurate information regarding the plaintiff's debt. Business and Professions Code (CBPC) § 17200 prohibits any unlawful, unfair, or fraudulent

business practice. "Because Business and Professions Code Section 17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." *Schvartz v. Budget Group* (2000) 81 Cal.App.4th 1153, 1159 (quoting *Podolsky v. First Healthcare Corp.* (1996) 50 Cal.App.4th 632, 647).

"The 'fraud' prong of Business and Professions Code Section 17200 is unlike common law fraud or deception. A violation can be shown even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage. Instead, it is only necessary to show that members of the public are likely to be deceived." *Podolsky*, 50 Cal.App.4th at 647-648. Citibank violated the "fraudulent" prong of UCL § 17200 by stating to the credit reporting agencies that the debt was accurate, when it did not conduct a "reasonable investigation" and made no attempt to verify the accuracy of the amount it claimed the plaintiff owed. A member of the public would likely be deceived by such statements, given Citibank, N.A.'s status in the marketplace as a major financial institution.

The "unfairness" prong is "intentionally broad . . . ." *Podolsky*, 50 Cal.App. 4th at 647. While the scope of the law "is not unlimited . . ., [t]he test of whether a business practice is unfair involves balancing the utility of the defendant's conduct against the gravity of the alleged victim's harm." *Schvartz*, 81 Cal.App. 3d at 1157 (citing *Cal-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, (1999) 20 Cal. 4th 163, 182. Finally, "[a]n unfair business practice occurs when the practice 'offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *Podolsky*, 50 Cal. App. 4th at 647 (quoting *People v. Casa Blanca Convalescent Homes, Inc.*, (1984) 159 Cal.App.3d 509, 530.

In the instant case, there appears to be little question that the gravity of the plainitff's harm (facing having to pay an artificially high amount and violating federal law) outweighs the utility of the defendants' conduct (being permitted to play fast and loose with the facts to credit reporting agencies about the amount that plaintiff owes). This is the precise type of "unscrupulous" business practice mentioned by the *Podolsky* Court that is "unethical" and "substantially injurious to consumers." Consequently, the Court should grant an injunction preventing the defendants from being to get away with such egregious conduct.

**B. Conclusion**

Based on the foregoing, Plaintiffs respectfully request that the Court grant him leave to amend his complaint to more fully articulate the harms he suffered as a result of Citibank, N.A.

Dated: June 30, 2011

Respectfully Submitted,

_____
NICK MAKREAS