STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 083013)
MARCOS D. SASSO (State Bar No. 228905)
A.R. KACHADOORIAN (State Bar No. 240601)
2029 Century Park East, Suite 1600
Los Angeles, California  90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
lacalendar@stroock.com

Attorneys for Defendant
  CITIBANK, N.A., as successor in interest to
  CITIBANK (SOUTH DAKOTA), N.A.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| NICK MAKREAS,<br><br>              Plaintiff,<br><br>     vs.<br><br>THE MOORE LAW GROUP, A.P.C. a California corporation; CITIBANK (SOUTH DAKOTA), N.A., a business entity, form unknown, DOES 1 through 25 INCLUSIVE, et al.,<br><br>              Defendants. | **Case No. CV 11 2406 MMC**<br><br>[Assigned to the Honorable Honorable Maxine M. Chesney]<br><br>**REPLY OF DEFENDANT CITIBANK, N.A., SUCCESSOR IN INTEREST TO CITIBANK (SOUTH DAKOTA), N.A., IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>**Hearing:**<br>Date:  July 29, 2011<br>Time:  9:00 a.m.<br>Ctrm:  Courtroom 7, 19th Floor |

LA 51435887

REPLY IN SUPPORT OF MOTION TO DISMISS
Case No. CV 11 2406 MMC

## I. INTRODUCTION

In opposing the Motion,[1] Plaintiff fails to cure the deficiencies underlying each the four causes of action alleged against Citibank.[2] Indeed, with respect to the majority of the arguments raised in the Motion, many are ignored in the Opposition. Instead, Plaintiff purports to argue claims or facts that are alleged in the Complaint. Moreover, that Plaintiff is pursuing this action in pro se does not permit the Court to indulge allegations that state no plausible claim for relief. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (recognizing that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . . This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."). While a pro se complaint is "liberally construed" and "held to less stringent standards" of pleading (see Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)), dismissal of a pro se complaint is proper "if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) (citation omitted).

Here, despite conceding that the Complaint does not sufficiently plead the suffered "harm" or "injury" necessary to state the claims alleged, Plaintiff does not identify the additional facts that could cure the deficiencies. Moreover, as demonstrated in the Motion and below, many of the claims fail because, among other reasons, they are barred by well-settled black letter law (i.e., the First and Second Causes of Action for violation of the FDCPA and FCRA), time barred (i.e., the Third Cause of Action for violation of the Rosenthal Act) and/or are not supported by sufficient facts to state a cause of action as a matter of law (i.e., the Fourth Cause of Action for violation of the UCL). In this regard, amendment is futile, and the denial of leave to amend a pro se complaint is warranted. See Weilburg, 488 F.3d at 1205 ("Dismissal of a pro se complaint without leave to

---

[1] All terms are used herein as defined in the Motion, unless otherwise noted.

[2] Effective July 1, 2011, Citibank, N.A. became the successor in interest to Citibank (South Dakota), N.A.

LA 51435887                                - 1 -

REPLY IN SUPPORT OF MOTION TO DISMISS
Case No. CV 11 2406 MMC

1  amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be
2  cured by amendment.").
3      Accordingly, based on the Motion and below, the Motion should be granted in its entirety.
4  **II.  ARGUMENT**
5  **A.  Plaintiff Fails To Respond To The Motion Regarding His Claims For Violation Of The**
6  **FDCPA; Accordingly, The Motion Must Be Granted And The FDCPA Claims Must**
7  **Be Dismissed.**
8      As amply demonstrated in the Motion, Plaintiff cannot assert a claim under the FDCPA
9  against Citibank as a matter of law because Citibank is not a "creditor" under the FDCPA. (See
10 Motion (Dkt. No. 4) at 3-4.) Nor can Plaintiff assert an FDCPA claim against Citibank under a
11 "vicarious" or "derivative" liability theory. (See Motion at 4-6.) In the Opposition, Plaintiff fails
12 to oppose the Motion regarding the FDCPA claim. Accordingly, Citibank respectfully submits that
13 the Court deem the Motion unopposed in this regard and grant it for the reasons stated in the
14 Motion as to the First Cause of Action for violation of the FDCPA.
15 **B.  Plaintiff's Complaint Fails To Plead Any Claims Under The FCRA For Which A**
16 **Private Right Of Action Exists.**
17     Based on the allegations of the Complaint, Plaintiff's second cause of action against
18 Citibank for violation of the FCRA is predicated upon the reporting of alleged inaccurate credit
19 information regarding the Account. (See Motion at 6-7 (citing Compl., ¶¶ 23, 25, 68).) In the
20 Complaint, the only sections of the FCRA cited by Plaintiff are Section 1681s-2(a) and Section
21 1681m. (See Motion at 6-7, fn. 3-4.) The numerous authorities cited in the Motion (at 6-7) clearly
22 demonstrate, as a matter of well-settled law, that there is no private right of action for violations of
23 Section 1681s-2(a) and Section 1681m. See Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d
24 1057, 1059 (9th Cir. 2002); Howard v. Blue Ridge Bank, 371 F. Supp. 2d 1139, 1146 (N.D. Cal.
25 2005); Rollins v. Peoples Gas Light & Coke Co., 379 F. Supp. 2d 964, 967 (N.D. Ill. 2005);
26 Whisenant v. First Nat'l Bank & Trust Co., 258 F. Supp. 2d 1312, 1316 (N.D. Okla. 2003); Perry v.
27 First Nat'l Bank, 459 F.3d 816, 820, 823 (7th Cir. 2006); Putkowski v. Irwin Home Equity Corp.,
28 423 F. Supp. 2d 1053, 1061-62 (N.D.Cal. 2006); White v. E-Loan, Inc., 409 F. Supp. 2d 1183,

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

1186-87 (N.D. Cal. 2006). In the Opposition, Plaintiff does not address these persuasive authorities. Accordingly, the Motion should be granted without leave to amend.

Rather than address the critical deficiencies of the Complaint, Plaintiff "concedes that he has not articulated the harm suffered [sic] in the most coherent manner." (Opp. at 2.) Plaintiff suggests that Citibank's failure to conduct a "reasonable investigation" regarding the alleged inaccuracy of the credit reporting permits him to state a claim under Section 1681s-2(b). (Id.) The Complaint, however, does not assert a claim for violation of Section 1681s-2(b), and "[i]t is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss." Barbera v. WMC Mortg. Corp., No. C 04-3738 SBA, 2006 WL 167632, at *2 n.4 (N.D. Cal. Jan. 19, 2006) (internal citations omitted) (quoting Car Carriers v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)); see also Perkins v. Silverstein, 939 F.2d 463, 471 n.6 (7th Cir. 1991) ("As a general rule, a complaint may not be amended by briefs in opposition to a motion to dismiss"). Moreover, the Opposition is unclear as to whether Plaintiff is purporting to assert a Section 1681s-2(b) claim because despite professing a belief that Citibank did not conduct a "reasonable investigation," Plaintiff fails to cite any allegations in the Complaint to support his contention and repeats in the Opposition that the failure to "mark the account in dispute" is a violation of Section 1681s-2(a), not 1681s-2(b). Absent specific allegations to support a Section 1681s-2(b) violation (i.e., that a credit reporting agency provided a notice of dispute to the credit furnisher, and the credit furnisher failed to conduct a reasonable investigation following receipt of the dispute), a complaint fails to state a Section 1681s-2(b) claim. See, e.g., Peasley v. Verizon Wireless LLC, 364 F. Supp. 2d 1198, 1200 (S.D. Cal. 2005) (complaint failed to state a of § 1681s-2(b) claim where plaintiff did not allege defendant was ever notified by a CRA); accord Whisenant, 258 F. Supp. 2d at 1317; Dornhecker v. Ameritech Corp., 99 F. Supp. 2d 918, 928-29; Gonzalez v Ocwen Fin. Servs., Inc., No. C0304592 HRL, 2003 WL 23939563, at *2 (N.D. Cal. Dec. 2, 2003).

Based on the foregoing, and the reasons stated in the Motion, the FCRA claim should be dismissed.

LA 51435887

- 3 -

REPLY IN SUPPORT OF MOTION TO DISMISS
Case No. CV 11 2406 MMC

**C.   Plaintiff's Opposition Fails To Cure The Deficiencies Underlying Plaintiff's Rosenthal Act Claim.**

Plaintiff's Third Cause of Action for violation of the Rosenthal Act fails for numerous reasons and nothing in the Opposition changes the conclusion that the Rosenthal Act claim must be dismissed as against Citibank.

<u>First</u>, citing <u>Gorman v. Wolpoff & Abramson, LLP</u>, 584 F.3d 1147 (9th Cir. 2009), <u>cert. denied sub nom.</u> <u>FIA Card Servs., N.A. v. Gorman</u>, 131 S. Ct. 71 (2010), Plaintiff claims that his Rosenthal Act claim is not preempted by the FCRA. Plaintiff's reliance on <u>Gorman</u> is misplaced. In <u>Gorman</u>, the Ninth Circuit held that a claim under California's Consumer Credit Reporting Agencies Act is not preempted by the FCRA. <u>See</u> generally <u>Gorman</u>, 584 F.3d at 1169-73. <u>Gorman</u> does not bear upon the well-settled authority cited in the Motion (at 8-9) holding that the FCRA preempts other state statutory and common-law causes of action premised on alleged inaccurate credit reporting. This includes claims for violation of the Rosenthal Act. Thus, to the extent Plaintiff purports to assert Rosenthal Act claims based on inaccurate credit reporting, the claim clearly is preempted.

<u>Second</u>, nothing in the Opposition refutes the contention that, other than reciting the respective elements of a claim under Sections 1692c(c) and 1692g(b), Plaintiff does not allege facts demonstrating any specific conduct by Citibank. (<u>See</u> Motion at 10.) Indeed, Plaintiff concedes that "this portion of the complaint is not comprehensively plead." (Opp. at 3.) However, despite requesting leave to amend, Plaintiff makes no effort to show how he can amend the Complaint to cure these deficiencies.

<u>Third</u>, Plaintiff does not oppose the Motion to the extent it conclusively demonstrates that the Rosenthal Act does not permit recovery of statutory damages on a per violation basis. As the numerous decisions cited in the Motion (at 10-13) make clear, Plaintiff's request for statutory damages on a per violation basis and in excess of $1,000 is contrary to the plain language of the Rosenthal Act, which limits statutory damages to $1,000 per action. For the reasons stated in the Motion, and because the Motion is unopposed in this regard, the Motion should be granted (to the

1  extent the Court allows the Rosenthal Act claim to proceed), and the Court should enter an order

2  stating that statutory damages under the Rosenthal Act, if any, are limited to a maximum of $1,000.

3        <u>Finally</u>, Plaintiff's Opposition does nothing to address that, to the extent his Rosenthal Act

4  claim rests on alleged "debt collection activity" that commenced on January 16, 2010 (<u>see</u> Compl.,

5  ¶¶ 104-105), it is time barred.  <u>See</u> Cal. Civ. Code § 1730(f).

6  **D.  The Complaint Fails To State A Cause Of Action For Violation Of The UCL.**

7        Regarding the fourth cause of action for violation of the UCL, Plaintiff's Opposition

8  entirely misses the mark.  Whether premised on an alleged "any unlawful, unfair or fraudulent

9  business act or practice" (Cal. Bus. & Prof. Code § 17200), the UCL restricts the right to sue to a

10 "person who has suffered injury in fact and has lost money or property as a result of the unfair

11 competition."  Cal. Bus. & Prof. Code § 17204; <u>see also</u> <u>Californians for Disability Rights v.</u>

12 <u>Mervyn's, LLC</u>, 39 Cal. 4th 223, 228 (2006).  As demonstrated in the Motion, Plaintiff's UCL

13 claim fails because the Complaint does not allege facts demonstrating that he has suffered an

14 "injury in fact" (i.e., "economic injury") caused by an unfair business practice or act.  (<u>See</u> Motion

15 at 13-15 (citing <u>Kwikset v. Super. Ct.</u>, 51 Cal. 4th 310, 322 (2011)); <u>see also</u> <u>Folgelstrom v. Lamps</u>

16 <u>Plus, Inc.</u>, 195 Cal. App. 4th 986, 125 Cal. Rptr. 3d 260, 267 (2011) (stating that "injury-in-fact

17 element of a UCL claim refers to an *economic* injury; a UCL plaintiff's injury in fact [must]

18 specifically involve lost money or property") (citing <u>Kwikset</u>, <u>supra</u>, at 324) (emphasis in original)

19 (internal quotations omitted).

20       Plaintiff's Opposition fails to address these critical deficiencies.  Again, mere references to

21 "restitution" in the Complaint do not satisfy the requirement that Plaintiff must plead facts showing

22 "a personal, individualized loss of money or property" as a result of alleged conduct undertaken by

23 Citibank.  <u>See</u> <u>Kwikset</u>, 51 Cal. 4th at 325.  Despite peppering the Complaint with references to

24 "restitution," Plaintiff never alleges that he actually paid or parted with any money or property

25 based on anything that Citibank did.  <u>See, e.g.</u>, <u>Folgelstrom</u>, 125 Cal. Rptr. 3d at 266 (noting that

26 "[a] typical UCL lawsuit" includes allegations that the plaintiff "made a purchase or otherwise

27 parted with money on account of [the defendant's] allegedly unfair practices.").  Absent factual

28 allegations supporting a claim for restitution, the UCL claim fails.  <u>See, e.g.</u>, <u>Madrid v. Perot</u>

LA 51435887  - 5 -  
REPLY IN SUPPORT OF MOTION TO DISMISS  
Case No. CV 11 2406 MMC

1  Systems Corp., 130 Cal. App. 4th 440, 453 (2005) ("[I]n the context of the UCL, 'restitution' is
2  limited to the return of property or funds in which the plaintiff has an ownership interest (or is
3  claiming through someone with an ownership interest)."); see also Korea Supply Co. v. Lockheed
4  Martin Corp., 29 Cal. 4th 1134, 1149 (2003) (in UCL context, "[t]he object of restitution is to
5  restore the status quo by returning to the plaintiff funds in which he or she has an ownership
6  interest").

7  　　　　To the extent Plaintiff seeks damages, Plaintiff is precluded from recovering damages as a
8  matter of law.  Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1144 (2003) (a
9  "UCL action is equitable in nature; damages cannot be recovered") (citation omitted).  Under the
10 UCL, "[p]revailing plaintiffs are generally limited to injunctive relief and restitution."  Id.  Plaintiff
11 offers no rebuttal to this argument (nor can he).

12 　　　　Finally, Plaintiff's UCL allegations remain impermissibly vague, and the Opposition does
13 not cure this deficiency.  Plaintiff does not cite any allegations of the Complaint and instead relies
14 on unsupported conclusory legal terms like "fraudulent" conduct and "unscrupulous" business
15 practices without supporting such terms with allegations of factual conduct.  Conclusory
16 allegations without factual support are not sufficient to state a claim, even when the pleading party
17 is a pro se plaintiff.  See Hall, 935 F.2d at 1110 (recognizing that "conclusory allegations without
18 supporting factual averments are insufficient to state a claim on which relief can be based . . . .
19 This is so because a pro se plaintiff requires no special legal training to recount the facts
20 surrounding his alleged injury, and he must provide such facts if the court is to determine whether
21 he makes out a claim on which relief can be granted.").

22 　　　　Furthermore, the specific conduct Plaintiff identifies in the Opposition that he does purport
23 to challenge through the UCL – the alleged inaccurate credit reporting (see Opp. at 4) – is
24 preempted by the FCRA for the reasons discussed above and in the Motion.  See Roybal v.
25 Equifax, 405 F. Supp. 2d 1177, 1182 (E.D. Cal. 2005) (the FCRA preempted claims under UCL
26 and CLRA, as well as common-law claims, based upon reporting "erroneous credit information to
27 the national CRAs as a furnisher of credit"); accord Howard, 371 F. Supp. 2d at 1143-44
28 (dismissing claim for violation of UCL based on FCRA preemption).  Nevertheless,

notwithstanding the failure to plead allegations regarding an actionable act of unfair competition, given the Complaint's failure to articulate facts sufficient to establish an economic injury or harm resulting from an act of unfair competition, the UCL claim still fails as a matter of law. Accordingly, the Motion should be granted.

## III.  CONCLUSION

For the foregoing reasons and those in the Motion, Citibank respectfully requests that the Court grant the Motion in its entirety.

Dated:  July 7, 2011

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
MARCOS D. SASSO
ALEXANDRIA KACHADOORIAN


By:      */s/ Alexandria Kachadoorian*
                Alexandria Kachadoorian

Attorneys for Defendant
    CITIBANK, N.A., as successor in interest to
    CITIBANK (SOUTH DAKOTA), N.A.

LA 51435887

- 7 -

REPLY IN SUPPORT OF MOTION TO DISMISS
Case No. CV 11 2406 MMC

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         )  ss
COUNTY OF SAN FRANCISCO  )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Suite 1800, Los Angeles, California 90067-3086.

On July 7, 2011, I served the foregoing document(s) described as: **REPLY OF DEFENDANT CITIBANK, N.A., SUCCESSOR IN INTEREST TO CITIBANK (SOUTH DAKOTA), N.A., IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

See Attached Service List

☐ **(VIA PERSONAL SERVICE)** By causing to be delivered the document(s) listed above to the person(s) at the address(es) set forth above.

☐ **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth below.

☐ **(VIA FACSIMILE)** By causing such document to be delivered to the office of the addressee via facsimile.

☒ **(VIA OVERNIGHT DELIVERY)** By causing such envelope to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express or by a similar overnight delivery service.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 7, 2011, at Los Angeles, California.

|   Rennie Santhon   | /s/ *Rennie Santhon* |
|--------------------|----------------------|
| [Type or Print Name] | [Signature] |

LA 51435887

DEFENDANT CITIBANK (SOUTH DAKOTA), N.A.'S MOTION TO DISMISS
Case No. C 07 1276 MEJ

SERVICE LIST

Nick Makreas
271 Tulare Drive
San Bruno, CA 94066

The Moore Law Group, A.P.C.
Attn: Harvey M. Moore
3710 S. Susan St.
Santa Ana, CA 92704

LA 51435887

DEFENDANT CITIBANK (SOUTH DAKOTA), N.A.'S MOTION TO DISMISS
Case No. C 07 1276 MEJ