1  Harvey M. Moore, Esq., CSB 101128
   Terri Lazo, Esq., CSB 228663
2  The Moore Law Group,
3  A Professional Corporation
   3710 S. Susan Street, Suite 210
4  PO Box 25145
5  Santa Ana, CA 92799
   (714) 431-2000
6
7  Attorneys for Defendant
   The Moore Law Group, A.P.C.
8
9              UNITED STATES DISTRICT COURT
10
11             NORTHERN DISTRICT OF CALIFORNIA
12                SAN FRANCISCO DIVISION
13
14
15
16  NICK MAKREAS,                       )   Case No. 3:11-cv-02406-MMC
17              Plaintiff,              )
18      vs.                             )   **DEFENDANT THE MOORE LAW
                                        )   GROUP, APC'S REPLY TO
19  THE MOORE LAW GROUP, A.P.C. A       )   PLAINTIFF'S OPPOSITION TO
    CALIFORNIA CORPORATION;             )   DEFENDANT'S MOTION TO
20  CITIBANK (SOUTH DAKOTA) N.A., A     )   DISMISS**
    BUSINESS ENTITY, FORM UNKNOWN;      )
21  DOES 1 THROUGH 25 INCLUSIVE, et     )
    al.,                                )   Hearing Date: July 29, 2011
22                                      )   Time: 9 a.m.
23              Defendant(s).           )   Courtroom: 7
24                                      )
25                                      )
26                                      )   Judge: Hon. Maxine Chesney
27
28  ///

    ///

                            1
              Reply to Opposition to Motion to Dismiss

In his Opposition to Defendant The Moore Law Group, APC's (hereinafter referred to as "Defendant") Motion to Dismiss, Plaintiff Nick Makreas (hereinafter referred to as "Plaintiff") spends over half the pleading pontificating upon how Defendant's inaccurate furnishing of information to the credit reporting agencies and failure to conduct a reasonable investigation after subsequent notice of dispute, has harmed him and is the basis of his Complaint. Plaintiff then casually argues unsubstantiated claims of "fraud" violations under Cal. Bus. & Prof. Code § 17200 and failing to inform of debt collector status under 15 U.S.C. § 1692e(11).

**Plaintiff's Arguments Regarding Furnishing of Information and Reasonable Investigation Are Without Merit, Inapplicable to Defendant, Not Alleged in Plaintiff's Complaint, and Nonresponsive to Defendant's Motion to Dismiss**

In his Complaint, Plaintiff never alleged any cause of action or facts against Defendant for inaccurate furnishing of information to the credit reporting agencies and failure to conduct a reasonable investigation after subsequent notice of dispute. In fact, Defendant is unequivocally not a furnisher of information to the credit reporting agencies and therefore not subject to the reasonable investigation prong of the FDCPA in regards to the furnishing of such information and any dispute thereto related. These arguments by Plaintiff are misplaced and not applicable to Defendant or to its Motion to Dismiss. As to the tagged on argument that Defendant failed to timely validate the debt, Plaintiff filed the

1   present action on May 17, 2011, a mere 12 days after the date he alleges Defendant

2   received his validation request; hardly providing Defendant any opportunity to do so.

3

4   **California Business and Professions Code Sections 17200 and 17500**

5

6   Plaintiff's alleges violations of Cal. Bus. & Prof. Code § 17200 and 17500, or the

7   UCL.  Plaintiff's allegation consists of conclusive statements that Defendant violated the

8   fraud prong of UCL § 17200 through allegedly failing to identify himself as a debt

9

10  collector, furnishing information to the credit reporting agencies that the debt was

11  accurate, and failing to do a reasonable investigation.  Two of these allegations are not

12

13  applicable to Defendant as it is not a furnisher of information to the credit reporting

14  agencies and therefore did not and could not report the debt as accurate there on and is not

15

16  called to perform a reasonable investigation if some other party's furnished information is

17  disputed.  The third allegation is a conclusion, one which Plaintiff continues to fail to

18  allege facts to support; and no economic damages are alleged.  As argued at length in

19

20  Defendant's Motion to Dismiss, Plaintiff must plead actual economic damages or no cause

21  of action under the UCL exists. The "injury-in-fact element of a UCL claim refers to an

22

23  *economic* injury; a UCL plaintiff's injury in fact [must] specifically involve lost money or

24  property." *Folgelstrom v. Lamps Plus, Inc.* (Cal. App. 2 Dist., Apr. 29, 2011) 2011 WL

25

26  1601990 (citing *Kwikset, supra*, 51 Cal. 4th at 324).  Therefore, Plaintiff's causes of action

27  under § 17200 and § 17500 fail as a matter of law.

28

Furthermore, as argued in the Motion to Dismiss and below, there was no wrong act on the part of Defendant under the alleged first or second causes of action; therefore, there was also no fraudulent concealment, material misstatements, or intentional violations constituting unlawful, unfair and fraudulent business acts or practices which constitute unfair business practices under California Business and Professions Code Sections 17200 and 17500.

**Plaintiff's Cause of Action Under 15 U.S.C. § 1692e(11) Fails to State Any Facts to Support Its Conclusive Allegation or to Refute Defendant's Motion to Dismiss Arguments Regarding It**

In his Opposition, Plaintiff admits that he failed to plead facts sufficient to constitute the cause of action under 15 U.S.C. § 1692e(11); and yet, he fails to state any additional facts to support his contention.  He addresses none of the arguments of Defendant's Motion to Dismiss regarding this cause of action and appears to just ask the Court to take him at his word that such a violation occurred.  Such pleading is not sufficient to survive a Motion to Dismiss, even if the litigant is a pro per.

Plaintiff pled many of his various other causes of action at length in his Complaint. He cited dates and language.  This is not a case where a pro per litigant has failed to plead any facts.  He pled facts, just none related to this cause of action and it is Defendant's contention that this is because no facts exist to support this allegation. As argued at length in Defendant's Motion to Dismiss, under the first prong of *Twombly*, the tenet that the

1   Court must accept a complaint's allegations as true are inapplicable to threadbare recitals

2   of a cause of action's elements, supported by mere conclusory statements. *Bell Atlantic*

3

4   *Corp v. Twombly* (2007) 550 U.S. 544.

5       To survive a motion to dismiss, the complaint "must contain sufficient factual

6

7   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

8   *Iqbal* (2009) 129 S.Ct. 1937, 1949-50; *citing Twombly, supra,* 550 U.S. at 555.  "A claim

9

10  has facial plausibility when the plaintiff pleads factual content that allows the court to

11  draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

12  Plaintiff's "factual allegations" in the Complaint do not state any concrete facts beyond

13

14  mere recital of the FDCPA code section 1692e(11), along with conclusory statements that

15  Defendant violated such provision.   His cause of action under 15 U.S.C. § 1692e(11) fails

16

17  and should be dismissed with prejudice.

18  **Plaintiff Fails to Oppose Defendant's Arguments in Support of Dismissal for All**

19

20  **Remains Causes of Action and Allegations Therein**

21      In his Opposition to Defendant's Motion to Dismiss, Plaintiff fails to even mention

22

23  his causes of action against Defendant for violations of 15 U.S.C. 1692g(a), 15 U.S.C.

24  1692g(b), 15 U.S.C. § 1681b, 15 U.S.C. 1681(n), 1681n(a)(1)(A), 15 U.S.C. 1681o(a), 15

25

26  U.S.C. 1681o(b), and Cal. Civ. Code § 1788.17; and therefore does not refute or oppose

27  Defendant's motion to dismiss such causes of action.

28

As argued at length in Defendant's Motion to Dismiss, Plaintiff's first and third causes of action for violations of debt notice and post cease and desist contact, under the FDCPA and the Rosenthal Act, are without merit. Plaintiff alleges violation of 15 U.S.C. 1692g(a) and Cal. Civ. Code § 1788.17, however pleads that he received a 30 day notice letter on or about April 13, 2011, with an initial contact from Defendant on April 7, 2011, and therefore compliance with the 5 day rule. (Complaint ¶ 29, 32). Plaintiff also alleges violation of 15 U.S.C. 1692g(b) and the Rosenthal Act, post verification or validation request contact, i.e. post cease and desist contact. However, the facts, as pled in Plaintiff's Complaint, clearly state that all contact by Defendant occurred from April 7, 2011 through May 4, 2011, thus predating receipt of the validation request on May 5, 2011. (Complaint ¶¶ 30, 32).

The gist of Plaintiff's second cause of action against Defendant for violation of the FCRA is that Defendant allegedly placed two unauthorized inquiries into Plaintiff's credit report with no permissible purpose. (Complaint ¶ 54). As argued at length in Defendant's Motion to Dismiss, 15 U.S.C. § 1681b specifically allows a collection law firm such as Defendant to pull a debtor's credit report in connection with collecting on a delinquent credit card account. Since Defendant had an absolute right to run Plaintiff's credit report, Defendant did not violate 15 U.S.C. 1681(n) or 1681n(a)(1)(A), willful noncompliance, or 15 U.S.C. 1681o(a) negligent noncompliance, as alleged in the Complaint; and Plaintiff is not entitled to attorney's fees pursuant to 15 U.S.C. 1681o(b), particularly since he is in pro per.

Reply to Opposition to Motion to Dismiss

**Conclusion**

For the foregoing reasons and based upon the lengthy argument in Defendant's Motion to Dismiss, Defendant respectfully requests the Court grant its Motion to Dismiss as to all causes of action, without leave to amend.

Dated:  July 12, 2011                                    The Moore Law Group, APC

                                                         By:        /s/ Terri Lazo
                                                         _____
                                                         Harvey M. Moore
                                                         Terri Lazo
                                                         Attorneys for Defendant
                                                         The Moore Law Group, APC

///

///

///

///

///

///

///

///

///

///

///

1

## **CERTIFICATE OF SERVICE**

2

3      I, Terri Lazo, do hereby certify that on July 12, 2011, a copy of the forgoing

4  document was sent via U.S. Mail to:

5

6      Nick Makreas

7      271 Tulare Drive

8      San Bruno, CA 94066

9

10      Julia B. Strickland, Esq.

11      Marcos D. Sasso, Esq.

12      A.R. Kachadoorian, Esq.

13      Stroock & Stroock & Lavan LLP

14      2029 Century Park East, Suite 1600

15      Los Angeles, CA 90067-3086

16

17

18

19                              _____/s/ Terri Lazo_____

20                                    TERRI LAZO

21

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Reply to Opposition to Motion to Dismiss

PROOF OF SERVICE
STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the county of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 3710 S. Susan Street, Suite 210, Santa Ana, CA 92704.

On July 12, 2011, I served the foregoing documents described as:
**Reply to Opposition to Motion to Dismiss**

[ ] by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

[x] by placing ____ the original _x_ a true copy thereof enclosed in sealed envelopes addressed as follows:

[ ] by causing personal service of the foregoing document via DDS at the following address:
**Nick Makreas**
**271 Tulare Drive**
**San Bruno, CA 94066**

**Julia B. Strickland, Esq.**
**Marcos D. Sasso, Esq.**
**A.R. Kachadoorian, Esq.**
**Stroock & Stroock & Lavan LLP**
**2029 Century Park East, Suite 1600**
**Los Angeles, CA 90067-3086**
[ x] BY MAIL

[ ] I deposited such envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

[x ] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] ** (VIA EMAIL) I caused the above-referenced document to be delivered via electronic mail to the above-referenced email address.

[ ] ** (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

[ ] **(VIA ONTRAC OVERNIGHT EXPRESS) As follows: I am "readily familiar" with the firm's practice of practice of collection and processing documents for overnight delivery.

[ ] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ x](Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 12, 2011, at Santa Ana, California

_____/s/ Terri Lazo_____
TERRI LAZO

Reply to Opposition to Motion to Dismiss