1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
11

NICK MAKREAS,                                          No. C-11-2406 MMC

12

        Plaintiff,                          **ORDER GRANTING IN PART AND**
**DEFERRING IN PART RULING ON**

13

  v.                                                        **DEFENDANTS' MOTIONS TO DISMISS;**
**VACATING HEARING; AFFORDING**

14

THE MOORE LAW GROUP, A.P.C., et al.,          **PLAINTIFF LEAVE TO FILE FIRST**
**AMENDED COMPLAINT; CONTINUING**

15

        Defendants.                        **CASE MANAGEMENT CONFERENCE**
_____/

16
17

    Before the Court are two motions to dismiss the complaint filed by plaintiff Nick

18

Makreas:  (1) defendant Citibank (South Dakota), N.A.'s ("Citibank") motion to dismiss, filed

19

June 9, 2011 and renoticed June 16, 2011; and (2) defendant The Moore Law Group,

20

A.P.C.'s ("Moore") motion to dismiss, filed June 16, 2011 and renoticed June 17, 2011.

21

Plaintiff, who proceeds pro se, has filed opposition to each motion; each defendant has

22

filed a reply.  Having read and considered the papers filed in support of and in opposition to

23

the motions, the Court deems the matters suitable for decision on the parties' respective

24

written submissions, VACATES the hearing scheduled for July 29, 2011, and rules as

25

follows.

26

**A.  Federal Claims Alleged Against Citibank**

27

    **1.  Fair Debt Collection Practices Act**

28

    To the extent plaintiff's First Cause of Action includes a claim that Citibank violated

*United States District Court*
*For the Northern District of California*

1   the ("FDCPA"), the First Cause of Action is subject to dismissal, for two reasons.

2       First, plaintiff cannot state a claim based on his allegation that Citibank unfairly

3   attempted to collect a debt he incurred as a result of his use of his Citibank account (see

4   Compl. ¶¶ 17, 31, 61, 97.a), as the section of the FDCPA on which plaintiff relies applies

5   only to a "debt collector."  See 15 U.S.C. § 1692g.  An entity that attempts to collect a debt

6   it originated, such as Citibank here, is not, as a matter of law, a "debt collector."  See 15

7   U.S.C. § 1692a(6)(F)(ii), Brooks v. Citibank (South Dakota), N.A., 345 Fed. Appx. 260, 262

8   (9th Cir. 2009) (affirming dismissal of FDCPA claim against Citibank, where plaintiff alleged

9   Citibank unfairly attempted to collect debt it had originated).

10      Second, plaintiff cannot state a claim based on his conclusory assertion that Citibank

11  is "vicariously liable" for the acts of other entities alleged to be debt collectors (see Compl.

12  ¶ 34); even assuming plaintiff has sufficiently alleged a violation of the FDCPA by any such

13  other entity, plaintiff fails to allege any facts to support a finding that an agency relationship

14  existed between that entity and Citibank.  See, e.g., Clark v. Capital Credit & Collection

15  Services, Inc., 460 F.3d 1162, 1173 (9th Cir. 2006) (setting forth limited circumstances

16  under which principal can be held liable for violations of FDCPA by agent); Ashcroft v.

17  Iqbal, 129 S.Ct. 1937, 1950 (2009) (holding "legal conclusions" not supported by "factual

18  allegations" fail to state claim upon which relief can be granted).

19      **2. Fair Credit Reporting Act**

20      To the extent the Second Cause of Action includes a claim that Citibank violated the

21  Fair Credit Reporting Act ("FCRA"), the Second Cause of Action is subject to dismissal.

22  Even assuming Citibank violated 15 U.S.C. § 1681m(g)(2) and/or § 1681s-2(a), the

23  sections of FCRA upon which plaintiff relies, no private cause of action for such a violation

24  exists.  See 15 U.S.C. § 1681m(h)(8)(B) (providing § 1681m "shall be enforced exclusively"

25  by certain government agencies); 15 U.S.C. § 1681s-2(d) (providing § 1681s-2(a) "shall be

26  enforced exclusively" by certain government agencies).

27  //

28  //

2

**B. Federal Claims Alleged Against Moore**

   **1.  Fair Debt Collection Practices Act**

   To the extent the First Cause of Action includes a claim that Moore violated the FDCPA, the First Cause of Action is subject to dismissal, for several reasons.

   First, plaintiff cannot state a claim based on his allegation that, after he advised Moore the debt was disputed, Moore did not "validate" the debt.  (See Compl. ¶¶ 30-31.)  A debt collector has "no obligation" to "verify" the debt unless and until the debt collector continues efforts to collect the debt.  See Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 940 (9th Cir. 2007).  Plaintiff's conclusory allegation that Moore's "debt collection activity" has "continued in violation of [FDCPA]" (see Compl. ¶ 31) is insufficient to state a claim, see Iqbal, 129 S.Ct. at 1950, particularly given the date of each alleged contact by Moore, none of which is alleged to have occurred after the date plaintiff alleges Moore received his letter disputing the debt (see Compl. ¶¶ 29-30, 32).

   Second, plaintiff cannot state a claim based on his allegation that a Moore employee left him "voice mail messages" in which the caller did not state she was "attempting to collect a debt."  (See Compl. ¶ 32.)  Moore was required to make such a disclosure to plaintiff only in its "initial" communication to him, see 15 U.S.C. § 1692e(11), and, according to plaintiff, Moore had already contacted him by letter to demand payment of the debt prior to plaintiff's receiving any voice mail message from Moore (see Compl. ¶¶ 29, 32).[1]

   Third, although plaintiff alleges the above-referenced voice mail messages did not include a statement identifying the caller as "a debt collector" (see Compl. ¶ 48), such allegation, without more, is insufficient to state a violation of § 1692e(11), the section of the FDCPA on which plaintiff relies for such asserted violation; in particular, plaintiff fails to allege any facts to support a finding that such voice mail message(s) conveyed any

---

   [1]During an "initial" communication with a consumer, a debt collector must advise the consumer that, inter alia, it is "attempting to collect a debt."  See 15 U.S.C. § 1692e(11). Plaintiff does not allege Moore's initial communication was made in violation of § 1692(e)(11).

1   information regarding a debt.  See 15 U.S.C. § 1692e(11) (providing debt collector, when

2   engaging in "subsequent communications," must disclose communication "is from a debt

3   collector"); 15 U.S.C. § 1692a(2) (defining "communication," for purposes of FDCPA, as

4   "the conveying of information regarding a debt directly or indirectly to any person through

5   any medium").

6           **2. Fair Credit Reporting Act**

7           To the extent the Second Cause of Action includes a claim that Moore violated

8   FCRA, the Second Cause of Action is subject to dismissal.  Said claim is based on the

9   allegation that Moore, on two occasions, obtained plaintiff's consumer report from a

10  consumer reporting agency without a "permissible purpose" for doing so.  (See Compl.

11  ¶¶ 54, 58.)  Although a person may not "obtain a consumer report" unless it is "obtained for

12  a purpose" authorized by FCRA, see 15 U.S.C. § 1681b(f), plaintiff's conclusory allegation

13  that Moore lacked a "permissible purpose" (see Compl. ¶¶ 54, 58) is insufficient to state a

14  claim, see Iqbal, 129 S.Ct. at 1950, and particularly given plaintiff's allegation that Moore is

15  "engaged in the business of collecting debts in this state in the ordinary course of business"

16  (see Compl. ¶ 14); FCRA expressly permits receipt of a consumer report for use "in

17  connection with a credit transaction involving the consumer on whom the information is to

18  be furnished and involving the . . . collection of an account of [ ] the consumer," see 15

19  U.S.C. § 1681b(a)(3)(A).

20  **C.  State Law Claims**

21          Plaintiff's claims, other than his FDCPA and FCRA claims, arise under state law.[2]

22  Because the parties are not diverse (see Compl. ¶¶ 8, 15), the Court's jurisdiction over the

23  instant action is based on plaintiff's federal claims.  To the extent the Court has jurisdiction

24  over the state law claims, such jurisdiction is supplemental in nature.  See 28 U.S.C.

25  § 1367(a).

26  _____

27      [2]Plaintiff's First and Second Causes of Action both include a claim under § 17200 of
    the California Business & Professions Code.  Plaintiff's Third and Fourth Causes of Action
28  arise entirely under state law.

1   As discussed below, plaintiff will be afforded leave to amend his federal claims.  The

2   Court will defer ruling on the sufficiency of plaintiff's state law claims, pending amendment,

3   if any, of the federal claims.  See 28 U.S.C. § 1367(c)(3) (providing where sole causes of

4   action over which district court has original jurisdiction have been dismissed, the court may

5   decline to exercise supplemental jurisdiction over remaining claims).

6   **D.  Leave to Amend**

7   In his opposition, plaintiff requests leave to amend in the event the Court dismisses

8   any of his claims.  Although plaintiff does not identify the particular new factual allegations

9   he is prepared to make, the Court will afford plaintiff leave to amend to cure, if he can, the

10  deficiencies identified above.

11  **CONCLUSION**

12  For the reasons stated:

13  1.  Defendants' motions to dismiss are hereby GRANTED in part and DEFERRED in

14  part as follows:

15  a.  To the extent the motions seek dismissal of plaintiff's federal claims, the

16  motions are hereby GRANTED, and the federal claims contained in the First and Second

17  Causes of Action are hereby DISMISSED, with leave to amend.

18  b.  To the extent the motions seek dismissal of plaintiff's state law claims, the

19  Court hereby DEFERS ruling thereon, until such time as plaintiff either pleads a viable

20  federal claim or the Court determines no such claim can be pleaded.

21  2.  If plaintiff wishes to file a First Amended Complaint for the purpose of amending

22  any or all of his federal claims, plaintiff shall file and serve a First Amended Complaint no

23  later than August 19, 2011.[3]  If plaintiff does not file a First Amended Complaint on or

24  before August 19, 2011, the instant action will consist of the state law claims alleged in the

25  initial complaint.

26

27  [3]If plaintiff files a First Amended Complaint, he may, but is not required to, amend
his state law claims.  Plaintiff may not, however, add any new claim(s) or defendant(s)
28  without first obtaining leave of court.  See Fed. R. Civ. P. 15(a)(2).

1       3.  The Case Management Conference is hereby CONTINUED from September 2,

2 2011 to October 28, 2011, at 10:30 a.m.  A Joint Case Management Statement shall be

3 filed no later than October 21, 2011.

4       **IT IS SO ORDERED.**

5

6 Dated:  July 25, 2011

7                                     MAXINE M. CHESNEY
                                    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28