

NICK MAKREAS
271 Tulare Drive
San Bruno, CA 94066
(650) 591-3881
No Fax. No E-Mail
In Pro Se

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| NICK MAKREAS,<br><br>　　　　　Plaintiff,<br>Vs.<br><br><br>THE MOORE LAW GROUP, A.P.C. a California corporation; CITIBANK (South Dakota), N.A., a business entity, form unknown; DOES 1 through 25 INCLUSIVE, et al.,<br><br>　　　　　Defendants. | Case No. 3:11-cv-02406 MMC<br><br>**FIRST AMENDED VERIFIED COMPLAINT FOR**<br><br>1) **Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.**<br>2) **Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.**<br>3) **Violations of California Civil Code § 1788 et seq.**<br>4) **Violations of California Business and Professions Code § 17200 et seq.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.　　This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq., (hereinafter "FDCPA"), Fair Credit Reporting Act 15 U.S.C. § 1681 et seq., (hereinafter "FCRA"), and California Civil

1

Code § 1788 et seq., (hereinafter "Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.     Plaintiff brings this action in response to Defendants entering erroneous and inaccurate information into Plaintiff's credit reports and failing to mark these reports in dispute. Defendants in their collection activities violated Plaintiffs civil rights. Plaintiff does not recall having any agreement with the Defendants.

3.     Defendants entered two of Plaintiff's credit reports during this litigation and entered erroneous and inaccurate information violating Plaintiff's rights and the law, as outlined in the FCRA § 1681q, which is a felony and fineable under United States Code Title 18.

4.     The State of California abides by and adheres to these laws. The Defendants are governed under these laws.

5.     This action seeks redress for the unlawful and deceptive practices committed by the Defendants and their agents and associates in connection with Defendants' efforts to collect an alleged debt.

## JURISDICTION

6.     This court has jurisdiction to hear the FDCPA violations pursuant to 15 U.S.C. § 1692, FCRA pursuant to 15 U.S.C. § 1681, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Thus, federal subject matter jurisdiction is properly founded upon 28 U.S.C. § 1331. This court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) and also lies in 28 U.S.C. § 1332, because the parties' citizenship is diverse and the amount in controversy exceeds $75,000.00.

## VENUE

7.     Venue in this Judicial District is proper pursuant to 28 U.S.C. § 1391(b), in that all events or omissions giving rise to the claims occurred in this Judicial District. Venue is also proper in this Judicial District pursuant to 15 U.S.C. § 1692k(d), in that the Defendants transact business in this Judicial District and the violations of the FDCPA, FCRA, the Rosenthal Act,

2

and California Business and Professions Code § 17200 complained of herein occurred in this Judicial District.

## PARTIES

8.      At all times herein mentioned, Plaintiff was a resident of the County of San Mateo, California, and a consumer as that term is defined by 15 U.S.C. § 1692a(3).

9.      According to Defendants, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5) and under FCRA, § 603 Definitions; rules of construction 15 U.S.C.§ 1681a.

10.     At all times herein mentioned, Defendant, THE MOORE LAW GROUP, A PROFESSIONAL CORPORATION, (hereinafter "MOORE"), is a California corporation.

11.     MOORE is engaged in the business of collecting debts in this state in the ordinary course of business, regularly, on behalf of itself or others.

12.     MOORE is a "Debt Collector" as that term is defined by the FDCPA 15 U.S.C. § 1692a(6); FCRA, 15 U.S.C. § 1681, et seq.; and the Rosenthal Act, Cal. Civil Code § 1788.2(c).

13.     MOORE communicated with the Plaintiff with the intent to collect an alleged debt.

14.     MOORE regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

15.     MOORE'S principal place of business is located at 3710 South Susan St, Suite 210, Santa Ana, CA 92704.

16.     At all times herein mentioned, Defendant, CITIBANK (South Dakota), N.A., (hereinafter "CITI"), is a business entity, form unknown.

17.     CITI is engaged in the business of issuing credit in this state and is defined as a credit lender as that term is defined in the FCRA § 603 Definitions; rules of construction 15 U.S.C. § 1681a(r).

18.     CITI is a person according to FCRA § 603 Definitions; rules of construction 15 U.S.C. § 1681a(b).

3

19.     CITI'S headquarters is located at 701 East 60th Street North, Sioux Falls, SD 57104.

## FACTUAL ALLEGATIONS

20.     On or about January 2, 2010, Plaintiff requested copies of his credit report from three national credit reporting agencies Experian, Equifax, and TransUnion. Upon review the Plaintiff found that Defendant CITI was reporting erroneous, inaccurate, and derogatory information in the Plaintiff's credit reports.  Upon inspecting said credit reports the Plaintiff observed that CITI was listed on the Plaintiff's Experian, Equifax, and TransUnion credit reports indicating an account with them.

21.     Plaintiff sent a "Letter of Dispute" to CITI, on January 13, 2010. This "Letter of Dispute" dated January 13, 2010, was sent via the U.S. Postal Service Certified Mail No. 7009 2820 0004 0588 2799 on January 13, 2010, return receipt requested. This "Letter of Dispute" was received by CITI on January 15, 2010. CITI has not responded with proof of any alleged account and has continued to report erroneous and inaccurate information in Plaintiff's credit reports through today.

22.     Plaintiff subsequently contacted three national credit reporting agencies; Experian, Equifax, and TransUnion, via the U.S. Postal Service with "Letters of Dispute" to have them correct this erroneous and inaccurate reporting by CITI. These letters were also sent Certified Mail with return receipts as follows:

a. Experian, dated February 28, 2010, No: 7009 2820 0003 9963 9041, sent February 28, 2010, and received by Experian on March 5, 2010.

b. Equifax, dated February 28, 2010, No: 7009 2820 0003 9963 9034, sent February 28, 2010, and received by Equifax on March 4, 2010.

c. TransUnion, dated February 28, 2010, No: 7009 2820 0003 9963 9058, sent February 28, 2010, and received by TransUnion March 4, 2010.

23.     All three bureaus have indicated they are reporting information correctly as reported by CITI. CITI has been reporting erroneous and inaccurate information in the Plaintiff's credit reports since January, 2010, in all three credit reporting bureaus. CITI has

4

damaged Plaintiff in the public with reduced credit scores, unavailability of credit, increased costs of credit, reduced availability of goods and services tied to credit ratings, increased costs of those services, as well as fees and costs, including without limitation, attorneys' fees and costs.

24.     CITI has failed to indicate that any of the Plaintiff's credit reports are marked in dispute since January 15, 2010, through today.

25.     CITI'S failure to indicate that the Plaintiff's credit reports are in dispute gives Plaintiff a private cause of action under FCRA sections 1681n and 1681o.

26.     On or about April 21, 2010, Plaintiff received a letter from CITI'S agent CLIENT SERVICES, INC., a debt collector, demanding payment of an alleged account.

27.     Plaintiff responded with a letter requesting "Validation" of the alleged account sent via the U.S. Postal Service, dated February 20, 2010. Said "Letter of Validation" was sent Certified Mail No: 7009 2820 0003 9963 9133 on April 22, 2010, and received by CLIENT SERVICES, INC. on April 27, 2010. Plaintiff, in that letter, demanded that CLIENT SERVICES, INC. "Validate" the alleged debt by providing strict proof of the alleged indebtedness. To date, Plaintiff has not received any response from CLIENT SERVICES, INC., nor CITI, pursuant to Plaintiff's request for "Validation".

28.     Validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account. Case Law in support follows:

Pacific Concrete F.C.U, v, Kauanoe, 62 Haw. 334, 614 P.2d 936 (1980); GE Cap/fa/ Hawaii, Inc. v.

Yonenaka, 25 P.3d 807, 96 Hawaii 32 (Hawaii App 2001); Fooks v. Norwich Housing Authority, 28

Conn. L. Rptr. 371, (Conn. Super.2000); Town of Brookfield v. Candlewood Shores Estates, Inc., 513

A.2d 1218, 201 Conn. 1 (1986); and Solaon v. Godbole, 163 Ill. App. 3d 845, 114 Ill. Dec. 890, 515 N.E.

2d 1045 (3rd Dist 1987).

29.     On or about September 15, 2010, and March 31, 2011, Defendant MOORE entered Plaintiff's Experian credit report with no permissible purpose violating the FCRA 15

5

U.S.C. § 1681(b). Plaintiff did not actively seek credit and no judgment had been entered against Plaintiff.

30.     On April 7, 2011, Adriana, MOORE'S agent, left a message on Plaintiff's voice mail asking that a return call be given to MOORE.  Adriana failed to give notice that this call was from a debt collector, or any of the other information as required by 15 U.S.C. § 1692g.

31.     This initial contact was then followed with a letter received by Plaintiff six days later. This was in direct violation of 15 U.S.C. § 1962g(a), which provides that "[w]ithin five days after initial communication with a consumer in connection with the collection of any debt, send the consumer a written notice containing…"

32.     Plaintiff received a letter from Defendant MOORE claiming that Plaintiff owed them a debt. Plaintiff responded with a validation request to MOORE sent via the U.S. Postal Service, dated May 3, 2011. Said "Letter of Validation" was sent Certified Mail No: 7010 2780 0000 2787 8421 on May 3, 2011, and received by MOORE on May 5, 2011.

33.     Plaintiff, in that letter, asked that MOORE "Validate" the alleged debt by providing strict proof of the alleged indebtedness. To date, Plaintiff has not received any response from MOORE pursuant to his request for "Validation".

34.     Defendant MOORES agent Adriana (unintelligible last name) called Plaintiff a total of thirteen times. Adriana left voice mail messages, in which she failed to give Plaintiff notice that she is attempting to collect a debt (mini Miranda). These calls were placed by said agent on April 7, 8, 11, 13, 14, 20, 21, 22, 25, 26, 28, and on May, 3 and 4, 2011, (see EXHIBIT A), violating FDCPA § 1692e(11) by failing to disclose in subsequent communications that the communication is from a debt collector.

35.     These calls also violated the Telephone Communication Practices Act, and Plaintiff will seek leave to amend this Complaint reflecting these violations.

36.     The purpose of the FDCPA is to eliminate abusive debt collection practices. MOORE is a "Debt Collector" under the FDCPA 15 U.S.C. § 1692a(6) and Rosenthal Act.

37.     CITI and MOORE have both entered erroneous and inaccurate information into Plaintiff's credit reports. CITI failed to mark Plaintiff's credit reports in dispute as required by

FIRST AMENDED VERIFIED COMPLAINT                              3:11-cv-02406 MMC

the FCRA. CITI failed to demonstrate that the amount they alleged Plaintiff owed was accurate, and enlisted debt collectors who also have failed to validate the existence of any debt owed by Plaintiff.

38.     Since the filing of the original Complaint in District Court, Plaintiff pulled his credit report on July 24, 2011, and discovered erroneous and inaccurate information entered again in two credit reports, Experian and Equifax. One or both Defendants have entered an address showing the Plaintiff's home address as "1750 MONTGOMERY ST STE 139, SAN FRANCISCO, CA 94111-1003" (see EXHIBIT B). This address **belongs to Plaintiff's attorney** handling other matters for Plaintiff, and ratifies Plaintiff's claims in the original Complaint that Defendants' are entering erroneous and inaccurate information into Plaintiff's credit reports.

39.     Plaintiff is now reporting to the Court this act, which may be a felony, which occurred during this litigation in District Court. Plaintiff in his original complaint complained about Defendants entering his credit reports on other occasions, and entering erroneous and inaccurate information and failing to mark Plaintiff's credit reports in dispute.

40.     Discovery will clearly determine which of the two or both defendants have possibly committed a felony (entering a credit report during litigation) and violating FCRA 1681q, obtaining information under false pretenses. (U.S. Code Title 15 Chapter 41, subchapter III, 1681q - Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under Title 18, imprisoned for not more than 2 years, or both). As supported with the following case law:

Rice v. Montgomery Ward & Co., Inc. 450 F. Supp. 688, 670-72 (M.D. N.C. 1978) (Defendant violates FCRA if it obtains a consumer report on Plaintiff after Plaintiff institutes an action against defendant. Such an inquiry is impermissible.);

Bils v. Nixon, Hargrave, Devans & Doyle, 880 P.2d 743 (Ariz. App. 1994) (improper to get report to discover information which might be used in litgation); Duncan v. Handmaker, 149 F.3d 424, 426-28 (6th Cir. 1998) (no legitimate business needs to obtain report to prepare for litigation); Bakker v. Mckinnon, 152 F.3d 1007, 1011-12 (8th Cir. 1998) (same);

Auriemma v. Montgomery, 860 f.2d 273, 279, 280-281 (7th Cir. 1998) (extra-judicial I investigation by attorneys improper; no privilege);

7

Mone v. Dranow, 945 F.2d 306, 308 (9th Cir. 1991) (obtaining credit report to investigate for purposes of litigation improper);

Boothe v. TRW Credit Data, 557 F. Supp. 66, 70-71 (S.D.N.Y. 1982); Rylewicz v. Beaton Services, Ltd., 698 F. Supp.. 1391, 1400 n. 10 (N.D. Ill. 1988), aff'd 888F.2d 1175, 1181 (7th Cir. 1989); Houghton v. N.J. Maunfacturer's Ins. Co., 795 F.2d 1144, 1149 (3d Cir. 1986) (obtaining report after litigation for use in litigation improper).

41.     As a direct and proximate result of the Defendants' violation of federal and California law, Plaintiff has suffered irreparable injury to his credit report, credit score, expense of higher interest costs in present and future borrowing, and damage to his reputation in the public. Plaintiff is unable to re-finance his home to pay a lower rate of interest because of the derogatory, erroneous, and inaccurate information entered in his credit reports by Defendants affecting Plaintiff's credit score to a lower than acceptable number for re-financing. This higher rate of interest will amount to tens of thousands of dollars in increased cost to Plaintiff to be proven at trial.

42.     Plaintiff has tried every way possible to resolve these issues amicably but has not been replied to and has been ignored in these matters.

43.     Defendants have been informed of these federal violations and continue to violate the FDCPA, the FCRA, the Rosenthal Act, and the California Business and Professions Code § 17200 and refuse to make Plaintiff whole.

44.     Therefore, Plaintiff has no alternative but to seek relief through the instant action.

## FIRST CAUSE OF ACTION

### Violations of The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

### (Against MOORE)

45.     The plaintiff re-alleges and incorporates by reference the allegations in all paragraphs above as though fully set forth herein.

46.     MOORE failed to disclose in the initial communication, the voice mail communication dated April 7, 2011, that MOORE was a debt collector, thereby violating 15 U.S.C. § 1692e(11).

8

47.     MOORE did not inform Plaintiff within 5 days of initial contact with information related to the debt he was attempting to collect violating 15 U.S.C. § 1692g(a).

48.     MOORE failed to disclose in the remaining twelve voice mails the "mini Miranda"; "in subsequent communications that the communication is from a debt collector" violating 15 U.S.C. § 1692e(11).

49.     **Plaintiff is entitled to statutory damages in the amount of <u>$1,000.00 from</u> <u>MOORE.</u>**

50.     The fraud of the enterprise orchestrated by MOORE violated numerous state and federal laws as set forth above and thus constituted unfair competition under California law, for which restitution is mandatory.

51.     The foregoing fraudulent concealment, material misstatements, and the intentional violations of state and federal statutes cited herein constitute unlawful, unfair and fraudulent business acts or practices, and so constitute unfair business practices within the meaning of the California Unfair Practices Act. Cal. Bus. & Prof. Code §§ 17200, 17500. Sections 17200 et seq. of the California Business & Professions Code provides, in the disjunctive, for liability in the event of any such "unlawful, unfair or fraudulent business act or practice".

52.     **As set forth above, per Cal. Bus. & Prof. Code § 17200 these restitutionary amounts and disgorgement (including damages if recoverable hereunder) are requested by Plaintiff from MOORE.**

### SECOND CAUSE OF ACTION

#### <u>Violation of The Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*</u>

#### (Against Both Defendants)

53.     The plaintiff re-alleges and incorporates by reference the allegations in all paragraphs above as though fully set forth herein.

54.     Defendants CITI and MOORE have harmed Plaintiff in the public by unauthorized entry into Plaintiff's credit report with no permissible purpose, violating 15 U.S.C. § 1681(b), Permissible purposes of consumer reports.

9

55.   This entry with no permissible purpose into Plaintiff's credit report has damaged Plaintiff in the public with reduced credit scores, unavailability of credit, increased costs of credit, reduced availability of goods and services tied to credit ratings, increased costs of those services, as well as fees and costs, including without limitation, attorneys' fees and costs.

56.   Plaintiff is entitled to statutory damages in the amount of $1,000.00 per incident. This incident has occurred daily in the Plaintiff's credit report Experian, since September 15, 2010.

**57.   Plaintiff is entitled to statutory damages in the amount of $1,000.00 from MOORE per day from September 15, 2010, to the present day.**

58.   Defendant MOORE harmed Plaintiff in the public by a second unauthorized entry into Plaintiff's credit report with no permissible purpose violating 15 U.S.C. § 1681(b), Permissible purposes of consumer reports.

59.   Plaintiff is entitled to statutory damages in the amount of $1,000.00 per incident. This incident has occurred daily in the Plaintiff's credit report Experian, since March 31, 2011.

**60.   Plaintiff is entitled to statutory damages in the amount of $1,000.00 from MOORE per day from March 31, 2011, to the present day.**

61.   One or both Defendants entered Plaintiff's two credit reports on or about July 1, 2011 with no permissible purpose and entered erroneous and inaccurate information while possibly committing a felony.

**62.   Plaintiff is entitled to statutory damages in the amount of $1,000.00 from MOORE and/or CITI per day from July 1, 2011, to the present day, times two reports.**

63.   Defendant CITI is a credit lender and as such governed under the law by the FCRA and has failed to mark the Plaintiff's account in dispute, and by reporting erroneous and inaccurate information in the Plaintiff's credit report, has damaged Plaintiff in the public with reduced credit scores, unavailability of credit, increased costs of credit, reduced availability of goods and services tied to credit ratings, increased costs of those services, as well as fees and costs, including without limitation, attorneys' fees and costs.

64.   Defendant CITI and MOORE have damaged Plaintiff by unauthorized actions

10

and willful noncompliance.

65.   Plaintiff disputed the erroneous and inaccurate information with CITI and three credit bureaus without any investigation having been conducted by CITI, and CITI failed to mark Plaintiff's reports in dispute giving rise for Plaintiff's private right of action under 15 U.S.C. § 1681(n). As a result of this unauthorized action by CITI, Plaintiff is entitled to damages of $1,000.00 pursuant to 15 U.S.C. § 1681(n) per incident. This incident has occurred daily violating FCRA § 616. Civil liability for willful noncompliance 15 U.S.C. § 1681n(a)(1)(A).

66.   Plaintiff is entitled to damages in the amount of $1,000.00 per incident. This incident has been caused daily by CITI from January 16, 2010, to the present day.

67.   **Plaintiff is entitled to statutory damages in the amount of $1,000.00 from CITI per day from January 16, 2010, to the present day times three for each credit reporting bureau.**

68.   A second incorrect entry into two of Plaintiff's credit reports has been caused daily by CITI and/or MOORE from July 24, 2011, to the present day.

69.   **Plaintiff is entitled to statutory damages in the amount of $1,000.00 from CITI and/or MOORE per day from July 24, 2011, to the present day times two for each credit reporting bureau.**

70.   Defendants have damaged Plaintiff by their unauthorized actions and negligent noncompliance. Plaintiff believes CITI and MOORE are well schooled in their field of business and chose to violate the rights of the plaintiff for monetary gain. Both Defendants have violated FCRA § 617, and are therefore civilly liable for this noncompliance. 15 U.S.C. § 1681o(a). Plaintiff further alleges that as a result of the damages Plaintiff has suffered directly are related to CITI and/or MOORES violations of unauthorized entry into Plaintiffs credit reports.

71.   **Plaintiff is entitled to punitive damages 15 U.S.C. § 1681n(2) in the amount of $100,000.00 from CITI.**

72.   **Plaintiff is entitled to punitive damages 15 U.S.C. § 1681n(2) in the amount**

11

of **$100,000.00 from MOORE.**

73.     These incidents perpetrated by CITI and MOORE against Plaintiff resulted in damage to Plaintiff. Plaintiff has suffered irreparable injury to his credit report, credit score, expense of higher interest costs in future borrowing, and damage to his reputation in the public.

74.     Plaintiff is entitled to damages according to proof pursuant to 15 U.S.C. § 1681o.

75.     Plaintiff is entitled to the costs of this action together with reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(b).

### THIRD CAUSE OF ACTION

### (Against both Defendants)

### Violations of California Civil Code § 1788 et seq.

76.     Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

77.     Defendants MOORE and CITI have violated the Rosenthal Act, California Civil Code §§ 1788-1788.33.

78.     Plaintiff is a "debtor" as that term is defined by the Rosenthal Act, Cal. Civil Code § 1788.2(h).

79.     The financial obligation alleged to be owed to CITI by Plaintiff is a "consumer debt" as that term is defined by the Rosenthal Act, Cal. Civil Code § 1788.2(f).

80.     Defendants, MOORE and CITI, are "Debt Collectors" as that term is defined by the Rosenthal Act, Cal. Civil Code § 1788.2(c).

81.     Defendants have violated the Rosenthal Act in the following respects:

a)     Defendants MOORE and CITI continued to communicate with Plaintiff, in an attempt to collect the debt allegedly owed to CITI, even after receiving written notification that Plaintiff refused to pay an un-validated debt being collected. CITI violated 15 U.S.C. § 1692c(c), as incorporated by Cal. Civil Code § 1788.17; and

12

b) Defendants' continued collection efforts against Plaintiff even after receiving a written notification within the 30-day validation period from Plaintiff, disputing the debt being collected in its entirety without first obtaining a verification of the debt and mailing a copy of such verification to Plaintiff, in violation of 15 U.S.C. § 1692g(b), as incorporated by Cal. Civil Code § 1788.17.

82. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

83. Pursuant to Cal. Civil Code §1788.32, the remedies provided under the Rosenthal Act are intended to be cumulative, and in addition to, any other procedures, rights, or remedies that the Plaintiff may have under any other provision of law.

84. As a result of this willful and knowing act by MOORE, Plaintiff is entitled to statutory damages of $1,000.00 pursuant to Cal. Civil Code § 1788.30(b) per incident. This incident has occurred daily from October 1, 2010, to the present day.

85. **Plaintiff is entitled to statutory damages in the amount of $1,000.00 from MOORE per day from October 1, 2010, to the present day.**

86. MOORE'S second entry into Plaintiff's credit report has occurred daily from March 31, 2011, to the present day.

87. **Plaintiff is entitled to statutory damages in the amount of $1,000.00 from MOORE per day from March 31, 2011, to the present day.**

88. As a result of this willful and knowing act by CITI, Plaintiff is entitled to statutory damages of $1,000.00 pursuant to Cal. Civil Code § 1788.30(b) per incident. This incident has occurred daily from January 16, 2010, to the present day.

89. **Plaintiff is entitled to statutory damages in the amount of $1,000.00 from CITI per day from January 16, 2010, to the present day.**

90. CITI and/or MOORE'S July 1, 2011 entry into Plaintiff's credit report is a willful and knowing act. Plaintiff is entitled to statutory damages pursuant to Cal. Civil Code § 1788.30(b) per incident. This incident has occurred daily from July 1, 2011, to the present day.

13

91.    Plaintiff is entitled to statutory damages in the amount of $1,000.00 from CITI per day from July 1, 2011, to the present day times two reports.

### FOURTH CAUSE OF ACTION

#### (Against both Defendants)

### Unfair Competition [Violations of Cal. Bus. & Prof. Code § 17200 et seq.]

92.    Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

93.    The fraud of the enterprise orchestrated by MOORE and CITI violated numerous state and federal laws as set forth above and thus constituted unfair competition under California law, for which restitution is mandatory.

94.    Upon completion of sufficient Discovery, Plaintiff will seek leave to amend this Complaint to supplement the foregoing allegations with respect to additional violations.

95.    The foregoing violations were in furtherance of the fraud perpetrated on Plaintiff by Defendants.

96.    The foregoing fraudulent concealment, material misstatements, and the intentional violations of state and federal statutes cited herein constitute unlawful, unfair and fraudulent business acts or practices and so constitute unfair business practices within the meaning of the California Unfair Practices Act. Cal. Bus. & Prof. Code §§ 17200, 17500. Sections 17200 et seq. of the California Business & Professions Code provides, in the disjunctive, for liability in the event of any such "unlawful, unfair or fraudulent business act or practice."

97.    The actions described herein are unfair and patently fraudulent in that they were conducted for the specific purposes of first perpetuating an unlawful and unsustainable scheme. Both Defendants violated 15 United States Code § 1692 et seq., 15 United States Code § 1681 et seq., and California Civil Code § 1788 et seq.

98.    As a result of their actions, concealment and deceit described herein, Plaintiff has suffered material financial injury in fact, costs and expenses related to legal matters, reduced credit scores, diminished access to credit, unavailability of credit, increased costs of

FIRST AMENDED VERIFIED COMPLAINT                                 3:11-cv-02406 MMC

credit, reduced availability of goods and services tied to credit ratings, increased costs of those services, as well as fees and costs, including, without limitation, attorneys' fees.

99.    As a further result of the actions, concealment and deceit described herein, Plaintiff has lost money as a result of such unfair competition.

100.    The foregoing unlawful activities were pervasive and violate Business & Professions Code § 17200 et seq.

101.    As a result of all Defendants' unfair competition, Plaintiff is entitled to restitution for all sums received by any Defendant with respect to their unlawful and/or unfair and/or fraudulent conduct.

102.    **As set forth above, these restitutionary amounts and disgorgement (including damages if recoverable hereunder) are requested by Plaintiff from all Defendants individually.**

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that relief be granted as follows:

a.    For actual damages according to proof, plus interest thereon as provided by law;

b.    For pre and post judgment interest;

c.    For general damages;

d.    For punitive damages;

e.    For treble damages;

f.    For an order that Defendants must remove any derogatory information and inquires from all major credit-reporting agencies, Experian, Equifax, TransUnion, and any other known credit reporting agencies that Defendants have used now or may use in the future;

g.    For Defendants to provide a letter and/or Universal Data Form indicating that they have done this and send same to Plaintiff;

h.    For Defendants to be barred now and in the future from re-entering this information into Plaintiff's credit reports;

i.    For Defendants to cease and desist any further collection activities against Plaintiff,

15

and Defendants may not sell or transfer the alleged account to any other collection agency, attorney, or entity, now or in the future;

j. For award to Plaintiff of statutory damages and actual damages pursuant to 15 U.S.C. §§ 1692k(a)(2)(A) and 15 U.S.C. 1681o(a) and Cal. Civil Code § 1788.30(b) and 15 U.S.C.§ 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17;

k. For statutory damages per other codes;

l. For award to Plaintiff of the costs of this action and reasonable attorneys' or Private Attorney General Fees pursuant to 15 U.S.C. §§ 1692k(a)(3) and 15 U.S.C. § 1681o(b) and Cal. Civil Codes §§ 1788.17 and 1788.30(c);

m. For award of Plaintiff's attorneys' fees and costs per other codes;

n. For such other, further, and different relief as the Court deems just and proper.


Dated: August 17, 2011                    By:  _Nick Makreas_

NICK MAKREAS, in Pro Se
271 Tulare Drive
San Bruno, CA 94066
(650) 591-3881

16

## DEMAND FOR JURY TRIAL

Complainant moves this court pursuant to Fed. R. Civil Code P Rule 38 "Jury Trial of Right" and thereby demands a Jury Trial. The undersigned certifies that a copy hereof has been served upon the parties listed in the Certificate of Service.

Dated: August 17, 2011

By _____

NICK MAKREAS in Pro Se

17

1

## VERIFICATION OF COMPLAINT AND CERTIFICATION

2

3 STATE OF CALIFORNIA          )
                              ) ss
4 COUNTY OF SAN MATEO          )

5

6 Plaintiff, NICK MAKREAS, states the following:

7      1.  I am the Plaintiff in this civil proceeding.

8      2.  I have read the above-entitled civil Complaint and I believe that all the facts

9          contained in it are true to the best of my knowledge, information and belief formed

10         after reasonable inquiry.

11     3.  I believe that this civil Complaint is well grounded in fact and warranted by existing

12         law or by good faith argument for the extension, modification, or reversal of

13         existing law.

14     4.  I believe that this civil Complaint is not interposed for any improper purpose, such

15         as to harass any Defendant, cause unnecessary delay to any Defendant, or create a

16         needless increase in the cost of litigation to any Defendant, named in the Complaint.

17     5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in

18         it.

19 Pursuant to, 28 U.S.C. 1746(2), I, Nick Makreas, hereby declare (or certify, verify, or state)

20 under penalty of perjury that the foregoing is true and correct.

21

22                                                     _Nick Makreas_

23                                                     NICK MAKREAS

24

25

26

27

28

18

"EXHIBIT A"

# **EXHIBIT A**

## **INITIAL CONTACT BY MOORE TO PLAINTIFF'S VOICE MAIL**

April 7, 2011
> VOICE MAIL: saved message Thursday, April 7th, 9:51 a.m.
> MOORE: This is Adriana (unintelligible last name) calling from the
> Moore Law Group for Nick Makreas please return my call at 800-
> 506-2652 extension 142 thank you

## **SUBSEQUENT CONTACTS BY MOORE TO PLAINTIFF'S VOICE MAIL**

April 8, 2011
> VOICE MAIL: saved message Friday, April 8th  9:56 a.m.
> MOORE: Ahh this is Adriana (unintelligible last name) calling from the
> Moore Law Group for Nick Makreas please return my call at 800-
> 506-2652 extension 142 thank you.

April 11, 2011
> VOICE MAIL: saved message Monday, April 11th  12:53 p.m.
> MOORE: This is Adriana (unintelligible last name) calling from the
> Moore Law Group for Nick Makreas please return my call at 800-
> 506-2652 extension 142 thank you.

April 13, 2011
> VOICE MAIL: saved message Wednesday, April 13th  9:13 a.m.
> MOORE: This is Adriana (unintelligible last name) calling from the
> Moore Law Group for Nick Makreas please return my call at 800-
> 506-2652 extension 142 thank you.

April 14, 2011
> VOICE MAIL: saved message Thursday, April 14th  7:04 p.m.
> MOORE: This is Adriana (unintelligible last name) calling from the
> Moore Law Group of, for ahh Nick Makreas please return my call
> at 800-506-2652 extension 142 thank you.

April 20, 2011
> VOICE MAIL: saved message Wednesday, April 20th  9:56 a.m.
> MOORE: This is Adriana (unintelligible last name) calling from the
> Moore Law Group for Nick Makreas please return my call at 800-
> 506-2652 extension 142 thank you.

April 21, 2011
> VOICE MAIL: saved message Thursday, April 21st 6:27 p.m.
> MOORE: This is Adriana (unintelligible last name) calling from the
> Moore Law Group for Nick Makreas please return my call at 800-506-2652 extension 142 thank you.

April 22, 2011
> VOICE MAIL: saved message Friday, April 22nd 12:24 p.m.
> MOORE: This is Adriana (unintelligible last name) calling from the
> Moore Law Group for Nick Makreas please return my call at 800-506-2652 extension 142 thank you.

April 25, 2011
> VOICE MAIL: saved message Monday, April 25th 10:04 a.m.
> MOORE: This is Adriana (unintelligible last name) calling from the
> Moore Law Group for Nick Makreas please return my call at 800-506-2652 extension 142 thank you.

April 26, 2011
> VOICE MAIL: message Tuesday, April 26th 4:26 p.m.
> MOORE: This is Adriana (unintelligible last name) calling from the
> Moore Law Group for Nick Makreas please return my call at 800-506-2652 extension 142 thank you.

April 28, 2011
> VOICE MAIL: saved message Thursday, April 28th 11:26 a.m.
> MOORE: This is Adriana (unintelligible last name) calling from the
> Moore Law Group for Nick Makreas please return my call at 800-506-2652 extension 142 thank you.

May 3, 2011
> VOICE MAIL: saved message Tuesday, May 3rd 7:12 p.m.
> MOORE: This is Adriana (unintelligible last name) calling from the
> Moore Law Group for Nick Makreas please return my call at 800-506-2652 extension 142 thank you.

May 4, 2011
> VOICE MAIL: saved message Wednesday, May 4th 7:13 p.m.
> MOORE: This is Adriana (unintelligible last name) calling from the
> Moore Law Group for Nick Makreas please return my call at 800-506-2652 extension 142 thank you.

EXHIBIT A          PAGE 2 OF 2

"EXHIBIT B"

NICK J MAKREAS
Report As Of: 7/24/2011

# Personal Information

Here you will find your personal information, including your legal name(s), year of birth, current and previous addresses, and current and previous employers.

| Profile | | Equifax |
|---|---|---|
| **Name** | NICK J MAKREAS | |
| **(Also Known As) AKA** | NICHOLAS MAKREAS | |
| **Year of Birth** | 1954 | |
| **Address(es)** | 1750 MONTGOMERY ST STE 139, SAN FRANCISCO, CA 94111-1003 | **What's missing from this picture?** |
| | 271 TULARE DR, SAN BRUNO, CA 94066-2560 | See your Experian, Equifax and TransUnion Credit Reports and Scores at a special "Members Only" price. |
| | PO BOX 1717, SAN BRUNO, CA 94066-7717 | www.FreeCreditReport.com |
| **Current Employer** | SELF EMPLOYED | |
| **Previous Employer** | SELF | |

## Personal Statement

This space is reserved for statements of dispute. For most consumers, no information appears in this section.

"EXHIBIT B"    PAGE 1 OF 2

| Current | PO BOX 1717 | SAN BRUNO | CA | 94066 |
| Former Address 1 | 271 TULARE DR | SAN BRUNO | CA | 94066 |
| Former Address 2 | 1750 MONTGOMERY ST STE 139 | SAN FRANCISCO | CA | 94111 |

## Other Identification
**You have no other identification on file.**

## Employment History
**You have no Employment History on file.**

## Alert(s)
**You have no Alerts on file.**

## Consumer Statement
**You have no Consumer Statement on file.**

↺Back to Top

## Dispute File Information

If you believe that any of the information found on this report is incorrect, there are 3 ways to launch an investigation about the information on this report.

When you file a dispute, the credit bureau you contact is required to investigate your dispute within 30 days. They will not remove accurate data unless it is outdated or cannot be verified.

To initiate a dispute online please visit https://www.ai.equifax.com

To check the status or view the results of your dispute please visit https://www.ai.equifax.com

↺Back to Top

"EXHIBIT B"     PAGE 2 OF 2