Nick Makreas
271 Tulare Drive
San Bruno, CA 94066
Plaintiff, *In Pro Per*

**FILED**
SEP 15 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK MAKREAS,<br><br>Plaintiff.<br><br>vs.<br><br>THE MOORE LAW GROUP, A.P.C.. A PROFESSIONAL CORPORATION;<br><br>CITIBANK (SOUTH DAKOTA) N.A., A BUSINESS ENTITY, FORM UNKONWN,<br><br>DOES 1 THROUGH 25 INCLUSIVE, et al.,<br><br>Defendants | Case No.: 3:11-cv-2406-MMC<br><br>**NOTICE OF OPPOSITION TO DEFENDANT CITIBANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: October 7, 2011<br>Time: 9:00 a.m.<br>Courtroom: 7<br>Judge: The Hon. Maxine Chesney |

## I. INTRODUCTION

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 7, 2011 in Courtroom 7 of the above-captioned court located at 450 Golden Gate Avenue, San Francisco, CA 94102, at 9 a.m. or as soon therafter as the matter may be heard, Plaintiff, Nick Makreas ("Plaintiff") will oppose the motion for an order dismissing Plaintiffs complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) brought by the defendant, CITIBANK, N.A. ("Citibank").

/
/
/

## MEMORANDUM OF POINTS AND AUTHORITES

## II. LEGAL STANDARDS

The only salient issue before a federal district court in a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure is whether a complaint contains "sufficient factual matter, *accepted as true*, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). Furthermore, when a plaintiff is proceeding in pro per, the United States Supreme Court has held that "a document filed *pro se* is to be 'liberally construed' and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

Thus, motions to dismiss a claim for failure to state a claim upon which relief may be granted are reserved for situations in which plaintiffs have failed to state facts (facts are automatically assumed to be true for the purpose of this motion) that lead to a "cognizable legal theory." *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the ASSUMPTION THAT ALL THE allegations in the complaint are true") (emphasis in original); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"), *Scheuer v. Rhodes*, 416 U.S. 232, 236 (a properly pleaded complaint may proceed even if appears that is factual basis is so weak "that a recovery is remote and very unlikely."); *al-Kidd v. Ashcroft*, 2009 WL 2836448 (Sept. 4, 2009) ( "[W]e proceed as we must in a review of *all* Rule 12(b)(6) motions, accepting as true *all* facts alleged in the complaint, and drawing *all reasonable*

*inferences in favor of the plaintiff*") (emphasis added); *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1988).

### III. ARGUMENT

**A. The Plaintiff has Properly Plead Facts to For Violations of the Fair Credit Reporting Act and the Rosenthal Act**

Under binding Ninth Circuit jurisprudence, a "furnisher" of credit information may be held liable for not conducting a "reasonable investigation" after receiving a dispute letter from a debtor. *Gormann v. Wolpoff & Abramson LLP*, 584 F.3d 1147, 1172-73 (9th Cir. 2009); 15 U.S.C. § 1681s-2(b). In the plaintiff's complaint, the plaintiff alleges that he sent a dispute letter to Citibank's agent, Moore Law Group, A.P.C., in May 2011. Subsequent to the plaintiff's letter being sent, as the plaintiff's complaint alleges, Citibank and Moore have done nothing to rectify the erroneous information listed on the plaintiff's credit report. Indeed, it is patently obvious that Moore has not conducted a "reasonable investigation" into the plaintiff's dispute and the subject purported debt, as he has listed the address for an attorney that plaintiff has hired for other issues in the plaintiff's credit report, as the complaint alleges. An inclusion of an incorrect address on plaintiff's credit report, of an individual who has nothing to do with the purported debt, shows gross negligence on behalf of Citibank. Consequently, there is no basis for this Court to grant a motion to dismiss, as the plaintiff properly pleads the grossly unreasonable nature of Citibank's conduct, and the plaintiff is entitled to redress from this conduct under binding appellate precedent. *Gormann*, 584 F.3d at 1172-73.

Furthermore, Citibank is again incorrect by arguing that this is a new "claim" brought for the first time in plaintiff's first amended complaint that may not be brought without leave of Court. The plaintiff alleged violations of the Fair Credit Reporting Act in his original complaint, and the mere fact that the cause of action is of a slightly different nature does not mean that it is a

different "claim" altogether. Indeed, the "claim" involves the same statute and the same defendants.

Moreover, the plaintiff has properly pleaded a Rosenthal Act claim. The Rosenthal Act requires creditors subject to its statutory scheme to comply with the Fair Debt Credit Reporting Act. *See* Cal. Civ. Code § 1788.17 (which requires compliance with 15 U.S.C. § 1692b). After the plaintiff sent the dispute letter to Citibank, Citibank continued to make misstatements about the plaintiff's account, and indeed put an incorrect address of another individual (plaintiff's counsel in other matters) on plaintiff's credit report, which is a direct violation of the Rosenthal Act.

The defendant erroneously argues that the Rosenthal Act is preempted by the Fair Debt Credit Reporting Act, but the Ninth Circuit directly rejected that contention in *Gorman*. The Ninth Circuit held that "[b]ecause the plain language of the preemption provision does not apply to private rights of action, and because the likely purpose of the express exclusion was precisely to permit private enforcement of these provisions, we hold that the private right of action to enforce section 1785.25(a) is not preempted by the FCRA." *Gorman*, 584 F.3d at 1173.

**B. The Plaintiff has Properly Plead a Cause of Action for Violations of California Business and Professions Code Section 17200**

Moreover, Citibank violated Business and Professions Code Section 17200 by repeatedly making misrepresentations and reporting inaccurate information regarding the plaintiff's debt. Business and Professions Code (CBPC) § 17200 prohibits any unlawful, unfair, or fraudulent business practice. "Because Business and Professions Code Section 17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." *Schvartz v. Budget Group* (2000) 81 Cal.App.4th 1153, 1159 (quoting *Podolsky v. First Healthcare Corp.* (1996) 50 Cal.App.4th 632, 647).

"The 'fraud' prong of Business and Professions Code Section 17200 is unlike common law fraud or deception. A violation can be shown even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage. Instead, it is only necessary to show that members of the public are likely to be deceived." *Podolsky*, 50 Cal.App.4th at 647-648. Citibank violated the "fraudulent" prong of UCL § 17200 by not conducting a "reasonable investigation" and making no attempt to verify the accuracy of the amount it claimed the plaintiff owed. A member of the public would likely be deceived by such statements, given Citigroup's status in the marketplace as a prominent lender.

The "unfairness" prong is "intentionally broad . . . ." *Podolsky*, 50 Cal.App. 4th at 647. While the scope of the law "is not unlimited . . ., [t]he test of whether a business practice is unfair involves balancing the utility of the defendant's conduct against the gravity of the alleged victim's harm." *Schvartz*, 81 Cal.App. 3d at 1157 (citing *Cal-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, (1999) 20 Cal. 4th 163, 182. Finally, "[a]n unfair business practice occurs when the practice 'offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *Podolsky*, 50 Cal. App. 4th at 647 (quoting *People v. Casa Blanca Convalescent Homes, Inc.*, (1984) 159 Cal.App.3d 509, 530.

In the instant case, there appears to be little question that the gravity of the plainitff's harm (facing having to pay an artificially high amount and violating federal law) outweighs the utility of the defendants' conduct (being permitted to play fast and loose with the facts to credit reporting agencies about the amount that plaintiff owes). This is the precise type of "unscrupulous" business practice mentioned by the *Podolsky* Court that is "unethical" and "substantially injurious to consumers."

Furthermore, the "unlawful" prong, the defendant's violation of the FDCPA and the FCRA are independently actionable under UCL 17200. *Puentes v. Wells Fargo Home Mortgage, Inc..* (2008) 160 Cal.App.4th 643-44. Consequently, the plaintiff has stated a claim under the "unlawful prong" of UCL 17200 as well.

**B. Conclusion**

Based on the foregoing, Plaintiffs requests that the defendant's motion be denied and that this case proceed towards trial.

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

Dated: September 15, 2011

                                      Respectfully Submitted,

                                      */s/ Nick Makreas*
                                      NICK MAKREAS