1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NICK MAKREAS,

        Plaintiff,

  v.

THE MOORE LAW GROUP, A.P.C., et al.,

        Defendants.

                           /

No. C-11-2406 MMC

**ORDER GRANTING IN PART AND DENYING IN PART MOORE LAW GROUP'S MOTION TO DISMISS; GRANTING CITIBANK'S MOTION TO DISMISS; AFFORDING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT; CONTINUING CASE MANAGEMENT CONFERENCE**

     Before the Court are two motions to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the First Amended Verified Complaint ("FAC") filed by plaintiff Nick Makreas ("Makreas"):  (1) defendant The Moore Law Group, A.P.C.'s ("Moore") motion to dismiss, filed September 1, 2011; and (2) defendant Citibank (South Dakota), N.A.'s ("Citibank") motion to dismiss, filed September 1, 2011.  Makreas, who proceeds pro se, has filed opposition to each motion; each defendant has filed a reply. Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follows.[1]

<strong>LEGAL STANDARD</strong>

     Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory

---

     [1]By order filed October 4, 2011, the matters were taken under submission.

1  or the absence of sufficient facts alleged under a cognizable legal theory.  See Balistreri v.

2  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Rule 8(a)(2), however, "requires

3  only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"

4  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P.

5  8(a)(2)).  Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does

6  not need detailed factual allegations."  See id.  Nonetheless, "a plaintiff's obligation to

7  provide the grounds of his entitlement to relief requires more than labels and conclusions,

8  and a formulaic recitation of the elements of a cause of action will not do."  See id. (internal

9  quotation, citation, and alteration omitted).

10       In analyzing a motion to dismiss, a district court must accept as true all material

11  allegations in the complaint, and construe them in the light most favorable to the

12  nonmoving party.  See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

13  "To survive a motion to dismiss, a complaint must contain sufficient factual material,

14  accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

15  129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  "Factual allegations

16  must be enough to raise a right to relief above the speculative level[.]"  Twombly, 550 U.S.

17  at 555.  Courts "are not bound to accept as true a legal conclusion couched as a factual

18  allegation."  See Iqbal, 129 S. Ct. at 1950 (internal quotation and citation omitted).

19       Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any

20  material beyond the complaint.  See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896

21  F.2d 1542, 1555 n. 19 (9th Cir. 1990).  Documents whose contents are alleged in the

22  complaint, and whose authenticity no party questions, but which are not physically attached

23  to the pleading, however, may be considered.  See Branch v. Tunnell, 14 F.3d 449, 454

24  (9th Cir. 1994).

**DISCUSSION**

25

26  **A.  Moore's Motion to Dismiss**

27       **1.  First Cause of Action**

28       In the First Cause of Action, Makreas alleges Moore violated two provisions of the

2

1    Fair Debt Collections Practice Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.  The Court

2    considers in turn each of the provisions on which Makreas relies.

3                    **a.  15 U.S.C. § 1692g(a)**

4           Pursuant to § 1692g(a), a debt collector must "send" a debtor, within five days of the

5    debt collector's "initial communication" with the debtor, a written notice containing certain

6    information.  See 15 U.S.C. § 1692g(a).  Makreas alleges Moore left him a "voice mail

7    message" on April 7, 2011, and that "six days later," i.e., April 13, 2011, he "received a

8    letter from Moore claiming that [Makreas] owed them a debt."  (See FAC ¶ 34.)  Makreas

9    alleges the letter was not timely under § 1692g(a).[2]

10          As noted, Makreas alleges he "received" the letter six days after the April 7, 2011

11   voice message (see FAC ¶¶ 30, 31); consequently, even assuming the April 7, 2011 voice

12   message was an "initial communication,"[3] the letter had to have been placed in the mail,

13   i.e., "sent," no later than April 12, 2011, and thus within the requisite five days after such

14   "initial communication."

15          Accordingly, to the extent the First Cause of Action is based on an alleged violation

16   of § 1692g(a), the First Cause of Action will be dismissed without leave to amend.

17                    **b.  15 U.S.C. § 1692e(11)**

18          The FDCPA prohibits "any false, deceptive, or misleading representation or means

19   in connection with the collection of any debt."  See 15 U.S.C. § 1692e.  Prohibited

20   representations and means include "[t]he failure to disclose in the initial written

21   communication with the consumer and, in addition, if the initial communication with the

22   consumer is oral, in that initial oral communication, that the debt collector is attempting to

23   collect a debt and that any information obtained will be used for that purpose, and the

24   failure to disclose in subsequent communications that the communication is from a debt

25

26          [2]Makreas does not allege the content of the letter failed to comply with § 1692g(a);
     rather, he challenges only the timeliness of the letter.

27

28          [3]As discussed below, Makreas fails to allege sufficient facts to support a finding that
     the April 7, 2011 voice message was an "initial communication."

                                           3

collector . . . ."  See 15 U.S.C. § 1692e(11).  A "communication," for purposes of the FDCPA, is "the conveying of information regarding a debt directly or indirectly to any person through any medium."  See 15 U.S.C. § 1692a(2).

Makreas alleges he received thirteen "voice mail messages" from Moore, the first of which was left on April 7, 2011 and the last on which was left on May 4, 2011.  (See FAC ¶ 34.)  Each message, according to Makreas, consisted of the caller's stating her first and last name, a statement that she was "calling from the Moore Law Group for Nick Makreas," and a request that Makreas "please return [her] call" at a specified phone number and extension.  (See FAC Ex. A.)  Makreas alleges the messages violated the FDCPA because, according to Makreas, they did not include the disclosure(s) required by § 1692e(11).

In seeking dismissal of said claim, Moore does not argue that any of the messages included the information required by § 1692e(11), but, rather, that the messages were not "communications" as defined in § 1692a(2).

A voice message can, under some circumstances, constitute a "communication."  In Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643 (S.D. N.Y. 2006), for example, the district court considered a voice message stating it was from "NCO Financial Systems" about "a personal business matter" and requesting the recipient return the call; the district court found the message was a "communication," reasoning the call "indirectly convey[ed] information about [a] debt" because the listener was "familiar with the fact that NCO Financial Systems is a debt collector."  See id. at 648, 658.  As another example, in Anchondo v. Anderson, Crenshaw & Associates, LLC, 583 F. Supp. 2d 1278 (D. N.M.), the district court considered a voice message that "conveyed information regarding 'an important matter' pertaining to 'reference number 423635' and [plaintiff's] 'account,'" and held such message would constitute a "communication" if the plaintiff were able to establish "the reference number or the account in question pertained to a debt," see id. at 1281-82.

Here, as noted above, in addition to leaving voice messages, Moore is alleged to

1    have sent Makreas a letter stating Makreas owed Moore "a debt."  (See FAC ¶ 31.)

2    Makreas alleges some of the voice messages were left before he received the letter and

3    others were left after he received the letter.  (See FAC ¶¶ 30, 31, 34.)

4              With respect to the messages left after Makreas received Moore's letter, the Court,

5    at the pleading stage, cannot conclude Makreas is unable to establish such messages

6    were "communications," given that, shortly before he heard those messages, he had

7    received a letter from Moore in which Moore informed him that he owed Moore a debt.[4]

8    Under such circumstances, subsequent voice messages from Moore requesting that

9    Makreas phone Moore could, arguably, be understood as indirectly conveying information

10   about the debt to which Moore had referred in its letter.[5]

11             With respect to the messages left before Makreas received Moore's letter, however,

12   Makreas has failed to allege sufficient facts to support a finding such messages constituted

13   "communications" as defined by § 1692a(2).  Makreas does not allege he was familiar with

14   Moore prior to his receiving the above-referenced letter, or that he otherwise would have

15   had any reason to know Moore was contacting him about a debt.

16             Accordingly, the First Cause of Action will be dismissed to the extent it alleges a

17   violation of § 1692g(a) and is based on voice messages left prior to Makreas's receipt of

18   Moore's letter, and will not be dismissed to the extent such cause of action is based on

19   voice messages left after receipt of said letter.

20             The Court will afford Makreas leave to amend to allege, if he can, any facts, as

21

22             [4]Although Makreas does not indicate what, if any, other information was included in
23   the letter, the letter, as described by Makreas in the FAC, was a "communication" within the
     meaning of § 1692a(2), and, indeed, constituted the "initial communication" between Moore
24   and Makreas.  Consequently, in any further "communication," Moore was required to
     identify itself as a "debt collector."  See 15 U.S.C. § 1692e(11).

25             [5]The Court notes that the Ninth Circuit, in considering a prior version of § 1692e(11),
26   held that where a debtor received "a follow up notice which only demand[ed] a payment as
     earlier requested," such "follow up notice" was not a "'communication' within which the
27   disclosure required by 15 U.S.C. § 1692e(11) must be made."  See Pressley v. Capital
     Credit & Collection Service, Inc., 760 F.2d 922, 925 (9th Cir. 1985).  The parties to the
28   instant action have not addressed the possible applicability of Pressley to Makreas's
     § 1692e(11) claim.

opposed to legal conclusions, to support his allegation that the voice messages left prior to the date on which he received Moore's letter constitute "communications" for purposes of the FDCPA.

### 2. Second Cause of Action

In the Second Cause of Action, Makreas alleges Moore violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, by accessing his credit report for improper purposes and by providing incorrect information to credit reporting agencies. Moore contends Makreas has failed to state a claim under either theory.  The Court agrees.

The Court previously dismissed Makreas's improper-access claim as alleged in the initial complaint, for the reason that Makreas had failed to allege any facts to support his conclusory allegation of improper access.  Moreover, the Court, noting Makreas had alleged Moore was attempting to collect a debt, noted the FCRA expressly permits a person or entity to obtain a credit report for use "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the . . . collection of an account of [ ] the consumer."  See 15 U.S.C. § 1681b(a)(3)(A).  In the FAC, Makreas again fails to allege any facts to support his conclusory assertion of "no permissible purpose" (see FAC ¶ 54), and, consequently, again fails to state a claim.  See Iqbal, 129 S.Ct. at 1950 (holding "legal conclusions" not supported by "factual allegations" fail to state claim upon which relief can be granted).

With respect to Makreas' claim that Moore provided "erroneous and inaccurate information" to a credit reporting agency (see FAC ¶ 61), the Court likewise finds Makreas fails to state a claim upon which relief can be granted.  Although the FCRA prohibits a person or entity from providing to a credit reporting agency information the person or entity "knows or has reasonable cause to believe is inaccurate," see 15 U.S.C. § 1681s-2(a)(1)(A), no private cause of action for such a violation exists, see 15 U.S.C. § 1681s-2(d) (providing § 1681s-2(a) "shall be enforced exclusively" by certain government agencies).

6

1    Accordingly, the Second Cause of Action, as alleged against Moore, will be

2    dismissed without leave to amend.

3        **3. Third Cause of Action**

4        In the Third Cause of Action, Makreas alleges Moore violated a section of the

5    Rosenthal Act, specifically, § 1788.17 of the California Civil Code.  Section 1788.17

6    provides that, as a matter of California law, a debt collector must comply with 15 U.S.C.

7    §§ 1692b - 1692j, which sections constitute the substantive provisions of the FDCPA.  See

8    Cal. Civil Code § 1788.17.

9        Third Cause of Action is, in part, derivative of the First Cause of Action.  (See FAC

10   ¶ 76.)  For the reasons stated above with respect to the First Cause of Action, the Third

11   Cause of Action is (1) subject to dismissal without leave to amend to the extent it is based

12   on an alleged violation of § 1692g(a); (2) subject to dismissal with leave to amend to the

13   extent it is based on alleged violations of § 1692e(11) occurring before Makreas received

14   the above-referenced letter from Moore; and (3) is not subject to dismissal to the extent it is

15   based on alleged violations of § 1692e(11) occurring after Makreas received said letter

16   from Moore.

17       Additionally, the Third Cause of Action is based on a claim that Moore violated 15

18   U.S.C. § 1692c(c) and § 1692g(b), and, in turn, the Rosenthal Act, by "continu[ing] to

19   communicate with [Makreas]" and "continu[ing] collection efforts" after Makreas notified

20   Moore that he disputed the validity of the debt.  (See FAC ¶ 81.)

21       Pursuant to § 1692c(c), "[i]f a consumer notifies a debt collector in writing that the

22   consumer refuses to pay a debt or that the consumer wishes the debt collector to cease

23   further communication with the consumer, the debt collector shall not communicate further

24   with the consumer."  See 15 U.S.C. § 1692c(c).[6]  Section 1692g(b) provides that if, within

25   thirty days of receiving from the debt collector the written notice required by § 1692g(a), a

26

27       [6]The prohibition set forth in § 1692c(c) is subject to three exceptions, see id., none
     of which, in light of the factual allegations made in the FAC, appears applicable to the
28   instant case.

1   consumer notifies the debt collector in writing that the debt is "disputed," the debt collector

2   "shall cease collection of the debt" until the debt collector "obtains verification of the debt."

3   See 15 U.S.C. § 1692g(b).

4          The Court previously dismissed such claim as alleged in the initial complaint, for the

5   reason Makreas failed to allege any facts to support his conclusory assertion that Moore

6   had taken any action regarding the debt on or after May 5, 2011, the date on which Moore

7   allegedly received from Makreas notification that Makreas contested the validity of the debt.

8   In the FAC, Makreas fails to cure the deficiency noted; Makreas, again, identifies no

9   communication or collection attempt by Moore, or contact of any kind by Moore, occurring

10  on or after May 5, 2011.  (See FAC ¶¶ 32-34.)

11         Accordingly, to the extent the Third Cause of Action is based on a claim that Moore

12  failed to comply with § 1692c(c) and/or § 1692g(b), the Third Cause of Action is subject to

13  dismissal without leave to amend.

14         Finally, the Third Cause of Action is based on a claim that Moore, in July 2011,

15  made an "entry into [Makreas's] credit report" (see FAC ¶ 90), specifically, knowingly

16  providing incorrect information about Makreas' mailing address to "Experian and Equifax"

17  (see FAC ¶¶ 38, 90).  Assuming, arguendo, such factual allegation implicates a provision of

18  the Rosenthal Act, any such claim is preempted by federal law.  See 15 U.S.C.

19  § 1681t(b)(1)(F) (providing states may not impose any "requirement or prohibition" with

20  respect to "subject matter regulated by . . . section 1681s-2"); 15 U.S.C. § 1681s-2(a)(1)(A)

21  (prohibiting any person from providing information to credit reporting agency "if the person

22  knows or has reason to know that the information is inaccurate").[7]

23         Accordingly, to the extent the Third Cause of Action is based on a claim Moore

24  violated the Rosenthal Act by providing incorrect information to credit reporting agencies,

25

26         [7]As noted, under federal law, no private cause of action is provided for a violation of
    § 1681s-2(a)(1)(A).  The "chief law enforcement officer of a State," or his or her designee,
27  may, however, bring an action alleging a violation of § 1681s-2(a)(1)(A) and may seek
    injunctive relief and/or damages on behalf of the residents of the State.  See 15 U.S.C.
28  § 1681s(c)(1).

1   the Third Cause of Action is subject to dismissal without leave to amend.

2       **4. Fourth Cause of Action**

3       In the Fourth Cause of Action, Makreas alleges Moore violated § 17200 of the

4   California Business & Professions Code.  As pleaded, the Fourth Cause of Action is

5   derivative of the First, Second, and Third Causes of Action.  (See FAC ¶¶ 92-93.)  As relief

6   for such violation(s), Makreas seeks "restitution."  (See FAC ¶¶ 93, 101-02.)

7       Moore argues Makreas has failed to allege any facts to support a finding that, even if

8   a violation of § 17200 could be established, Moore would be entitled to restitution.

9       Under California law, an order of restitution, for purposes of § 17200, is an order

10  "compelling a [§ 17200] defendant to return money obtained through an unfair business

11  practice to those persons in interest from whom the property was taken, that is, to persons

12  who had an ownership interest in the property."  See Korea Supply Co. v. Lockheed Martin

13  Corp., 29 Cal. 4th 1134, 1144-45 (2003) (internal quotation and citation omitted).

14      As discussed above, each of Makreas's claims is subject to dismissal, with the

15  exception of his claim that certain of Moore's voice messages did not contain the disclosure

16  required by § 1692e(11), specifically, that Moore was a debt collector.  The FAC includes

17  no allegation to support a finding that, as a result of any failure by Moore to state it was a

18  debt collector, Makreas gave Moore money or other property.

19      Accordingly, the Fourth Cause of Action, as alleged against Moore, is subject to

20  dismissal.[8]

21  //

22  

23      [8]Although injunctive relief is, under some circumstances, available as a remedy for a
    violation of § 17200, see id. at 1144, Makreas does not seek an injunction as relief for the
24  alleged failure by Moore to disclose in certain communications its identity as a debt
    collector.  Moreover, no such relief appears possible, as Makreas does not allege facts to
25  suggest there exists a "real or immediate threat" he will receive in the future
    communications from Moore in which Moore does not identify itself as a debt collector.
26  See Los Angeles v. Lyons, 461 U.S. 95, 111 (1983) (holding, where plaintiff alleges past
    violation by defendant, plaintiff not entitled to injunctive relief in absence of showing, inter
27  alia, of "real or immediate threat" plaintiff will again be subjected to same violation by
    defendant).  Indeed, as noted, Makreas alleges no facts to suggest he has received a
28  "communication" from Moore since the date on which Moore received his letter requesting
    validation of the debt.

1    The Court will afford Makreas leave to amend to allege, if he can, facts, as opposed

2    to legal conclusions, to support his allegation that he is entitled to restitution as a remedy

3    for Moore's alleged violations of § 1692e(11).

4    **B. Citibank's Motion to Dismiss**

5        **1. Second Cause of Action**[9]

6    In the Second Cause of Action, Makreas alleges Citibank violated the FCRA by

7    accessing his credit report for improper purposes and by providing incorrect information to

8    a credit reporting agency.

9    Makreas alleges against Citibank the same FCRA violations as he alleges against

10   Moore.  For the reasons stated above with respect to Moore, such claims against Citibank

11   likewise fail.

12   Accordingly, the Second Cause of Action is subject to dismissal without leave to

13   amend.

14       **2. Third Cause of Action**

15   In the Third Cause of Action, Makreas alleges Citibank violated the Rosenthal Act by

16   communicating with him and by attempting to collect the debt after he contested the validity

17   of the debt.  According to Makreas, such acts violated § 1692c(c) and § 1692g(b) of the

18   FDCPA; as stated above, the Rosenthal Act prohibits, as a matter of state law, violations of

19   the FDCPA.

20   As noted, pursuant to § 1692c(c), "[i]f a consumer notifies a debt collector in writing

21   that the consumer refuses to pay a debt or that the consumer wishes the debt collector to

22   cease further communication with the consumer, the debt collector shall not communicate

23   further with the consumer," see 15 U.S.C. § 1692c(c), and § 1692g(b) provides that if,

24   within thirty days of receiving from the debt collector the written notice required by

25   § 1692g(a), a consumer notifies the debt collector in writing that the debt is "disputed," the

26   debt collector "shall cease collection of the debt" until the debt collector "obtains verification

27

28       [9]The First Cause of Action is not alleged as against Citibank.

10

1  of the debt," see 15 U.S.C. § 1692g(b).

2       As Citibank correctly points out, Markeas fails to allege any facts to support his

3  conclusory assertions that Citibank violated § 1692c(c) and § 1692g(b).  In particular,

4  Makreas pleads no facts to support his conclusory assertion that Citibank has ever sent a

5  "communication" to Makreas, see 15 U.S.C. § 1692a(2), i.e., that Citibank has conveyed to

6  Makreas "information regarding a debt directly or indirectly," see 15 U.S.C. § 1692a(2), let

7  alone facts to support his conclusory assertion that Citibank "continued" to send

8  communications after Makreas advised Citibank he refused to pay a debt (see FAC ¶ 81a);

9  consequently, Makreas fails to state a claim that Citibank violated § 1692c(c).  Further,

10  Makreas pleads no facts to support his conclusory assertion that Citibank engaged in

11  collection activities, let alone facts to support his conclusory assertion that Citibank

12  "continued" to engage in collection activities after Makreas allegedly disputed the debt (see

13  FAC ¶ 81b); consequently, Makreas fails to state a claim that Citibank violated

14  § 1692g(b).[10]

15       Makreas also alleges Citibank violated the Rosenthal Act by making a knowingly

16  false entry in his credit report, specifically, by providing incorrect information about

17  Makreas's mailing address to Experian and Equifax.  (See FAC ¶¶ 38, 90).  As discussed

18  above, even assuming such factual allegations implicate a provision of the Rosenthal Act,

19  any such claim under the Rosenthal Act is preempted by federal law.

20       Accordingly, the Third Cause of Action, as alleged against Citibank, is subject to

21  dismissal.

22       The Court will afford Makreas leave to amend to allege, if he can, any facts, as

23  opposed to legal conclusions, to support his allegation that Citibank violated the Rosenthal

24  //

25

26       [10]As the Court noted in its order dismissing certain claims alleged in Makreas's initial
27  complaint, to the extent Makreas intends to base a claim against Citibank on actions taken
   by another entity, Makreas must allege sufficient facts, as opposed to legal conclusions, to
28  support a finding that the other entity acted on behalf of Citibank.  No such facts are
   alleged in the FAC.

1  Act by failing to comply with 15 U.S.C. § 1692c(c) and/or § 1692g(b).[11]

2      **3. Fourth Cause of Action**

3      In the Fourth Cause of Action, Makreas alleges Citibank violated § 17200 of the

4  California Business & Professions Code.  As pleaded, the Fourth Cause of Action, as

5  alleged against Citibank, is derivative of the Second and Third Causes of Action.  (See FAC

6  ¶¶ 92-93.)

7      As discussed above, the Second and Third Causes of Action are subject to

8  dismissal, and, consequently, the Fourth Cause of Action, as alleged against Citibank,

9  likewise is subject to dismissal.

10      Further, as Citibank correctly argues, Makreas fails to allege any facts to support a

11  finding that, as a result of any alleged violation of § 17200, he paid Citibank any money or

12  property.  Consequently, to the extent the Fourth Cause of Action includes a claim for

13  restitution, the Fourth Cause of Action is subject to dismissal for this additional reason.

14      The Court will afford Makreas leave to amend to allege, if he can, any facts, as

15  opposed legal conclusions, to support his claim against Citibank for restitution.

16                          **CONCLUSION**

17      For the reasons stated above:

18      1.  Moore's motion to dismiss is hereby GRANTED in part and DENIED in part as

19  follows:

20          a.  To the extent the motion seeks dismissal of the First Cause of Action, the

21  motion is (1) GRANTED as to the claim Moore violated § 1692g(a), and such claim is

22  DISMISSED without leave to amend; (2) GRANTED as to the claim Moore violated

23  § 1692e(11) prior to the date on which Makreas received from Moore the letter stating

24  Makreas owed Moore a debt, and such claim is DISMISSED with leave to amend; and

25  (3) DENIED as to the claim Moore violated § 1692e(11) after Makreas received said letter

26

27      [11]No such leave will be afforded to the extent the Third Cause of Action is based on
28  a claim that Citibank violated the Rosenthal Act by providing false information to credit
    reporting agencies.

1   from Moore.

2          b.  To the extent the motion seeks dismissal of the Second Cause of Action,

3   the motion is GRANTED, and the Second Cause of Action, as alleged against Moore, is

4   DISMISSED without leave to amend.

5          c.  To the extent the motion seeks dismissal of the Third Cause of Action,  the

6   motion is (1) GRANTED as to the claim Moore violated § 1692g(a), and such claim is

7   DISMISSED without leave to amend; (2) GRANTED as to the claim Moore violated

8   § 1692e(11) prior to the date on which Makreas received from Moore the letter stating

9   Makreas owed Moore a debt, and such claim is DISMISSED with leave to amend;

10  (3) DENIED as to the claim Moore violated § 1692e(11) after Makreas received said letter

11  from Moore; (4) GRANTED as to the claim Moore failed to comply with § 1692c(c) and/or

12  § 1692g(b), and such claim is DISMISSED without leave to amend; and (5) GRANTED as

13  to the claim Moore provided false information to credit reporting agencies, and such claim

14  is DISMISSED without leave to amend.

15         d.  To the extent the motion seeks dismissal of the Fourth Cause of Action,

16  the motion is GRANTED, and the Fourth Cause of Action, as alleged against Moore, is

17  DISMISSED with leave to amend.

18     2.  Citibank's motion to dismiss is hereby GRANTED as follows:

19         a.  To the extent the motion seeks dismissal of the Second Cause of Action,

20  the motion is GRANTED, and the Second Cause of Action, as alleged against Citibank, is

21  DISMISSED without leave to amend.

22         b.  To the extent the motion seeks dismissal of the Third Cause of Action, the

23  motion is (1) GRANTED as to the claim Citibank violated the Rosenthal Act by failing to

24  comply with § 1692c(c) and § 1692g(b), and such claim is DISMISSED with leave to

25  amend; and (2) GRANTED as to the claim Citibank provided false information to credit

26  reporting agencies, and such claim is DISMISSED without leave to amend.

27         c.  To the extent the motion seeks dismissal of the Fourth Cause of Action,

28  the motion is GRANTED, and the Fourth Cause of Action, as alleged against Citibank, is

13

1    DISMISSED with leave to amend.

2           3.  If Makreas wishes to file a Second Amended Complaint to amend the First Cause

3    of Action and Third Causes of Action, as alleged against Moore and solely to correct the

4    deficiencies identified above, and/or to amend the Third and Fourth Causes of Action, as

5    alleged against Citibank and solely to correct the deficiencies identified above, Makreas

6    shall file a Second Amended Complaint no later than October 28, 2011.[12]  If Makreas does

7    not file a Second Amended Complaint on or before October 28, 2011, the instant action will

8    proceed on the remaining claim in the First Amended Complaint, specifically, the remaining

9    portion of his § 1692e(11) claim against Moore.

10          4.  The Case Management Conference is hereby CONTINUED from October 28,

11   2011 to December 9, 2011, at 10:30 a.m.  A Joint Case Management Statement shall be

12   filed no later than December 2, 2011.

13          **IT IS SO ORDERED.**

14

15   Dated:  October 11, 2011                                          _____

16                                                                     MAXINE M. CHESNEY
                                                                       United States District Judge

17

18

19

20

21

22

23

24

25

26

27   _____

28          [12]Makreas may not otherwise amend the First Amended Complaint without first
     obtaining leave of court.  See Fed. R. Civ. P. 15(a)(2).