NICK MAKREAS
271 Tulare Drive
San Bruno, CA 94066
(650) 591-3881
No Fax. No E-Mail
In Pro Se




# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

NICK MAKREAS,

Plaintiff,

Vs.

THE MOORE LAW GROUP, A.P.C. a California corporation; CITIBANK (South Dakota), N.A., a business entity, form unknown; DOES 1 through 25 INCLUSIVE, et al.,

Defendants.

Case No. 3:11-cv-02406 MMC

**SECOND AMENDED VERIFIED COMPLAINT FOR**

1) **Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.**
2) **Violations of California Civil Code § 1788 et seq.**
3) **Violations of California Business and Professions Code § 17200 et seq.**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq., (hereinafter "FDCPA"), Fair Credit Reporting Act 15 U.S.C. § 1681 et seq., (hereinafter "FCRA"), and California Civil

Code § 1788 et seq., (hereinafter "Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff brings this action in response to Defendants entering erroneous and inaccurate information into Plaintiff's credit reports and failing to mark these reports in dispute.

3. Defendants entered two of Plaintiff's credit reports during this litigation and entered erroneous and inaccurate information violating Plaintiff's rights and the law, as outlined in the FCRA § 1681q.

4. The State of California abides by and adheres to these laws. The Defendants are governed under these laws.

5. This action seeks redress for the unlawful and deceptive practices committed by the Defendants and their agents and associates in connection with Defendants' efforts to collect an alleged debt.

**JURISDICTION**

6. This court has jurisdiction to hear the FDCPA violations pursuant to 15 U.S.C. § 1692, FCRA pursuant to 15 U.S.C. § 1681, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Thus, federal subject matter jurisdiction is properly founded upon 28 U.S.C. § 1331. This court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

**VENUE**

7. Venue in this Judicial District is proper pursuant to 28 U.S.C. § 1391(b), in that all events or omissions giving rise to the claims occurred in this Judicial District. Venue is also proper in this Judicial District pursuant to 15 U.S.C. § 1692k(d), in that the Defendants transact business in this Judicial District and the violations of the FDCPA, FCRA, the Rosenthal Act, and California Business and Professions Code § 17200 complained of herein occurred in this Judicial District.

**PARTIES**

8. At all times herein mentioned, Plaintiff was a resident of the County of San Mateo, California, and a consumer as that term is defined by 15 U.S.C. § 1692a(3).

9. According to Defendants, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5) and under FCRA, § 603 Definitions; rules of construction 15 U.S.C.§ 1681a.

10. At all times herein mentioned, Defendant, THE MOORE LAW GROUP, A PROFESSIONAL CORPORATION, (hereinafter "MOORE"), is a California corporation.

11. MOORE is engaged in the business of collecting debts in this state in the ordinary course of business, regularly, on behalf of itself or others.

12. MOORE is a "Debt Collector" as that term is defined by the FDCPA 15 U.S.C. § 1692a(6); FCRA, 15 U.S.C. § 1681, et seq.; and the Rosenthal Act, Cal. Civil Code § 1788.2(c).

13. MOORE communicated with the Plaintiff with the intent to collect an alleged debt.

14. MOORE regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

15. MOORE'S principal place of business is located at 3710 South Susan St, Suite 210, Santa Ana, CA 92704.

16. At all times herein mentioned, Defendant, CITIBANK (South Dakota), N.A., (hereinafter "CITI"), is a business entity, form unknown.

17. CITI is engaged in the business of issuing credit in this state and is defined as a credit lender as that term is defined in the FCRA § 603 Definitions; rules of construction 15 U.S.C. § 1681a(r).

18. CITI is a person according to FCRA § 603 Definitions; rules of construction 15 U.S.C. § 1681a(b).

19. CITI'S headquarters is located at 701 East 60th Street North, Sioux Falls, SD 57104.

**FACTUAL ALLEGATIONS**

20. On or about January 2, 2010, Plaintiff requested copies of his credit report from three national credit reporting agencies Experian, Equifax, and TransUnion. Upon review the

Plaintiff found that Defendant CITI was reporting erroneous, inaccurate, and derogatory information in the Plaintiff's credit reports. Upon inspecting said credit reports the Plaintiff observed that CITI was listed on the Plaintiff's Experian, Equifax, and TransUnion credit reports indicating an account with them.

21. Plaintiff sent a "Letter of Dispute" to CITI, on January 13, 2010. This "Letter of Dispute" dated January 13, 2010, was sent via the U.S. Postal Service Certified Mail No. 7009 2820 0004 0588 2799 on January 13, 2010, return receipt requested. This "Letter of Dispute" was received by CITI on January 15, 2010. CITI has not responded with proof of any alleged account and has continued to report erroneous and inaccurate information in Plaintiff's credit reports through today.

22. Plaintiff subsequently contacted three national credit reporting agencies; Experian, Equifax, and TransUnion, via the U.S. Postal Service with "Letters of Dispute" to have them correct this erroneous and inaccurate reporting by CITI. These letters were also sent Certified Mail with return receipts as follows:

a. Experian, dated February 28, 2010, No: 7009 2820 0003 9963 9041, sent February 28, 2010, and received by Experian on March 5, 2010.

b. Equifax, dated February 28, 2010, No: 7009 2820 0003 9963 9034, sent February 28, 2010, and received by Equifax on March 4, 2010.

c. TransUnion, dated February 28, 2010, No: 7009 2820 0003 9963 9058, sent February 28, 2010, and received by TransUnion March 4, 2010.

23. All three bureaus have indicated they are reporting information correctly as reported by CITI. CITI has been reporting erroneous and inaccurate information in the Plaintiff's credit reports since January, 2010, in all three credit reporting bureaus. CITI has damaged Plaintiff in the public with reduced credit scores, unavailability of credit, increased costs of credit, reduced availability of goods and services tied to credit ratings, increased costs of those services, as well as fees and costs, including without limitation, attorneys' fees and costs.

24. CITI has failed to indicate that any of the Plaintiff's credit reports are marked in dispute since January 15, 2010, through today.

25. CITI'S failure to indicate that the Plaintiff's credit reports are in dispute gives Plaintiff a private cause of action under FCRA sections 1681n and 1681o.

26. On or about April 21, 2010, Plaintiff received a letter from CITI'S agent CLIENT SERVICES, INC., a debt collector, demanding payment of an alleged account.

27. Plaintiff responded with a letter requesting "Validation" of the alleged account sent via the U.S. Postal Service, dated February 20, 2010. Said "Letter of Validation" was sent Certified Mail No: 7009 2820 0003 9963 9133 on April 22, 2010, and received by CLIENT SERVICES, INC. on April 27, 2010. Plaintiff, in that letter, demanded that CLIENT SERVICES, INC. "Validate" the alleged debt by providing strict proof of the alleged indebtedness. To date, Plaintiff has not received any response from CLIENT SERVICES, INC., nor CITI, pursuant to Plaintiff's request for "Validation".

28. Plaintiff disputed the alleged debt as outlined in 1692g(b) and The Rosenthal Act within the thirty day period and CITI continued collection activity by taking the alleged account, which was not validated by CLIENT SERVICES, INC. and placing it with MOORE for further collection activity. CITi further violated 1692c(c) and The Rosenthal Act, when after Plaintiff refused to pay an alleged debt to CLIENT SERVICES, INC. without validation of said debt, by placing the alleged account with MOORE and having MOORE continue collection activity.

29. Plaintiff alleges and believes that CLIENT SERVICES, INC. was acting as an agent for CITI. Plaintiff further alleges and believes that MOORE was acting as an agent for CITI. As soon as Plaintiff requested validation from CLIENT SERVICES, INC., the debt was transferred to MOORE. This is a frequent tactic employed by debt collectors acting on behalf of the entity whom the money was originally borrowed from. It is a shell game to circumvent the spirit behind the Fair Debt Collection Practices Act, which was designed to ensure that only debts that creditors had properly validated would be collected.

30. Plaintiff is unsure, and cannot be certain, that this alleged debt is valid. Plaintiff has reason to suspect that the amount claimed by CITI, CLIENT SERVICES, INC., and MOORE that allegedly is owed could be inaccurate.

31. In fact, the Plaintiff's questioning of the amount that CITI, CLIENT SERVICES, INC., and MOORE claimed that he owed led him to ask these different entities to validate this alleged debt. At present time, no validation has occurred and Plaintiff continues to question the amount that these entities claim that he owes. Plaintiff alleges, on information and belief, that he has been the victim of significant unauthorized payment penalties and the like, and that CITI, CLIENT SERVICES, INC., and MOORE are demanding a payment that is not contractually owed.

32. This merry-go-round of different entities attempting to collect this alleged debt must be authorized by CITI, because they are the ultimate entity that the alleged debt is owed to. Thus, the Plaintiff, on information and belief, alleges that MOORE and CLIENT SERVICES, INC.'s actions are ratified and authorized by CITI.

33. Validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account. Case Law in support follows:

> Pacific Concrete F.C.U, v, Kauanoe, 62 Haw. 334, 614 P.2d 936 (1980); GE Cap/fa/ Hawaii, Inc. v. Yonenaka, 25 P.3d 807, 96 Hawaii 32 (Hawaii App 2001); Fooks v. Norwich Housing Authority, 28 Conn. L. Rptr. 371, (Conn. Super.2000); Town of Brookfieid v. Candlewood Shores Estates, Inc., 513 A.2d 1218, 201 Conn. 1 (1986); and Solaon v. Godbole, 163 III. App. 3d 845, 114 III. Dec. 890, 515 N.E. 2d 1045 (3rd Dist 1987).

34. On or about September 15, 2010, and March 31, 2011, Defendant MOORE entered Plaintiff's Experian credit report with no permissible purpose violating the FCRA 15 U.S.C. § 1681(b). Plaintiff did not actively seek credit and no judgment had been entered against Plaintiff.

35. On April 7, 2011, Adriana, MOORE'S agent, left a message on Plaintiff's voice mail asking that a return call be given to MOORE. Adriana failed to give notice that this call was from a debt collector, or any of the other information as required by 15 U.S.C. § 1692g.

36. Plaintiff is familiar with MOORE who had filed a Superior Court action, which is unrelated to this complaint, against Plaintiff in January, 2011, as a debt collector/attorney for CITI. Plaintiff asked MOORE to validate that alleged debt which MOORE did not validate and did continued collection activity against Plaintiff.

37. The business address, entered into Plaintiff's credit report by Moore and CITI, belongs to Plaintiff's attorney of record in that Superior Court action.

38. Therefore, Plaintiff is familiar with Moore's method of operating by first entering Plaintiff's credit report, secondly sending a dunning letter, but not validating the alleged debt, and then filing a Superior Court action. Plaintiff did send a sample federal complaint to MOORE, by Certified Mail, which MOORE ignored and gave Plaintiff no option but to file this federal complaint.

39. This initial contact was then followed with a letter received by Plaintiff six days later. This was in direct violation of 15 U.S.C. § 1962g(a), which provides that "[w]ithin five days after initial communication with a consumer in connection with the collection of any debt, send the consumer a written notice containing..."

40. Plaintiff received a letter from Defendant MOORE claiming that Plaintiff owed them a debt. In this letter, MOORE stated they had been hired by CITI to collect this alleged debt. Thus, there is no question that CITI ratified, and authorized, MOORE'S acts. In the letter, MOORE said that he would be collecting CITI'S debts from plaintiff, and wanted Plaintiff to resolve the matter amicably before further action was taken. Plaintiff responded with a validation request to MOORE sent via the U.S. Postal Service, dated May 3, 2011. Said "Letter of Validation" was sent Certified Mail No: 7010 2780 0000 2787 8421 on May 3, 2011, and received by MOORE on May 5, 2011.

41. Plaintiff, in that letter, asked that MOORE "Validate" the alleged debt by providing strict proof of the alleged indebtedness. To date, Plaintiff has not received any response from MOORE pursuant to his request for "Validation".

42. Defendant MOORE'S agent Adriana (unintelligible last name) called Plaintiff a total of thirteen times. Adriana left voice mail messages, in which she failed to give Plaintiff notice that she is attempting to collect a debt (mini Miranda). Adriana asked for the Plaintiff to return her call, and the plaintiff, due to his familiarity with MOORE as a result of being a defendant in a case where MOORE is suing him for another alleged debt, was fully cognizant of the reason for phone call. Thus, the telephone calls received by plaintiff prior to receiving the letter were "communications" under the FDCPA. These calls were placed by said agent on April 7, 8, 11, 13, 14, 20, 21, 22, 25, 26, 28, and on May, 3 and 4, 2011, violating FDCPA § 1692e(11) by failing to disclose in subsequent communications that the communication is from a debt collector.

43. These calls also violated the Telephone Communication Practices Act, and Plaintiff will seek leave to amend this Complaint reflecting these violations.

44. The purpose of the FDCPA is to eliminate abusive debt collection practices. MOORE is a "Debt Collector" under the FDCPA 15 U.S.C. § 1692a(6) and Rosenthal Act.

45. CITI and MOORE have both entered erroneous and inaccurate information into Plaintiff's credit reports. CITI failed to mark Plaintiff's credit reports in dispute as required by the FCRA. CITI failed to demonstrate that the amount they alleged Plaintiff owed was accurate, and enlisted debt collectors who also have failed to validate the existence of any debt owed by Plaintiff.

46. Since the filing of the original Complaint in District Court, Plaintiff pulled his credit report on July 24, 2011, and discovered erroneous and inaccurate information entered again in two credit reports, Experian and Equifax. One or both Defendants have entered an address showing the Plaintiff's home address as "1750 MONTGOMERY ST STE 139, SAN FRANCISCO, CA 94111-1003". This address belongs to Plaintiff's attorney handling other

matters for Plaintiff, and ratifies Plaintiff's claims in the original Complaint that Defendants' are entering erroneous and inaccurate information into Plaintiff's credit reports.

47. As a direct and proximate result of the Defendants' violation of federal and California law, Plaintiff has suffered irreparable injury to his credit report, credit score, expense of higher interest costs in present and future borrowing, and damage to his reputation in the public. Plaintiff is unable to re-finance his home to pay a lower rate of interest because of the derogatory, erroneous, and inaccurate information entered in his credit reports by Defendants affecting Plaintiff's credit score to a lower than acceptable number for re-financing. This higher rate of interest will amount to tens of thousands of dollars in increased cost to Plaintiff to be proven at trial.

48. Plaintiff has tried every way possible to resolve these issues amicably but has not been replied to and has been ignored in these matters.

49. Defendants have been informed of these federal violations and continue to violate the FDCPA, the Rosenthal Act, and the California Business and Professions Code § 17200 and refuse to make Plaintiff whole.

50. Therefore, Plaintiff has no alternative but to seek relief through the instant action.

**FIRST CAUSE OF ACTION**

**Violations of The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.***

**(Against MOORE)**

51. The plaintiff re-alleges and incorporates by reference the allegations in all paragraphs above as though fully set forth herein.

46. MOORE failed to disclose in the initial communication, the voice mail communication dated April 7, 2011, that MOORE was a debt collector, thereby violating 15 U.S.C. § 1692e(11).

47. MOORE did not inform Plaintiff within 5 days of initial contact with information related to the debt he was attempting to collect violating 15 U.S.C. § 1692g(a).

48. MOORE failed to disclose in the remaining twelve voice mails the "mini

Miranda"; "in subsequent communications that the communication is from a debt collector" violating 15 U.S.C. § 1692e(11).

49. **Plaintiff is entitled to statutory damages in the amount of $1,000.00 from MOORE.**

50. The fraud of the enterprise orchestrated by MOORE violated numerous state and federal laws as set forth above and thus constituted unfair competition under California law, for which restitution is mandatory.

51. The foregoing fraudulent concealment, material misstatements, and the intentional violations of state and federal statutes cited herein constitute unlawful, unfair and fraudulent business acts or practices, and so constitute unfair business practices within the meaning of the California Unfair Practices Act. Cal. Bus. & Prof. Code §§ 17200, 17500. Sections 17200 et seq. of the California Business & Professions Code provides, in the disjunctive, for liability in the event of any such "unlawful, unfair or fraudulent business act or practice".

52. **As set forth above, per Cal. Bus. & Prof. Code § 17200 these restitutionary amounts and disgorgement (including damages if recoverable hereunder) are requested by Plaintiff from MOORE.**

**SECOND CAUSE OF ACTION**

**(Against both Defendants)**

**Violations of California Civil Code § 1788 et seq.**

53. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

54. Defendants MOORE and CITI have violated the Rosenthal Act, California Civil Code §§ 1788-1788.33.

55. Plaintiff is a "debtor" as that term is defined by the Rosenthal Act, Cal. Civil Code § 1788.2(h).

56. The financial obligation alleged to be owed to CITI by Plaintiff is a "consumer debt" as that term is defined by the Rosenthal Act, Cal. Civil Code § 1788.2(f).

57. Defendants, MOORE and CITI, are "Debt Collectors" as that term is defined by the Rosenthal Act, Cal. Civil Code § 1788.2(c).

58. Defendants have violated the Rosenthal Act in the following respects:

a) Defendants MOORE and CITI continued to communicate with Plaintiff, in an attempt to collect the debt allegedly owed to CITI, even after receiving written notification that Plaintiff refused to pay an un-validated debt being collected. CITI violated 15 U.S.C. § 1692c(c), as incorporated by Cal. Civil Code § 1788.17; and

b) Defendants' continued collection efforts against Plaintiff even after receiving a written notification within the 30-day validation period from Plaintiff, disputing the debt being collected in its entirety without first obtaining a verification of the debt and mailing a copy of such verification to Plaintiff, in violation of 15 U.S.C. § 1692g(b), as incorporated by Cal. Civil Code § 1788.17.

59. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

60. As stated earlier, CITI clearly authorized MOORE'S actions, as the letter sent from MOORE to the Plaintiff that he had been hired by CITI to collect upon this alleged account. Prior to MOORE, another entity had also tried the same tactic of attempting to collect a debt that the Plaintiff has reason to question its accuracy. It is patently obvious that CITI is simply using entities such as MOORE and CLIENT SERVICES, INC. as instrumentalities to carry out its fraudulent attempt to collect an artificially high alleged debt.

61. Pursuant to Cal. Civil Code §1788.32, the remedies provided under the Rosenthal Act are intended to be cumulative, and in addition to, any other procedures, rights, or remedies that the Plaintiff may have under any other provision of law.

62. As a result of this willful and knowing act by MOORE, Plaintiff is entitled to statutory damages of $1,000.00 pursuant to Cal. Civil Code § 1788.30(b) per incident. This incident has occurred daily from October 1, 2010, to the present day.

63. **Plaintiff is entitled to statutory damages in the amount of $1,000.00 from MOORE per day from October 1, 2010, to the present day.**

64. MOORE'S second entry into Plaintiff's credit report has occurred daily from March 31, 2011, to the present day.

65. **Plaintiff is entitled to statutory damages in the amount of $1,000.00 from MOORE per day from March 31, 2011, to the present day.**

66. As a result of this willful and knowing act by CITI, Plaintiff is entitled to statutory damages of $1,000.00 pursuant to Cal. Civil Code § 1788.30(b) per incident. This incident has occurred daily from January 16, 2010, to the present day.

67. **Plaintiff is entitled to statutory damages in the amount of $1,000.00 from CITI per day from January 16, 2010, to the present day.**

68. CITI and/or MOORE'S July 1, 2011 entry into Plaintiff's credit report is a willful and knowing act. Plaintiff is entitled to statutory damages pursuant to Cal. Civil Code § 1788.30(b) per incident. This incident has occurred daily from July 1, 2011, to the present day.

69. **Plaintiff is entitled to statutory damages in the amount of $1,000.00 from CITI per day from July 1, 2011, to the present day times two reports.**

**THIRD CAUSE OF ACTION**

**(Against both Defendants)**

**Unfair Competition [Violations of Cal. Bus. & Prof. Code § 17200 et seq.]**

70. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

71. The fraud of the enterprise orchestrated by MOORE and CITI violated numerous state and federal laws as set forth above and thus constituted unfair competition under California law, for which restitution is mandatory.

72. The plaintiff was harmed by CITI'S unfair business practices, including its failure to validate the amount that it, through its agents such as MOORE and CLIENT SERVICE, INC., have demanded that the Plaintiff owes. Therefore, the Plaintiff is being forced to bring this action due to the fear of being sued by MOORE, CLIENT SERVICES,

INC., or another entity, for a purported monetary amount that is alleged and not accurate. None of the defendants have provided the Plaintiff with any information validating the amount that they say he owes. Thus, the Plaintiff has lost money and time by being forced to defend against these inaccurate and unvalidated claims.

73. Upon completion of sufficient Discovery, Plaintiff will seek leave to amend this Complaint to supplement the foregoing allegations with respect to additional violations.

74. The foregoing violations were in furtherance of the fraud perpetrated on Plaintiff by Defendants.

75. The foregoing fraudulent concealment, material misstatements, and the intentional violations of state and federal statutes cited herein constitute unlawful, unfair and fraudulent business acts or practices and so constitute unfair business practices within the meaning of the California Unfair Practices Act. Cal. Bus. & Prof. Code §§ 17200, 17500. Sections 17200 et seq. of the California Business & Professions Code provides, in the disjunctive, for liability in the event of any such "unlawful, unfair or fraudulent business act or practice."

76. The actions described herein are unfair and patently fraudulent in that they were conducted for the specific purposes of first perpetuating an unlawful and unsustainable scheme. Both Defendants violated 15 United States Code § 1692 et seq., 15 United States Code § 1681 et seq., and California Civil Code § 1788 et seq.

77. As a result of their actions, concealment and deceit described herein, Plaintiff has suffered material financial injury in fact, costs and expenses related to legal matters, reduced credit scores, diminished access to credit, unavailability of credit, increased costs of credit, reduced availability of goods and services tied to credit ratings, increased costs of those services, as well as fees and costs, including, without limitation, attorneys' fees.

78. As a further result of the actions, concealment and deceit described herein, Plaintiff has lost money as a result of such unfair competition.

79. The foregoing unlawful activities were pervasive and violate Business & Professions Code § 17200 et seq.

80. As a result of all Defendants' unfair competition, Plaintiff is entitled to restitution for all sums received by any Defendant with respect to their unlawful and/or unfair and/or fraudulent conduct.

**81. As set forth above, these restitutionary amounts and disgorgement (including damages if recoverable hereunder) are requested by Plaintiff from all Defendants individually.**

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that relief be granted as follows:

a. For actual damages according to proof, plus interest thereon as provided by law;

b. For pre and post judgment interest;

c. For general damages;

d. For punitive damages;

e. For treble damages;

f. For an order that Defendants must remove any derogatory information and inquires from all major credit-reporting agencies, Experian, Equifax, TransUnion, and any other known credit reporting agencies that Defendants have used now or may use in the future;

g. For Defendants to provide a letter and/or Universal Data Form indicating that they have done this and send same to Plaintiff;

h. For Defendants to be barred now and in the future from re-entering this information into Plaintiff's credit reports;

i. For Defendants to cease and desist any further collection activities against Plaintiff, and Defendants may not sell or transfer the alleged account to any other collection agency, attorney, or entity, now or in the future;

j. For award to Plaintiff of statutory damages and actual damages pursuant to 15 U.S.C. §§ 1692k(a)(2)(A) and 15 U.S.C. 1681o(a) and Cal. Civil Code § 1788.30(b) and 15 U.S.C.§ 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17;

k. For statutory damages per other codes;

l. For award to Plaintiff of the costs of this action and reasonable attorneys' or Private Attorney General Fees pursuant to 15 U.S.C. §§ 1692k(a)(3) and 15 U.S.C. § 1681o(b) and Cal. Civil Codes §§ 1788.17 and 1788.30(c);

m. For award of Plaintiff's attorneys' fees and costs per other codes;

n. For such other, further, and different relief as the Court deems just and proper.

Dated: October 27, 2011

By: [signature]

NICK MAKREAS, in Pro Se
271 Tulare Drive
San Bruno, CA 94066
(650) 591-3881

**DEMAND FOR JURY TRIAL**

Complainant moves this court pursuant to Fed. R. Civil Code P Rule 38 "Jury Trial of Right" and thereby demands a Jury Trial. The undersigned certifies that a copy hereof has been served upon the parties listed in the Certificate of Service.

Dated: October 27, 2011

By ____________________

NICK MAKREAS in Pro Se

**VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF CALIFORNIA )
) ss
COUNTY OF SAN MATEO )

Plaintiff, NICK MAKREAS, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint and I believe that all the facts contained in it are true to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Pursuant to, 28 U.S.C. 1746(2), I, Nick Makreas, hereby declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Nick Makreas

NICK MAKREAS