IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK MAKREAS,<br><br>  Plaintiff,<br><br> v.<br><br>THE MOORE LAW GROUP, A.P.C., et al.,<br><br>  Defendants. | No. C-11-2406 MMC<br><br>**ORDER DIRECTING DEFENDANT MOORE LAW GROUP AND PLAINTIFF MAKREAS TO FILE SUPPLEMENTAL BRIEFING; CONTINUING HEARING ON MOTIONS TO DISMISS** |

Before the Court are two motions to dismiss, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure: (1) defendant The Moore Law Group, A.P.C.'s ("TMLG") motion to dismiss, filed November 21, 2011; and (2) defendant Citibank (South Dakota), N.A.'s ("Citibank") motion to dismiss, filed November 14, 2011. Plaintiff Nick Makreas ("Makreas"), who proceeds pro se, has filed opposition to each motion, and each defendant has filed a reply. Additionally, Makreas has filed a "reply" to TMLG's reply.[1] Having read and considered the papers filed in support of and in opposition to the motions, the Court finds supplemental briefing is necessary to resolve the motion filed by TMLG.

As noted, TMLG, by its motion, seeks dismissal pursuant to Rule 12(b)(6). In the

---

[1] The Civil Local Rules of this District provide that, with two exceptions not applicable here, "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval." See Civil L.R. 7-3(d). Makreas did not obtain leave of court prior to filing his "reply." Nonetheless, the Court has considered the filing.

last two pages of its reply, however, TMLG additionally requests dismissal based on lack of subject matter jurisdiction. In support thereof, TMLG asserts it "issued two separate FRCP 68 Offers of Settlement to [Makreas]," the first of which "offered [Makreas] settlement for the maximum statutory damages that he could possible recover from this present case and litigation against TMLG," but that "[Makreas] has chosen to reject this offer and continue with litigating his claims." (See TMLG's Reply at 14:19-26 (citing cases holding that where a defendant makes an offer to have judgment entered against it for the full amount of damages sought by the plaintiff, and the plaintiff rejects the offer, the plaintiff's case is subject to dismissal for the reason that no case or controversy remains)); see, e.g., Zimmerman v. Bell, 800 F.2d 386, 388, 390 (4th Cir. 1986) (affirming dismissal of claim, where plaintiff rejected offer of judgment in "maximum amount of damages claimed by [plaintiff]" plus costs; holding, based on such offer, "there was no longer any case or controversy").

In considering a motion to dismiss pursuant to 12(b)(6), a district court is limited to the face of the complaint, attachments thereto, and documents subject to judicial notice. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990); Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986). A party seeking dismissal for lack of subject matter jurisdiction, however, may support the motion with evidence. See Thornhill Publishing Co. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979) ("A motion to dismiss for lack of subject matter jurisdiction . . . may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact."). Here, however, TMLG offers no evidence to support the assertions made in its reply. Further, in his "reply," Makreas asserts he "did accept [TMLG's] financial Offer of Settlement," but that TMLG subsequently reneged on the offer when it presented him with a "settlement agreement" containing an additional term (see Pl.'s "Reply" at 2:9-13); Makreas likewise offers no evidence to support his factual assertions.

//

Before reaching the merits of a motion to dismiss for failure to state a claim, the Court must determine whether it has subject matter jurisdiction. See <u>Steel Co. v. Citizens For A Better Environment</u>, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.") On the record presented, however, the Court is unable to determine whether it has jurisdiction over Makreas's claims against TMLG.

Accordingly, the Court hereby sets the following supplemental briefing schedule and continues the hearing on both motions to dismiss, as follows:

1. No later than January 6, 2012, TMLG shall file a declaration or declarations setting forth the terms of the offer or offers made, and shall attach as exhibits any written documentation of the offer(s) and response(s) thereto.

2. No later than January 20, 2012, Makreas shall file any responsive declaration or declarations, and shall attach any additional documentation regarding the offer(s) and response(s) thereto.

3. The hearing on TMLG's motion to dismiss is hereby CONTINUED from January 6, 2012 to February 3, 2012, at 9:00 a.m.

4. In the interest of judicial economy, the hearing on Citibank's motion to dismiss is hereby CONTINUED from January 6, 2012 to February 3, 2012, at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: December 23, 2011

MAXINE M. CHESNEY
United States District Judge