**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK MAKREAS, | No. C-11-2406 MMC |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOORE LAW GROUP'S MOTION TO DISMISS; GRANTING CITIBANK'S MOTION TO DISMISS; AFFORDING PLAINTIFF LEAVE TO AMEND FOR LIMITED PURPOSE; CONTINUING CASE MANAGEMENT CONFERENCE** |
| v. | |
| THE MOORE LAW GROUP, A.P.C., et al., | |
| Defendants. | |
| / | |

Before the Court are two motions to dismiss, filed pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure: (1) defendant The Moore Law Group, A.P.C.'s ("Moore")

motion, filed November 21, 2011; and (2) defendant Citibank (South Dakota), N.A.'s

("Citibank") motion, filed November 14, 2011. Plaintiff Nick Makreas ("Makreas"), who

proceeds pro se, has filed opposition to each motion, and each defendant has filed a reply.

Additionally, Makreas has filed a "reply" to Moore's reply. Further, with leave of court,

Moore and Makreas have filed supplemental briefing to address a jurisdictional issue.

Having read and considered the papers filed in support of and in opposition to the motions,

the Court rules as follows.[1]

//

---

[1]By order filed January 31, 2012, the Court took the motions under submission.

1          **LEGAL STANDARD**

2          Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory

3   or the absence of sufficient facts alleged under a cognizable legal theory.  See Balistreri v.

4   Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Rule 8(a)(2), however, "requires

5   only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"

6   See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P.

7   8(a)(2)).  Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does

8   not need detailed factual allegations."  See id.  Nonetheless, "a plaintiff's obligation to

9   provide the grounds of his entitlement to relief requires more than labels and conclusions,

10  and a formulaic recitation of the elements of a cause of action will not do."  See id. (internal

11  quotation, citation, and alteration omitted).

12         In analyzing a motion to dismiss, a district court must accept as true all material

13  allegations in the complaint, and construe them in the light most favorable to the

14  nonmoving party.  See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

15  "To survive a motion to dismiss, a complaint must contain sufficient factual material,

16  accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

17  129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  "Factual allegations

18  must be enough to raise a right to relief above the speculative level[.]"  Twombly, 550 U.S.

19  at 555.  Courts "are not bound to accept as true a legal conclusion couched as a factual

20  allegation."  See Iqbal, 129 S. Ct. at 1950 (internal quotation and citation omitted).

21         Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any

22  material beyond the complaint.  See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896

23  F.2d 1542, 1555 n. 19 (9th Cir. 1990).  Documents whose contents are alleged in the

24  complaint, and whose authenticity no party questions, but which are not physically attached

25  to the pleading, however, may be considered.  See Branch v. Tunnell, 14 F.3d 449, 454

26  (9th Cir. 1994).

27  //

28  //

1                                     **DISCUSSION**

2    **A.  Moore's Motion to Dismiss**

3            **1.  Subject Matter Jurisdiction**

4            At the outset, the Court addresses Moore's argument, first made in its reply and

5    subsequently addressed in its supplemental briefing, that the Court lacks subject matter

6    jurisdiction over Makreas's claims against Moore.  Specifically, Moore argues that a case or

7    controversy no longer exists for the reason that Makreas failed to accept Moore's offer of

8    judgment, made pursuant to Rule 68 of the Federal Rules of Civil Procedure, the terms of

9    which offer, according to Moore, would have provided Makreas with the full amount he

10   could recover in the instant action.

11           Where a defendant offers to have judgment entered it in an amount equal to or

12   greater than the maximum recovery the plaintiff could obtain, and the plaintiff does not

13   accept the offer, a case or controversy no longer exists, and the plaintiff's claims are

14   subject to dismissal.  See, e.g., Marschall v. Recovery Solution Specialists, Inc., 399 Fed.

15   Appx. 186, 187 (9th Cir. 2010) (holding "district court properly dismissed [plaintiff's] claims

16   against [defendant] for lack of subject matter jurisdiction because [defendant's] offer of

17   judgment was for more than [plaintiff] was legally entitled to recover"); Zimmerman v. Bell,

18   800 F.2d 386, 388, 390 (4th Cir. 1986) (affirming dismissal of claim, where plaintiff rejected

19   offer of judgment in "maximum amount of damages claimed by [plaintiff]" plus costs;

20   holding, based on such offer, "there was no longer any case or controversy").

21           Here, it is undisputed that, at the time the instant action proceeded on Makreas's

22   initial complaint, Moore served on Makreas a written offer to have judgment entered under

23   specified terms.  (See Moore Supp. Decl. ¶¶ 2, 3, Ex. A; Supp. Makreas Decl. ¶ 3.)  Under

24   the terms thereof, Moore offered to pay Makreas the total sum of $2250, which sum Moore

25   allocated as follows:  (1) $1000 for Makreas's claim under the Fair Debt Collection Practice

26   Act ("FDCPA"), (2) $1000 for Makreas's claim under the Rosenthal Act, and (3) $250 for

27   costs of suit.  The offer did not allocate any sum for the two other claims in the initial

28   complaint, specifically, Makreas's claims under the Fair Credit Reporting Act ("FCRA") and

                                              3

1  under § 17200 of the California Business & Professions Code.  It is undisputed that

2  Makreas did not accept the Rule 68 offer in writing "within 14 days after being served"

3  therewith.  See Fed. R. Civ. P. 68(a); (see also Moore Supp. Decl. ¶¶ 6-7; Supp. Makreas

4  Decl. ¶ 5).

5  The Court agrees with Moore that $1000 is the maximum recovery Makreas could

6  obtain on his FDCPA claim, see 15 U.S.C. § 1692k(a)(2)(A) (providing for $1000 maximum

7  amount of statutory damages "in the case of any [FDCPA] action by an individual"), and

8  that the maximum recovery Makreas could obtain on his Rosenthal Act claim likewise is

9  $1000, see Cal. Civil Code § 1788.30(b) (providing "debt collector" who "willfully and

10  knowingly" violates Rosenthal Act is liable to debtor for "a penalty" of not more than

11  $1000); Marseglia v. JP Morgan Chase Bank, 750 F. Supp. 2d 1771, 1180 (holding

12  "statutory damages under the Rosenthal Act are limited to $1,000 per plaintiff, not per

13  violation"; collecting cases).[2]  Nonetheless, and even assuming the maximum recovery

14  Makreas could obtain on his FCRA and § 17200 claims was, at the time the offer was

15  made, zero,[3] Moore's offer was not equal to or in excess of the maximum amount Makreas

16  could recover herein, because the offer conditioned entry of judgment on Makreas's

17  obtaining less than a full recovery of his costs.  See, e.g., Edge v. C. Tech Collections, Inc.,

18  203 F.R.D. 85, 88 (E. D. N.Y. 2001) (holding offer of judgment that "caps the costs"

19  recoverable is not offer for "maximum amount" plaintiff could obtain); compare Rand v.

20  Monsanto Co., 926 F.2d 596, 597-98 (7th Cir. 1991) (holding district court properly

21

22  [2]Although both the FDCPA and the Rosenthal Act provide for recovery of actual
damages, neither Makreas's initial complaint nor any of his amended complaints has
23  alleged any facts to support a finding he incurred actual damages by reason of Moore's
alleged FDCPA and Rosenthal Act violations.  Rather, the facts Makreas has alleged
24  pertaining to actual damages concern his claim that Moore violated the FCRA. (See, e.g.,
Compl., filed May 17, 2011, at ¶¶ 37, 53-55, 71.)

25  [3]At the time the offer was made, the Court had not yet addressed the adequacy of
any of Makreas's claims.  By order filed October 11, 2011, Makreas's FCRA claim was
26  dismissed without leave to amend, and Makreas's § 17200 claim was dismissed with leave
to amend.  Although Makreas subsequently amended his § 17200 claim, said claim, for the
27  reasons discussed below, will be dismissed without further leave to amend.  Accordingly, at
the present time, the maximum recovery Makreas could potentially obtain on his FCRA and
28  § 17200 claims is zero.

4

1 dismissed plaintiff's claims for lack of subject matter jurisdiction, where plaintiff did not

2 accept offer for "the full amount" plaintiff sought to recover on his claims "plus the costs of

3 the suit") (emphasis added).  Specifically, the record indicates that at the time the offer was

4 made Makreas's recoverable costs were at least $425;[4] as noted, however, Moore's offer

5 limited Makreas's costs to a total amount of $250.

6      Accordingly, the Court finds that a case or controversy presently exists between

7 Makreas and Moore.

8      **2. Failure to State a Claim**

9      Moore argues the SAC is subject to dismissal in its entirety for failure to state a

10 claim.  The Court considers each cause of action in turn.

11      **a.  First Cause of Action**

12      In the First Cause of Action, Makreas alleges Moore violated 15 U.S.C. § 1692e(11),

13 a section of the FDCPA that prohibits "any false, deceptive, or misleading representation or

14 means in connection with the collection of any debt."  See 15 U.S.C. § 1692e.  Prohibited

15 representations and means include "[the failure to disclose in the initial written

16 communication with the consumer and, in addition, if the initial communication with the

17 consumer is oral, in that initial oral communication, that the debt collector is attempting to

18 collect a debt and that any information obtained will be used for that purpose, and the

19 failure to disclose in subsequent communications that the communication is from a debt

20 collector . . . ."  See 15 U.S.C. § 1692e(11).  A "communication," for purposes of the

21 FDCPA, is "the conveying of information regarding a debt directly or indirectly to any

22 person through any medium."  See 15 U.S.C. § 1692a(2).

23      Makreas alleges he received thirteen "voice mail messages" from Moore, the first of

24 which was left on April 7, 2011 and the last of which was left on May 4, 2011.  (See SAC

25 ¶ 42.)  According to Makreas, the caller in each such message, "Andrea," whose last name

26

27      [4]The docket reflects that Makreas paid a $350 filing fee (see Document No. 1), and
28 was charged $75 to cause the summons and complaint to be served on Moore (see Document No. 8).

5

1   was "unintelligible" (<u>see</u> SAC ¶ 42), "asked that a return call be given to Moore" (<u>see</u> SAC

2   ¶ 35). Makreas alleges the voice messages violated the FDCPA because, according to

3   Makreas, they did not include the disclosures required by § 1692e(11).

4         By order filed October 11, 2011, the Court denied Moore's motion to dismiss

5   Makreas's § 1692e(11) claim as alleged in the First Amended Complaint ("FAC"), to the

6   extent it was based on voice messages left after Makreas had received a letter from Moore

7   stating that Makreas owed Citibank a debt; Makreas had alleged he received said letter on

8   April 13, 2011. In particular, the Court found that "subsequent voice messages from Moore

9   requesting that Makreas phone Moore could, arguably, be understood as indirectly

10  conveying information about the debt to which Moore had referred in its letter." (<u>See</u> Order,

11  October 11, 2011, at 5:4-10.) With respect to voice messages left before Makreas received

12  Moore's letter, however, the Court dismissed the claim because Makreas had failed to

13  allege sufficient facts to support a finding such messages constituted "communications" as

14  defined by § 1692a(2). In particular, the Court noted the FAC included no facts to support

15  a finding that, prior to his receiving the above-referenced letter, Makreas "would have had

16  any reason to know Moore was contacting him about a debt," (<u>see</u> <u>id.</u> at 5:11-15), and

17  afforded Makreas leave to amend the claim.

18        In the SAC, Makreas has included the additional allegation that, prior to April 7,

19  2011, the date of the first voice message, he was "familiar with Moore . . . as a debt

20  collector" based on Moore's involvement in a lawsuit against him involving collection of a

21  debt. (<u>See</u> SAC ¶ 36.) Specifically, Makreas alleges, in January 2011, Moore, on

22  Citibank's behalf, filed in state court a complaint against Makreas that involved an

23  "unrelated" Citibank "debt." (<u>See</u> SAC ¶ 36.)

24        In the instant motion, Moore argues that Makreas's new allegations fail to support a

25  finding that voice messages made before Makreas received the above-referenced letter

26  from Moore could constitute "communications." According to Moore, "[any calls by [Moore]

27  to [Makreas] subsequent to filing any state court action on behalf of a client creditor could

28  and would be related to such litigation and court matters and have nothing to do with

1   collection of a debt." (See Def.'s  Mot. at 14:8-12.)  Moore further argues, with respect to

2   each voice message including those made after Makreas received the above-referenced

3   letter, Makreas has failed to allege any facts to support a finding that the messages are

4   "communications" because Makreas "has no idea what any one of the calls regarded."

5   (See id. at 14:18-28.)  The Court is not persuaded.

6           First, the Court reiterates its prior finding that, as to voice messages made after

7   Makreas received Moore's letter, the Court cannot conclude at the pleading stage that

8   Makreas is unable to establish such messages were "communications" for purposes of the

9   FDCPA.  See Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643, 648, 658 (S.D.

10  N.Y. 2006) (finding voice message was "communication," where message stated it was

11  from "NCO Financial Systems" about "a personal business matter" and requested recipient

12  return call; holding message "indirectly convey[ed] information about [a] debt" because

13  listener was "familiar with the fact that NCO Financial Systems is a debt collector").

14          Second, the Court finds, as to voice messages left before Makreas received

15  Moore's letter, Makreas has cured the deficiency identified in the Court's prior order,

16  specifically, that Makreas was aware Moore was a debt collector.  As the Supreme Court

17  has held, an attorney who regularly attempts to collect debts through litigation is a "debt

18  collector" for purposes of the FDCPA.  See Heinz v. Jenkins, 514 U.S. 291, 292, 295

19  (1995) (rejecting argument that FDCPA "contain[s] an implied exemption for those debt-

20  collecting activities of lawyers that consist of litigating," such as "settlement efforts").  Voice

21  messages from Moore left during the course of a lawsuit to collect a debt could be

22  understood as "indirectly convey[ing]" information about the debt Makreas knew to be at

23  issue in that lawsuit.  See Foti, 424 F. Supp. 2d at 658.  Consequently, even if, as Moore

24  argues, any voice message it left in fact only concerned the conduct of the lawsuit, such as

25  matters of a procedural nature, the Court cannot so find at the pleading stage, nor find that

26  Makreas is unable to establish any such message was a "communication" for purposes of

27  the FDCPA.

28          Consequently, Moore has failed to show the First Cause of Action is subject to

7

1 dismissal to the extent it is based on a violation of § 1692e(11).[5]

2      The First Cause of Action also includes, however, a claim that Moore violated 15

3 U.S.C. § 1692g(a), another section of the FDCPA. (See SAC ¶¶ 35, 39.) As Moore

4 correctly points out, the Court, in its order of October 11, 2011, dismissed Makreas's

5 § 1692g(a) claim without leave to amend.

6      Accordingly, Moore's motion to dismiss the First Cause of Action will be granted to

7 the extent the First Cause of Action is based on a violation of § 1692g(a), said claim

8 previously having been dismissed without leave to amend, and in all other respects will be

9 denied.

10     **2. Second Cause of Action**

11      In the Second Cause of Action, Makreas alleges Moore violated a section of the

12 Rosenthal Act, specifically, California Civil Code § 1788.17. Section 1788.17 provides that,

13 as a matter of California law, a debt collector must comply with 15 U.S.C. §§ 1692b -

14 1692j, which sections constitute the substantive provisions of the FDCPA. See Cal. Civil

15 Code § 1788.17.

16      The Second Cause of Action is, in part, derivative of the First Cause of Action. (See

17 SAC ¶ 53.) For the reasons stated above with respect to the First Cause of Action, the

18 Court finds Makreas has sufficiently alleged that Moore, through its employee "Adriana,"

19 violated § 1692e(11). Moore argues, however, that because the definition of a "debt

20 collector" under the Rosenthal Act excludes "an attorney or counselor at law," see Cal. Civil

21 Code § 1788.2(c), Moore, a law firm, cannot be held liable under the Rosenthal Act. In

22 support of this argument, Moore relies on two decisions, which, according to Moore, hold

23

24     [5]In its motion, Moore cites Pressley v. Capital Credit & Collection Service, Inc., 760
F.2d 922 (9th Cir. 1985), in which the Ninth Circuit held that a "follow up notice which only
25 demands payment as earlier requested" is not a "communication" for purposes of the
FDCPA, see id. at 925; Moore argues therein, without explanation, that its voice messages
26 were follow up notices. In its reply, Moore asserts it contacted Makreas in writing about a
debt or debts, and argues its voice messages were attempts to leave a follow up notice of
27 the type described in Pressley. Because Moore's argument is based on matters outside
the pleadings, the Court does not consider such argument at the present stage of the
28 proceedings.

1 that a "law firm" defendant, as a matter of law, is not a "debt collector" for purposes of the

2 Rosenthal Act. (See Def.'s Mot, filed November 21, 2011, at 16 (citing Owings v. Hunt &

3 Henriques, 2010 WL 3489342, *2 (S.D. Cal. 2010); Carney v. Rotkin, Schmerin & McIntyre,

4 206 Cal. App. 3d 1513, 1526 (1988).)

5      The cases on which Moore relies, however, are distinguishable from the instant

6 case, at least at the pleading stage. Unlike the plaintiffs in the decisions on which Moore

7 relies, Makreas does not allege that the employee who engaged in the assertedly unfair

8 debt collection activity is an attorney. See Owings, 2010 WL 3489342 at *3 (claim based

9 on false statement made by "partner at [law firm]"); Carey, 206 Cal. App. 3d at 1522 (claim

10 based on false statement by "attorney"). Rather, the SAC is silent as to whether "Adriana

11 (unintelligible last name)" (see SAC ¶ 42) is or is not an attorney. Consequently, the Court

12 finds it premature to decide whether Moore is entitled to rely on the "attorney" exception set

13 forth in the Rosenthal Act.[6]

14      Consequently, Moore has failed to show, at this stage of the proceedings, that the

15 Second Cause of Action is subject to dismissal to the extent it is based on a violation of

16 § 1692e(11).

17      The Second Cause of Action is also based, however, on a claim that Moore violated

18 15 U.S.C. § 1692c(c) and § 1692g(b), and, in turn, the Rosenthal Act. (See SAC ¶ 58.) As

19 Moore points out, the Court, in its order of October 11, 2011, dismissed without leave to

20 amend Makreas's claims that Moore violated § 1692c(c) and § 1692g(b).

21      Accordingly, Moore's motion to dismiss the Second Cause of Action will be granted

22 to the extent the Second Cause of Action is based on violations of § 1692c(c) and

23 § 1692g(b), said claims previously having been dismissed without leave to amend, and in

24

---

25     [6]To the extent Owings can be read as holding that a law firm is entitled to the "attorney" exception irrespective of whether the caller is himself/herself an attorney, see

26 Owings, 2010 WL 3489342 at *2, the Court notes that other district courts have found to the contrary. See, e.g., Reimann v. Brachfeld, 2010 WL 5141858, *3 (N.D. Cal. 2010)

27 (holding "law firms are not shielded from liability under the Rosenthal Act"; declining to follow Owings). Without knowing more about the individual who allegedly made the calls

28 to Makreas and the circumstances surrounding the calls, the Court is not in a position to decide such issue as a matter of law.

9

1 all other respects will be denied.

2     **3. Third Cause of Action**

3     In the Third Cause of Action, Makreas alleges Moore violated § 17200 of the

4 California Business & Professions Code. As pleaded, the Third Cause of Action is

5 derivative of the First and Second Causes of Action. (See SAC ¶¶ 52, 70-71.) As relief for

6 such violation(s), Makreas seeks "restitution." (See SAC ¶¶ 52, 80.)[7]

7     In its October 11, 2011 order, the Court dismissed Makreas's § 17200 claim, as

8 alleged in the FAC, for the reason Makreas had failed to allege any facts to support his

9 entitlement to restitution. See Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th

10 1134, 1144-45 (2003) (holding, order of restitution, for purposes of § 17200, is order

11 "compelling a [§ 17200] defendant to return money obtained through an unfair business

12 practice to those persons in interest from whom the property was taken, that is, to persons

13 who had an ownership interest in the property") (internal quotation and citation omitted).

14     Moore argues, and the Court agrees, that Makreas has failed to cure the deficiency

15 identified in the Court's prior order. Specifically, the SAC includes no facts from which it

16 reasonably can be inferred that Moore has ever obtained money or property from Makreas.

17     Accordingly, and there being no indication that further leave to amend would allow

18 Makreas to cure the deficiency, the Third Cause of Action, as alleged against Moore, will be

19 dismissed without further leave to amend.

20 **B. Citibank's Motion to Dismiss**

21     **1. Second Cause of Action**[8]

22     The Second Cause of Action alleges violations of the Rosenthal Act.

23         **a. Direct Liability**

24     Makreas alleges Citibank both communicated with him and attempted to collect a

25 debt after he had contested the validity thereof. (See SAC ¶¶ 58.) According to Makreas,

26 _____

27     [7]As discussed in the Court's October 11, 2011 order, Makreas does not seek an injunction as a remedy for Moore's alleged violation of § 1692e(11).

28     [8]The First Cause of Action is not alleged as against Citibank.

1   such acts violated § 1692c(c) and § 1692g(b) of the FDCPA; as set forth above, the

2   Rosenthal Act prohibits, as a matter of state law, violations of the FDCPA.

3          Pursuant to § 1692c(c), "[if a consumer notifies a debt collector in writing that the

4   consumer refuses to pay a debt or that the consumer wishes the debt collector to cease

5   further communication with the consumer, the debt collector shall not communicate further

6   with the consumer." See 15 U.S.C. § 1692c(c).  Section 1692g(b) provides that if a

7   consumer, within a specified amount of time, notifies the debt collector in writing that the

8   debt is "disputed," the debt collector "shall cease collection of the debt" until the debt

9   collector "obtains verification of the debt."  See 15 U.S.C. § 1692g(b).

10          In its October 11, 2011 order, the Court dismissed Makreas's claim under the

11   Rosenthal Act to the extent it was based on alleged violations by Citibank of § 1692c(c) and

12   § 1692g(b), for the reason that Makreas failed to allege any facts to support his conclusory

13   assertions that Citibank violated either such section; the Court afforded Makreas leave to

14   amend.

15          In its motion, Citibank argues Makreas has failed to cure the above-referenced

16   deficiency.  The Court agrees.  First, Makreas again alleges no facts to support a finding

17   that Citibank ever sent a "communication," see 15 U.S.C. § 1692a(2), to Makreas;

18   consequently, Makreas fails to state a claim that Citibank violated § 1692c(c).  Second,

19   Makreas pleads no facts to support a finding that Citibank itself engaged in debt collection

20   activities of any type, let alone after he allegedly disputed the debt; consequently, Makreas

21   fails to state a claim that Citibank violated § 1692g(b).

22          Accordingly, the Second Cause of Action is subject to dismissal, without further

23   leave to amend, to the extent it is based on a claim Citibank violated § 1692c(c) and/or

24   § 1692g(b).

25                **b. Vicarious Liability**

26          As set forth above, Makreas alleges Moore violated the Rosenthal Act by failing to

27   comply with § 1692e(11).  Makreas asserts that Citibank is vicariously liable for any

28   violation of the Rosenthal Act by Moore.  Specifically, Makreas alleges Citibank "placed]"

1 an "account" with Moore for "collection activity" (see SAC ¶ 28) and "authorized" Moore's

2 conduct (see SAC ¶ 60).  In its motion, Citibank argues Makreas has failed to plead any

3 facts to support a claim asserting Citibank's liability for any violation by Moore.

4         Under California law, "a person can be held vicariously liable for the acts of his

5 agents."  See Garcia v. W & W Community Development, Inc., 186 Cal. App. 4th 1038,

6 1049 (2010) (citing cases).  In order to establish an agency relationship exists, the plaintiff

7 must establish "the person for whom the work is performed has the right to control the

8 activities of the alleged agent."  See Fenton v. Freedman, 748 F.2d 1358, 1361-62 (9th Cir.

9 1984) (applying California law; holding in claim for breach of fiduciary duty, plaintiffs failed

10 to establish defendant was their "agent," where defendant "acted independently of any

11 client's control in performing her services"; noting "only degree of control exercised by

12 [plaintiffs] was to reject or accept [defendant's] recommendations"); see also, e.g., Garcia,

13 186 Cal. App. 4th at 1049 (holding "[o]ne who renders services for a specified recompense

14 for a specified result, under the control of his principal as to the result of his work only, and

15 not as to the means by which such result is accomplished[,] is an independent contractor";

16 further holding "[a]n independent contractor . . .  is not an agent") (internal quotation and

17 citation omitted).

18         Here, Makreas alleges no facts to support a finding that an agency relationship

19 exists or existed between Citibank and Moore.  Specifically, Makreas alleges no facts to

20 support a finding that Citibank, having entered into an agreement with Moore under which

21 Moore would attempt to collect a debt assertedly owed by Makreas to Citibank, had the

22 right to control the activities of Moore.  See Fenton, 748 F.2d at 1361-62.

23         Accordingly, the Second Cause of Action is subject to dismissal to the extent it is

24 based on a claim that Citibank is vicariously liable for Moore's alleged violation of the

25 Rosenthal Act by reason of a failure to comply with § 1692e(11).

26         Because it is not clear from the record that Makreas could not cure the deficiency

27 identified, the Court will afford Makreas a further opportunity to amend.  See AE v. County

28 of Tulare, — F.3d —, 2012 WL 251918, *4 (9th Cir. 2012) (holding, where district court

1    dismisses claim for pleading deficiency, leave to amend should be afforded unless

2    amendment would be futile).

3          **3. Third Cause of Action**

4          In the Third Cause of Action, Makreas alleges Citibank violated § 17200 of the

5    California Business & Professions Code.  As pleaded, the Third Cause of Action, as alleged

6    against Citibank, is derivative of the Second Cause of Action (see SAC ¶ 70), and, as relief,

7    Makreas seeks "restitution."  (See SAC ¶ 80.)

8          Because the Court has dismissed the Second Cause of Action, as alleged against

9    Citibank, the Third Cause of Action, as alleged against Citibank, likewise is subject to

10   dismissal.  Although, as set forth above, Makreas will be afforded limited leave to amend

11   his Second Cause of Action, the Court, in its October 11, 2011 order, dismissed the

12   § 17200 claim as alleged against Citibank for the additional reason that Makreas had failed

13   to allege any facts to support his entitlement to restitution.  Citibank argues, and the Court

14   agrees, that Makreas has failed to cure that deficiency.  Specifically, the SAC includes no

15   facts from which it reasonably can be inferred that Citibank has ever obtained any money

16   or property from Makreas by reason of a violation of the Rosenthal Act.

17         Accordingly, and there being no indication that further leave to amend would result in

18   Makreas's pleading any facts to show his entitlement to restitution, the Third Cause of

19   Action, as alleged against Citibank, will be dismissed without further leave to amend.

20                                          **CONCLUSION**

21         For the reasons stated above:

22         1. Moore's motion to dismiss is hereby GRANTED in part and DENIED in part as

23   follows:

24              a.  To the extent the motion seeks dismissal of the First Cause of Action, the

25   motion is (1) DENIED as to the claim Moore violated § 1692e(11), and (2) GRANTED in all

26   other respects;

27              b.  To the extent the motion seeks dismissal of the Second Cause of Action,

28   the motion is (1) DENIED as to the claim Moore violated § 1692e(11), and (B) GRANTED

                                              13

1  in all other respects.

2          c. To the extent the motion seeks dismissal of the Third Cause of Action, the

3  motion is GRANTED.

4      2. Citibank's motion to dismiss is hereby GRANTED.

5      3. All dismissed claims are hereby DISMISSED without further leave to amend, with

6  the exception that Makreas is afforded leave to amend the Second Cause of Action to the

7  extent it is brought against Citibank and is based on a theory that Citibank is vicariously

8  liable for any alleged violation of § 1692e(11) by Moore.[9]  If Makreas wishes to file an

9  amended complaint for such purpose, Makreas shall file a Third Amended Complaint no

10 later than February 24, 2012.  If Makreas does not file a Third Amended Complaint on or

11 before February 24, 2012, the instant action will proceed on the claims remaining in the

12 Second  Amended Complaint, specifically, the claims that Moore violated the FDCPA and

13 the Rosenthal Act by failing to comply with § 1692e(11).

14     4. The Case Management Conference is hereby CONTINUED from February 24,

15 2012 to April 27, 2012, at 10:30 a.m.  A Joint Case Management Statement shall be filed

16 no later than April 20, 2012.

17     **IT IS SO ORDERED.**

18

19 Dated: February 2, 2012

20                          MAXINE M. CHESNEY
                           United States District Judge

21

22

23

24

25

26

27

28     [9]Makreas may not otherwise amend the Second Amended Complaint without first
   obtaining leave of court.  See Fed. R. Civ. P. 15(a)(2).

14