United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NICK MAKREAS,

    Plaintiff,

  v.

THE MOORE LAW GROUP, A.P.C., et al.,

    Defendants.
                                   /

No. C-11-2406 MMC

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR FEES AND COSTS; DIRECTIONS TO CLERK**

By order filed March 2, 2012, the Court, pursuant to Rule 68 of the Federal Rules of Civil Procedure, entered judgment in favor of plaintiff Nick Makreas ("Makreas") and against defendant The Moore Law Group ("Moore") in the amount of $2,002, plus costs accrued as of February 2, 2012. Now before the Court is Makreas's request for an award of fees and costs, which request is included in his Notice of Acceptance filed February 16, 2012. Having read and considered the parties' respective filings addressing Makreas's request,[1] the Court rules as follows.

**A. Recoverable Costs**

At the outset, the Court finds, and Moore acknowledges, Makreas is entitled to an award of costs in the amount of $425, comprising the $350 the filing fee, see 28 U.S.C.

---

[1] In addition to Makreas's Notice of Acceptance and declarations filed in support thereof, the Court has considered Moore's response, Makreas's reply, Moore's sur-reply, and Makreas's reply to the sur-reply.

§ 1920(1), and the $75 fee paid for service of process, see Civil L.R. 54-3(a)(2). As discussed below, however, the Court finds Makreas has failed to show he is entitled to recover any further expenses he claims he has incurred.

First, as Moore correctly points out, Makreas has failed to offer any evidence to demonstrate he actually incurred any of the additional expenses he seeks, and, for that reason alone, has failed to show his entitlement to an additional award of costs. See Civil L.R. 54-1(a) (providing request for costs must be supported by "affidavit"; requiring requesting party to submit "[a]ppropriate documentation to support each item claimed").

Second, even assuming Makreas in fact incurred the additional expenses he seeks to recover, Makreas has not shown the additional expenses are recoverable. See 28 U.S.C. § 1920 (identifying recoverable costs); Civil L.R. 54-3 (same). The Court addresses each such claimed expense in turn.

(1) Makreas is not entitled to recover either an expenditure in the amount of $18.30 to send unspecified documents to a process server or a $1.10 fee to purchase a money order to pay the process server, as Makreas fails to show either such expenditure was "reasonably required" in order to accomplish service of process on Moore. See Civil L.R. 54-3(a)(2).

(2) Makreas is not entitled to recover an expenditure of $9.00 for parking, or any expenditures associated with driving to the courthouse;[2] such expenditures, as a matter of law, are not recoverable. See Alexander Mfg., Inc. Employee Stock Ownership and Trust v. Illinois Union Ins. Co., 688 F. Supp. 2d 1170, 1177 (D. Ore. 2010) (holding "party's travel expenses are not recoverable under § 1920").

(3) Makreas is not entitled to recover an expenditure of $80 for copying and mailing of unspecified documents. "The cost of reproducing copies of motions, pleadings, notices, and other routine case papers is not allowable," see Civil L.R. 54-3(d)(3), and, to the extent the copied material may have been some other type of document, Makreas has failed to

---

[2]Makreas does not seek a particular sum for driving expenses, but, rather, seeks a sum "as allowable by [the] Court." (See Pl.'s Notice of Acceptance at 3:1-3.)

2

show the copies were "necessarily obtained for use in the case," see 28 U.S.C. § 1920(4). Further, the cost of mailing documents is not recoverable. See Alexander Mfg., 688 F. Supp. 2d at 1177.

Accordingly, the Court finds Makreas is entitled to costs in the total amount of $425.

**B.  Attorney's Fees**

Makreas's claims against Moore arise under two statutes, each such statute providing that a prevailing plaintiff is entitled to recover reasonable attorney's fees, in addition to costs. See 15 U.S.C. § 1692k(3); Cal. Civ. Code § 1788.30(c). Moore's Rule 68 offer, as accepted by Makreas, did not include a provision allowing for the recovery of attorney's fees. Makreas asserts he nonetheless is entitled to recover attorney's fees.

In that regard, Makreas seeks to recover the value of the 120 hours he assertedly spent "research[ing] and prepar[ing] [the] initial Complaint and prepar[ing] filings." (See Pl.'s Notice of Acceptance at 2:25-26.)[3] Additionally, Makreas seeks to recover $8760 in fees and $113.42 in expenses he incurred pursuant to an agreement with Nelson Goodell ("Goodell"), an attorney. According to Goodell, who concedes he is not "counsel of record in this action," Goodell entered into an agreement with Makreas whereby he would "prepare mutually agreed-upon pleadings, motions and other documents to be filed in this case." (See Goodell Decl., filed February 16, 2012, ¶ 1, 2, 6.) Goodell states that, under the terms of said agreement, Makreas has incurred fees corresponding to the time Goodell spent in connection with the above-titled action, e.g., drafting oppositions to motions to dismiss;[4] Goodell also states Makreas has incurred expenses for "faxing, scanning and

//
//

---

[3]Makreas offers no estimate as to the monetary value of said time.

[4]Some of the work performed by Goodell and included in the $8760 figure is work specific to Makreas's claims against defendant Citibank (South Dakota), N.A. (See, e.g., id. ¶ 4.a.) In light of the Court's finding, infra, that Makreas is not entitled to recover any attorney's fees, the Court does not further address Makreas's claim that Moore should be required to pay for work performed in connection with claims not made against Moore.

3

copying documents, as well as courier fees." (See id. ¶¶ 5, 6.)[5]

Citing Nusom v. Comh Woodburn, Inc., 122 F.3d 830 (9th Cir. 1997), Makreas argues he is entitled to seek the fees and expenses incurred under his agreement with Goodell. In Nusom, the Ninth Circuit found the plaintiffs therein were entitled to seek an award of attorney's fees where the statute under which the plaintiffs' cause of action had been brought, as does the statute under which the instant federal claim is brought, provided that a prevailing plaintiff was entitled to recover "costs" and "a reasonable attorney's fee," see 15 U.S.C. §§ 1640(a)(3), 1692k(a)(3), and the defendant, pursuant to Rule 68, offered to have judgment entered against it in a specified amount plus "costs," see Nusom, 122 F.3d at 832. In particular, the Ninth Circuit found the offer was "ambiguous" with respect to whether it precluded an award of attorney's fees, see id., and, noting that "ambiguities are construed against the offeror" and that a waiver of a statutory right to fees must be "clear and unambiguous," interpreted the offer therein at issue as one not precluding an award of fees, see id. at 833-35.

Makreas's reliance on Nusom is unavailing, as Nusom is distinguishable on its facts. In Nusom, the plaintiffs had an attorney of record, see Nusom v. Comh Woodburn, Inc., 1996 WL 243451 (D. Ore. 1996) (identifying plaintiffs' counsel of record), a fact of which the defendant no doubt was aware when it made its Rule 68 offer. Under such circumstances, by not including an express reference to attorney's fees in its Rule 68 offer, and knowing plaintiffs were entitled by statute to attorney's fees separate from costs, the defendant created an ambiguity as to whether the offer was intended to "exclud[e] attorney fees" from the judgment entirely or, alternatively, to "leav[e] entitlement to fees as well as their amount to a post-judgment hearing in the ordinary course." See Nusom, 122 F.3d at 834.

---

[5]Certain expenses, although not recoverable as costs, are in some instances recoverable as attorney's fees. See Chalmers v. City of Los Angeles, 796 F.2d 1205, 1216 n.7 (9th Cir. 1986) ("Even though not normally taxable as costs, out-of-pocket expenses incurred by an attorney which would normally be charged to a fee paying client are recoverable as attorney's fees . . . .").

By contrast, under the circumstances pertaining here, the offer is unambiguous. In particular, at the time the offer was made and accepted, there was no indication Makreas had an attorney or any potential claim for attorney's fees. As the Supreme Court has explained, a party proceeding without the assistance of counsel is, as a matter of law, not entitled to recover attorney's fees. See Kay v. Ehrler, 499 U.S. 432, 435, 438 (1991) (holding all "pro se litigants," including those who are attorneys, are not entitled to recover attorney's fees). Here, at all times prior to the date on which Makreas accepted Moore's Rule 68 offer, both Moore and the Court had been expressly and repeatedly advised by Makreas that he was proceeding without the assistance of counsel. The first such representation was made on the front page of the initial complaint (see Compl. at 1:4, 18:9 9 (describing Makreas as "In Pro Se")), and such representations continued throughout the course of the litigation (see Pl.'s Opp., filed July 1, 2011, at 1:27 - 2:4 (stating "plaintiff is proceeding in this litigation pro se"; arguing "a document filed pro se is to be 'liberally construed' and a pro se complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); see also id. at 1:2 (describing Makreas as "Plaintiff, In Pro Per")).[6]

In sum, given the clear and repeated representations by Makreas that he was proceeding without the assistance of counsel, no ambiguity existed at the time the instant Rule 68 offer was made and accepted. See Houston v. Lack, 487 U.S. 266, 271 (1988) (observing that "pro se" parties "by definition" do not have "lawyers"). Accordingly, the Court finds Moore's offer, as accepted by Makreas, precludes Makreas from seeking an award of attorney's fees.

Even assuming the offer does not preclude Makreas from seeking an award of

---

[6]Similar assertions were made by Makreas in his opposition to Moore's motion to dismiss the First Amended Complaint (see Pl.'s Opp., filed September 15, 2011, at 1:2, 2:11-15) and in his opposition to Moore's motion to dismiss the Second Amended Complaint (see Pl.'s Opp., filed December 8, 2011, at 1:2, 2:11-15). Further, prior to the date on which Moore made the subject Rule 68 offer, Makreas contacted Moore by email with a settlement offer and requested Moore respond directly to Makreas (see Makreas Decl., filed January 20, 2012, page 3 of Ex. 2 (October 3, 2011 email by Makreas)), a request plainly inconsistent with a party's being represented by counsel.

attorney's fees, however, Makreas's claim fails for the reason that Makreas has failed to demonstrate his entitlement to such an award.

First, contrary to his argument, Makreas is not entitled to an award based on the time he himself spent performing research and writing. See Kay, 499 U.S. at 435, 438 (holding pro se litigants, even when members of the bar, not entitled to attorney's fees). Second, Makreas has failed to show he is entitled to recover for the work performed by Goodell, commonly referred to as "ghostwriting." See, e.g., Duran v. Carris, 238 F.3d 1268, 1272 (10th Cir. 2001). Makreas cites to no federal authority, and the Court has located none, holding a party who proceeds pro se, or at least has consistently represented to the court and opposing parties that he is proceeding pro se, is thereafter entitled to move for and recover fees he incurred to pay an attorney for ghostwriting. Indeed, the only authority the Court has located bearing on the issue is to the contrary.

In that regard, numerous courts have held the practice of ghostwriting is not permitted in the federal courts. See id. (holding, where attorney authored brief that pro se party signed, both pro se party and attorney had made a "misrepresentation to [the] court"; observing that "[o]ther jurisdictions have similarly condemned the practice of ghost writing pleadings"); Ellis v. Maine, 448 F.2d 1325, 1328 (1st Cir. 1971) ("If a brief is prepared in any substantial part by a member of the bar, it must be signed by him."); Liguori v. Hansen, 2012 WL 760747, *5 (D. Nev. 2012) (citing district court cases characterizing "ghost-writing" as "inappropriate practice"); In re Brown, 354 B.R. 535, 541 (Bankr. N.D. Okla. 2006) ("Ghostwriting is a practice which has been met with universal disfavor in the federal courts.").[7]

---

[7] Makreas notes that under the California Rules of Court, "an attorney who contracts with a client to draft or assist in drafting legal documents, but not to make an appearance in the case, is not required to disclose within the text of the documents that he or she was involved in preparing the documents," see Cal. Rules of Court, Rule 3.37(a), the attorney and client need not disclose such relationship to "the court and other parties," see Cal. Rules of Court, Rule 3.36(c), and that the client can seek an award of attorney's fees based on work performed by an undisclosed attorney, see Cal. Rules of Court, Rule 3.37(b). As Makreas acknowledges, however, the California Rules of Court are inapplicable in federal court.

6

Consistent therewith the Seventh Circuit, in <u>Krecioch v. United States</u>, 316 F.3d 684 (7th Cir. 2003), found a claim for "costs" by a prevailing pro se plaintiff, specifically, payments made to "a person who trained as a paralegal" and who had performed such "activities of an attorney" as drafting the complaint and motions, was in fact a claim for "attorney's fees." <u>See</u> <u>id.</u> at 687-88. Although the statute under which the plaintiff in <u>Krecioch</u> had brought his claim provided for an award of attorney's fees to the prevailing party, the Seventh Circuit, relying on "the substantial amount of case law that has held pro se litigants cannot claim attorney's fees," affirmed the district court's denial of the claim. <u>See</u> <u>id.</u> at 688.

Accordingly, irrespective of the bar created by the Rule 68 offer and acceptance, the Court finds Makreas has failed to show he is entitled to recover attorney's fees.

**CONCLUSION**

For the reasons stated above, Makreas's request for an award of costs and fees is hereby GRANTED in part and DENIED in part. Specifically, to the extent Makreas seeks costs in the amount of $425, the request is GRANTED; in all other respects, the request is DENIED.

The Clerk is hereby DIRECTED to file an amended judgment that includes an award of costs in the amount of $425.

**IT IS SO ORDERED.**

Dated: April 26, 2012

MAXINE M. CHESNEY
United States District Judge