IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK MAKREAS, | No. C-11-2406 MMC |
| Plaintiff, | **ORDER GRANTING CITIBANK'S MOTION TO DISMISS; DENYING PLAINTIFF'S REQUEST FOR FURTHER LEAVE TO AMEND** |
| v. | |
| THE MOORE LAW GROUP, A.P.C., et al., | |
| Defendants. | |

Before the Court is defendant Citibank (South Dakota), N.A.'s ("Citibank") motion to dismiss, filed March 9, 2012, by which Citibank seeks an order dismissing the Second Cause of Action, the sole claim alleged against it in the Third Amended Complaint ("TAC"). Plaintiff Nick Makreas ("Makreas") has filed opposition, to which Citibank has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

By order filed February 2, 2012, the Court dismissed all of the claims alleged against Citibank in the Second Amended Complaint ("SAC"), and afforded Makreas leave to amend one of those claims, specifically, the claim, included in the Second Cause of Action, alleging Citibank's vicarious liability under the Rosenthal Act for violations committed by The Moore Law Group, A.P.C. ("Moore").

---

[1] By order filed April 17, 2012, the Court took the motion under submission.

As explained in the Court's February 2, 2012 order, said claim, as alleged in the SAC, was deficient for the reason that Makreas failed to allege facts to support a finding that Citibank, by entering into an agreement with Moore pursuant to which Moore thereafter attempted to collect a debt assertedly owed by Makreas to Citibank, had "the right to control the activities of [such] alleged agent." See Fenton v. Freedman, 748 F.2d 1358, 1361-62 (9th Cir. 1984); see also, e.g., Garcia v. W & W Community Development, Inc., 186 Cal. App. 4th 1038, 1049 (2010) (holding "[o]ne who renders services for a specified recompense for a specified result, under the control of his principal as to the result of his work only, and not as to the means by which such result is accomplished[,] is an independent contractor"; further holding "[a]n independent contractor . . . is not an agent") (internal quotation and citation omitted).

As Citibank points out in its motion to dismiss, Makreas has failed to cure the above-referenced deficiency. The Second Cause of Action, as alleged in the TAC, again fails to include any factual allegations to support a finding that Citibank had the right to control Moore's debt collection activities; Makreas's conclusory allegations that "[Moore's] actions are controlled, ratified, and authorized by [Citibank]" (see TAC ¶ 31) and that "[Citibank] has orchestrated its agents in [a] continued pattern of violation of federal and state law" (see TAC ¶ 57) are deficient as a matter of law. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state claim for relief).

In his opposition, Makreas cites to no additional facts he could allege in an effort to state a claim against Citibank based on vicarious liability. Indeed, to the extent Makreas addresses such claim in his opposition, Makreas does no more than reiterate conclusory assertions. (See, e.g., Pl.'s Opp. at 6:3 (stating "Citibank was clearly in control").)

Accordingly, the Second Cause of Action is subject to dismissal, without further leave to amend.

In his opposition, Makreas requests leave to allege a "new violation" by Citibank, occurring after he instituted the instant action. (See id. at 5:4-8.) The new claim Makreas

1 proposes to allege is that Citibank, in violation of the Fair Credit Reporting Act ("FCRA"),
2 "enter[ed] erroneous and inaccurate information into [Makreas's] credit reports." (See id. at
3 5:4-6; see also id. at 4:13-15.) In making said request, Makreas acknowledges that the
4 Court, in a prior order, found no private cause of action exists under the FCRA for such a
5 claim, (see Order, filed October 11, 2011, at 6:21-28, 10:6-11), and requests the Court "re-
6 visit[ ]" said prior ruling, (see Pl.'s Opp. at 4:13-15). Makreas fails, however, to identify any
7 cognizable basis for reconsideration of the Court's prior ruling. See Civil L.R. 7-9(b)
8 (setting forth grounds for reconsideration).[2] Given said ruling, which would be equally
9 applicable to Makreas's proposed amendment, the request will be denied. See Bonin v.
10 Calderon, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the
11 denial of a motion for leave to amend."); see, e.g., Motorola Credit Corp. v. Uzan, 388 F.3d
12 39, 65 (2nd Cir. 2004) (affirming denial of motion to file supplemental complaint, where
13 proposed new claim would have been "futile").

14 Similarly, Makreas, in the TAC, "requests that this Court grant him leave to file a
15 fourth amended complaint restoring the FCRA, § 1681n and § 1681o, and/or other actions
16 that were dismissed previously against [Citibank]." (See TAC ¶ 60.) Again, however,
17 Makreas fails to identify any cognizable basis for reconsideration of the Court's prior
18 orders. See Civil L.R. 7-9(b).

19 In sum, Makreas has failed to remedy the previously-identified deficiencies in his
20 Second Amended Complaint, and has failed to show any further leave to amend would be
21 other than futile.

22 //
23 //
24 //
25 //
26 //

---

28 [2]Additionally, Makreas's request for reconsideration is procedurally improper, as he failed to seek leave to file a motion for reconsideration. See Civil L.R. 7-9(a).

3

**CONCLUSION**

For the reasons stated above:

1. Citibank's motion to dismiss the Second Cause of Action is hereby GRANTED, and said cause of action, as alleged against Citibank, is hereby DISMISSED without further leave to amend.

2. Makreas's request for further leave to amend is hereby DENIED.

The Clerk of the Court is directed to close the file.

**IT IS SO ORDERED.**

Dated: April 26, 2012

MAXINE M. CHESNEY
United States District Judge